UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:_____

GERALDINE BUENAVENTURA,
as Personal Representative of the
Estate of BEN BUENAVENTURA,

    Plaintiff,
vs.

NCL (BAHAMAS) LTD.,
D-I DAVIT INTERNATIONAL, INC.,
HATECKE SERVICE USA, LLC

    Defendants.
_____/

## NOTICE OF REMOVAL

Defendant, NCL (Bahamas) LTD. ("Norwegian") removes this action from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, and states:

## GROUNDS FOR REMOVAL

1. This matter is removable pursuant to 9 U.S.C. § 205 as Norwegian seeks to compel this matter to arbitration under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("The Convention Act" 9 U.S.C. § 201-08).

2. Ben Buenaventura, a citizen of the Philippines, was employed onboard the Bahamas-flagged ship Norwegian *Breakaway*.

3. Geraldine Buenaventura ("Plaintiff") is Mr. Buenaventura's wife and alleges that he died on August 27, 2016, during the course of his employment aboard the Norwegian *Breakaway*.

**MASE MEBANE & BRIGGS**

CASE NO.: _____

4. On April 27, 2018, Plaintiff filed a Complaint in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida; case number 2018-013789-CA(01). In compliance with 28 U.S.C. § 1446, the entire State file and docket sheet is attached as Exhibit 1.

5. Plaintiff's employment with Norwegian was governed by the terms of the Contract of Employment. [Exhibit 2]. The Contract of Employment incorporates by reference terms and conditions promulgated by the Republic of Philippines' Philippine Overseas Employment Administration ("POEA"), including mandatory arbitration for seafarer claims such as this one.

6. The place of the arbitration is the Philippines.

7. The Contract of Employment is commercial in nature.

8. The Parties' arbitration agreement is governed by the Convention Act.

9. Removal of this action is proper. This Court has original jurisdiction over this action according to the Convention Act and its enabling legislation. Under 9 U.S.C. § 205:

> Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending.

In addition, pursuant to 28 U.S.C. § 1333(1) this Court has original jurisdiction over this matter, as:

> The district courts shall have original jurisdiction, exclusive of the courts of the States, of: (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.

10. As explained above, the grounds for removal under the Convention Act are:

   a. There has been no trial of the state court action;

CASE NO.: _____

     b.     Plaintiff is a citizen of the Philippines;

     c.     The Contract of Employment contains an arbitration agreement that requires arbitration of the subject claims;

     d.     The Contract of Employment is commercial in nature;

     e.     The place of the arbitration is the Philippines; and

     f.     Norwegian filed the applicable filing fee.

11.     This Court has jurisdiction over this action, and this case should be removed to the United States District Court for the Southern District of Florida.

## MEMORANDUM OF LAW

Federal district courts may exercise removal jurisdiction over cases for which they have original jurisdiction. *Francisco v. Stolt Achievement MT*, 293 F.3d 270, 272 (5th Cir. 2002) (citing 28 U.S.C. § 1441(a)). An action for which a district court has original jurisdiction "founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable…" *Id*. "Under § 203 of the Convention Act, '[a]n action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States.'

Notwithstanding the savings to suitors clause, under § 205 of the Convention Act, 'Where the subject matter of an action or proceeding in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the places where the action or proceeding is pending.'" *Id*. This Court has original jurisdiction over this matter to compel arbitration. *Bautista v. Star Cruises*, 396 F.3d 1289 (11th Cir. 2005); *Lindo v. NCL (Bahamas), Ltd.*, 652 F.3d 1257 (11th Cir. 2011). Norwegian's removal is also timely as there has been no trial of the state court

CASE NO.: _____

action. 9 U.S.C. § 205; *Acosta v. Norwegian Cruise Line, Ltd.*, 303 F. Supp. 2d 1327, n.2 (S.D. Fla. 2003).

Foreign seaman arbitration agreements, like the one in this case, are universally enforced by this Court and the Eleventh Circuit pursuant to the Convention Act. *E.g.*, *Bautista*, 396 F.3d at 1289; *Lindo*, 652 F.3d at 1257; *Maxwell v. NCL (Bahamas) Ltd.*, 454 F. App'x 709 (11th Cir. 2011). In deciding whether to compel arbitration under the Convention, this Court must conduct a very limited inquiry. *See Bautista*, 396 F.3d at 1294. A district court must order arbitration unless (1) the four jurisdictional prerequisites are not met, or (2) one of the Convention's affirmative defenses applies. *Id*.

The four jurisdictional prerequisites are: (1) there is an agreement in writing to arbitrate the dispute; (2) the agreement provides for arbitration in the territory of a signatory to the Convention; (3) the agreement to arbitrate arises out of a commercial legal relationship; and (4) a party to the agreement is not an American citizen. *Id*. This Court has jurisdiction to enforce the arbitration agreement here as all four prerequisites are met. The arbitration agreement are in writing—the Contract of Employment; the arbitration agreement provides for arbitration in the Philippines, signatories to the Convention; the arbitration agreement arises out of a commercial, legal relationship, *Bautista*, 396 F.3d at 1300; and Plaintiff is not a United States citizen. This case must be compelled to arbitration.

None of the Convention's affirmative defenses to arbitration apply either. A party may only avoid arbitration under the Convention where "said agreement is null and void, inoperative or incapable of being performed." *Lindo*, 652 F.3d at 1263. The affirmative defenses are confined to "standard breach-of-contract defenses" such as fraud, mistake, duress, and waiver "that can be applied neutrally on an international scale." *Id*. Public policy or unconscionability

CASE NO.: _____

arguments are not valid affirmative defenses to prevent the enforcement of an arbitration agreement under the Convention. *Id*. at 1280. Plaintiff has no valid affirmative defense to arbitration in this case.  In fact, in *Amizola,* a public policy objection was made by a seaman-plaintiff seeking to prevent removal to federal court.  This objection, among others, was rejected and as the seaman entered into a standard POEA contract, the case was properly removed to federal court pursuant to 9 U.S.C. 205. *See Amizola,* 354 F.Supp.2d at 696.

WHEREFORE, Defendant Norwegian, hereby removes this action from the Eleventh Judicial Circuit In And For Miami-Dade County, Florida, and respectfully requests that this Court assume full and complete jurisdiction over this matter, issue all necessary orders and all relief to which Norwegian is entitled, and grant any other relief that this Court deems just and proper.

Respectfully submitted,

MASE MEBANE & BRIGGS, P.A.
*Attorneys for Defendant*
2601 South Bayshore Drive, Suite 800
Miami, Florida  33133
Telephone:  (305) 377-3770
Facsimile:   (305) 377-0080

By:     /s/ *Cameron W. Eubanks*
          CURTIS J. MASE
          Florida Bar No.478083
          cmase@maselaw.com
          kfehr@maselaw.com
          filing@maselaw.com
          CAMERON W. EUBANKS
          Florida Bar No.: 85865
          ceubanks@maselaw.com
          filing@maselaw.com

CASE NO.: _____

## CERTIFICATE OF SERVICE

I certify that on July 19, 2018, a true and correct copy of the foregoing was sent by e-mail to: Michael A. Winkleman, Esq., mwinkleman@lipcon.com, Jason R. Margulies, Esq., jmargulies@lipcon.com, Andria G. Notari, anotari@lipcon.com, and electronically filed the foregoing with the Clerk using the Florida Courts e-Filing Portal.

/s/ *Cameron Eubanks*
CAMERON EUBANKS

BUENAVENTURA//9