UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:18-cv-22922-MOORE/SIMONTON

GERALDINE BUENAVENTURA,
as Personal Representative of the
Estate of BEN BUENAVENTURA,

    Plaintiff,
vs.

NCL (BAHAMAS) LTD.,
D-I DAVIT INTERNATIONAL, INC.,
HATECKE SERVICE USA, LLC

    Defendants.
_____/

## DEFENDANT'S MOTION TO COMPEL ARBITRATION

Defendant, NCL (BAHAMAS) LTD. ("Norwegian"), by and through undersigned counsel, moves to compel this matter to arbitration, and states:

### Background

This case must be compelled to arbitration under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("the Convention" 9 U.S.C. §§ 201–08) pursuant to the parties' binding and mandatory arbitration agreement. Plaintiff is a seafarer and a citizen of the Philippines. [Exhibit A: Collective Bargaining Agreement; Exhibit B: Employment Agreement]. Norwegian employed Plaintiff onboard its vessel as a second officer. [Exh. A]. At all material times, Plaintiff's employment with Norwegian was governed by the terms and conditions of the collective bargaining agreement executed by both Plaintiff and Norwegian. [Exh. A].

On July 20, 2016, Plaintiff participated in a lifeboat and rescue boat drill onboard the *Norwegian Breakaway.* During the drills, Plaintiff was injured and transported to a hospital. On August 27, 2016, Plaintiff died allegedly due to injuries sustained during the lifeboat drills.

CASE NO.: 1:18-cv-22922-MOORE/SIMONTON

Plaintiff's wife, Geraldine Buenaventura, brought suit against Norwegian, which must now be submitted to arbitration.

The Collective Bargaining Agreement contains mandatory foreign arbitration clauses. The clauses, command, in part:

> Any and all claims, grievances and disputes of any kind whatsoever between the Unions and/or the Seafarer, on one side and Norwegian and/or the Master and/or the Employer and/or the Ship Owner and/or the Vessel and/or Vessel Operator on the other side which arise from, are in any way related to or are in connection with the Seafarer's shipboard employment with Norwegian shall be referred to and resolved exclusively by binding arbitration pursuant to the United Nations Convention on Recognition and Enforcement of Foreign Arbitral Awards (new York 1958)("The Convention"), except as otherwise provided in any government mandated contract, such as the Standard POEA Contract for Seafarers from the Philippines.

[Exh. A, Art. 29(C)(6)(a)]. Regarding Filipino Seafarers, the Seafarer's Agreement states:

> Jurisdiction and venue over employment disputes between Filipino Seafarers and Norwegian shall be governed by the terms of the Standard Philippine Overseas Employment Administration Contract of Employment ("POEA Contract") and the POEA Contract jurisdictional and venue terms shall supersede and take precedence over any conflicting terms set forth in the Agreement.

[Exh. A, Art. 30, ¶ 4].

The Plaintiff's employment agreement incorporates the POEA's "Governing Board Resolution No. 9 and Memorandum Circular No. 10, both Series of 2010" by reference. [ECF No. 1-1 p. 1 pp. 2]. The POEA states that "the parties covered by a collective bargaining agreement shall submit the claim or dispute to the original and exclusive jurisdiction of the voluntary arbitrator or panel of voluntary arbitrators." [Memorandum Circular 10 sec. 29].

### Memorandum of Law

This Court must compel this case to arbitration pursuant to the Convention. Arbitration agreements are favored and rigorously enforced by courts. *Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220, 226 (1987); *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*,

473 U.S. 614, 625 (1985). A court has little discretion in deciding whether to enforce a valid arbitration agreement. *Bautista v. Star Cruises*, 396 F.3d 1289 (11th Cir. 2005). Arbitration agreements concerning foreign commerce are given particular deference. *Mitsubishi Motors*, 473 U.S. at 629. Any doubts concerning the scope of arbitration should be resolved in favor of arbitration. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1 (1983).

Foreign seaman arbitration agreements, just like this one, are universally enforced by this Court and the Eleventh Circuit pursuant to the Convention. *E.g.*, *Bautista*, 396 F.3d at 1289; *Lindo v. NCL (Bahamas), Ltd.*, 652 F.3d 1257 (11th Cir. 2011); *Maxwell v. NCL (Bahamas) Ltd.*, 454 F. App'x 709 (11th Cir. 2011); *Azavedo v. Royal Caribbean Cruises, Ltd.*, 4 F. Supp. 3d 1357 (S.D. Fla. 2014); *Tancu v. Celebrity Cruises, Inc.*, 2010 WL 271432 (S.D. Fla. Jan. 15, 2010); *see also Moncada v. Norwegian Corp.*, 13-cv-23779-CMA [ECF No. 4] (S.D. Fla. Oct. 18, 2013). In deciding whether to compel arbitration under the Convention, this Court must conduct a very limited inquiry, which is set forth in the Eleventh Circuit's seminal case of *Bautista,* which also involved a Filipino seafarer and the POEA. *See Bautista*, 396 F.3d at 1294. Under *Bautista,* a district court must order arbitration unless (1) the four jurisdictional prerequisites are not met, or (2) one of the Convention's affirmative defenses applies. *Id*.

The four jurisdictional prerequisites are: (1) there is an agreement in writing to arbitrate the dispute; (2) the agreement provides for arbitration in the territory of a signatory to the Convention; (3) the agreement to arbitrate arises out of a commercial legal relationship; and (4) a party to the agreement is not an American citizen. *Id*. This Court has jurisdiction to enforce the arbitration agreement here as all four prerequisites are met. The arbitration agreements are in writing—the Seafarer's Agreement; the arbitration agreements provide for arbitration in the Philippines, a signatory to the Convention; the arbitration agreements arise out of a commercial,

legal relationship, *Bautista*, 396 F.3d at 1300; and Plaintiff is not a United States citizen. This case must be compelled to arbitration.

None of the Convention's affirmative defenses to arbitration apply either. A party may only avoid arbitration under the Convention where "said agreement is null and void, inoperative or incapable of being performed." *Lindo*, 652 F.3d at 1263. The affirmative defenses are confined to "standard breach-of-contract defenses" such as fraud, mistake, duress, and waiver "that can be applied neutrally on an international scale." *Id*. Public policy or unconscionability arguments are not valid affirmative defenses to prevent the enforcement of an arbitration agreement under the Convention. *Id*. at 1280. Plaintiff has no valid affirmative defense to arbitration in this case.

Furthermore, Norwegian did not waive arbitration, as Plaintiff alleged in the Complaint. "Waiver occurs where a party 'substantially participates in litigation to a point inconsistent with an intent to arbitrate and this participation results in prejudice to the opposing party.'" *Hodgson v. Royal Caribbean Cruises, Ltd.,* 706 F.Supp.2d 1248, 1256 (S.D. Fla. 2009) *quoting Morewitz v. W. of Eng. Ship Owner Mut. Prot. & Indemnity Assoc. (Luxenbourg),* 62 F.3d 1256, 1366 (11th Cir. 1995). In determining whether a party waived arbitration, the court is to examine "the totality of the circumstances" including "the length of delay in demanding arbitration." *Hodgson,* 706 F.Supp.2d at 1257 *quoting S & H Contractors, Inc. v. A.J. Taft Coal Co.,* 906 F.2d 1507, 1514 (11th Cir. 1990).

Here, prior to Plaintiff filing a Complaint in state court, Norwegian initiated arbitration in the Philippines requesting that the POEA address Plaintiff's anticipated prayer for damages, and requesting clarification from the POEA in light of the fact that a settlement was previously reached between Plaintiff and Norwegian. In Plaintiff's Complaint, Plaintiff attempts to color the arbitrator's decision not to rule on Norwegian's request as a decision by the arbitrator to not hear

the case at all. This is a mischaracterization of the arbitrator's order. [Exhibit C]. Rather, the arbitrator ruled that Norwegian's request was not ripe as a formal claim for damages had not yet been filed by Plaintiff, and so the arbitrator did not have all information available. As the order stated:

> It must be noted that the parties both admitted that there was full settlement of claims under the CBA as well as the standard contract of the POEA. What is being sought for clarification is such other claims or entitlement that may arise as a consequence of the purported gross negligence committed that led to the death of Ben Buenaventura. Certainly, such determination cannot be had on mere position papers…

[Exh. D, pp. 8, ¶4]. Thus, now that a Complaint was filed the controversy is ripe for arbitration. Norwegian has not delayed the proceedings in any way nor has it even engaged in discovery. Since Plaintiff filed a Complaint, the only action on Norwegian's part has been to remove the matter to federal court and seek arbitration.

This case still must be submitted to arbitration. "The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24-25 (1983). Further, it is well-settled that as Plaintiff has not challenged the arbitration clause itself, the case proceeds to the arbitrator to resolve issues—not the court. *See Buckeye Check Cashing, Inc. v. Cardegna,* 546 U.S. 440, 445-46 (2006).

In sum, this case must be compelled to arbitration under the Convention. The parties entered into valid and mandatory foreign arbitration agreement covering the all claims Plaintiff brought in this case. All jurisdictional prerequisites under the Convention have been met, and

none of the Convention's affirmative defenses apply. This case must be compelled to arbitration as the parties agreed.

WHEREFORE Norwegian respectfully requests that this Court compel this case to arbitration as stated herein, and grant any other relief this Court deems just and proper.

### S.D. F<small>LA</small>. L.R. 7.1 CERTIFICATION

I hereby certify that counsel for the movant made reasonable efforts to confer with all parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issue raised in this motion, but was unable to do so.

        Respectfully submitted,

        MASE MEBANE & BRIGGS, P.A.
        *Attorneys for Defendant*
        2601 South Bayshore Drive, Suite 800
        Miami, Florida  33133
        Telephone:  (305) 377-3770
        Facsimile:   (305) 377-0080

        By:   /s/ *Adam Finkel*
            CURTIS J. MASE
            Florida Bar No.478083
            cmase@maselaw.com
            kfehr@maselaw.com
            CAMERON W. EUBANKS
            Florida Bar No. 85865
            ceubanks@maselaw.com
            rcoakley@maselaw.com
            ADAM FINKEL
            Florida Bar No. 101505
            afinkel@maselaw.com
            filing@maselaw.com

CASE NO.: 1:18-cv-22922-MOORE/SIMONTON

**CERTIFICATE OF SERVICE**

  I hereby certify that on July 26, 2018, I electronically filed the foregoing document with the Clerk to the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

            /s/ *Adam Finkel*
            ADAM FINKEL

CASE NO.: 1:18-cv-22922-MOORE/SIMONTON

# **SERVICE LIST**

Michael A. Winkleman, Esq.
Jason R. Margulies, Esq.
Lipcon, Margulies, Alsina & Winkleman, P.A.
Suite 1776, One Biscayne Tower
2 South Biscayne Blvd.
Miami, Florida  33131
Tel: (305) 373-3016
Fax: (305) 373-6204
mwinkleman@lipcon.com
jmargulies@lipcon.com
Anotari@lipcon.com
*Attorneys for Plaintiff*


Jerry D. Hamilton, Esq.
Robert M. Oldershaw, Esq.
Elisha M. Sullivan, Esq.
150 S.E. 2nd Avenue, Suite 1200
Miami, Florida  33131
Tel: (305) 379-3686
Fax: (305) 379-3690
jhamilton@hamiltonmillerlaw.com
roldershaw@hamiltonmillerlaw.com
esullivan@hamiltonmillerlaw.com
gbernardez@hamiltonmillerlaw.com
spayne@hamiltonmillerlaw.com
smarroquin@hamiltonmillerlaw.com

BUENAVENTURA//#27