UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:18-cv-22922-MOORE/SIMONTON

GERALDINE BUENAVENTURA,
as personal representative of the
estate of BEN BUENAVENTURA,

    Plaintiff,

v.

NCL (BAHAMAS) LTD.,
D-I DAVIT INTERNATIONAL, INC.,
HATECKE SERVICE USA, LLC

    Defendants.
_____/

## **PLAINTIFF'S MOTION FOR REMAND**

COMES NOW, the Plaintiff, Geraldine Buenaventura, by and through the undersigned counsel, hereby files her Motion for Remand, and states:

### **Introduction**

Decedent Ben Buenaventura was killed when, as a result of the Defendants' negligence, he plummeted six stories into the water during a life boat drill.  He was subsequently grievously injured when the sole remaining wire holding the life boat snapped, causing it to fall and land on top of him.  For the next 40 days Decedent remained in an ICU before succumbing to his injuries. Plaintiff brought a wrongful death action in state court against Decedent's employer and shipowner NCL (Bahamas) Ltd. ("NCL"), D-1 Davit International, Inc. ("D-1 Davit") the davit manufacturer, and Hatecke Service USA, LLC ("Hatecke"), the company that inspected, maintained and served the ship's davits.

NCL removed this case to federal court pursuant to 9 U.S.C. §205 on the grounds that Plaintiff is required to arbitrate this matter[1]. NCL then filed its Motion to Dismiss and to Compel Arbitration. [D.E. 10]. Plaintiff's response to NCL's Motion is due on or before August 29, 2018. [D.E. 19][2].

This matter has already been arbitrated in the Philippines and was dismissed for lack of jurisdiction. The Philippine Arbitration Board determined that the Plaintiff's claims are beyond its scope which is limited to labor disputes only and the Plaintiff's claim requires a "full blown trial."

In light of the decision from the Arbitration Board, there is nothing further to be arbitrated. Accordingly, 9 U.S.C. §205 is inapplicable and NCL has not met is burden to establish its right to remove. This matter should properly be remanded.

**Procedural Background**

1. On July 20, 2016, Decedent suffered life-threatening injuries while participating in a lifeboat drill.

2. Ben Buenaventura was admitted to the ICU at Bermuda Hospital. He was then transferred to Ryder Trauma Center on July 24, 2016, where he remained in ICU until August 27, 2016, when he succumbed to his injuries.

---

[1] Defendant did not assert any other grounds for removal. Any other grounds for removal which were possibly available are now time-barred.

[2] Defendants Hatecke and D-1 Davit each filed a Motion to Dismiss the Complaint and Alternatively Motion for Summary Judgment. [D.E. 12 and D.E. 20]. ]. Neither Hatecke nor D-1 Davit argued (nor could they) that this matter must be arbitrated. Moreover, neither Defendant even has any grounds to remove this matter to federal court. *Yang v. Majestic Blue Fisheries, LLC*, 876 F.3d 996 (9th Cir. 2017)(non-signatory repair company does not possess the right to compel arbitration). Plaintiff's response to Defendant's Motions are due August 30, 2018 and August 31, 2018, respectfully.

3. On September 9, 2016, less than two weeks after his death, NCL initiated arbitration in the Philippines. Showing cruel and callous indifference, before her husband's remains were even repatriated to the Philippines and burial services could take place, NCL served the Plaintiff with its Notice to Arbitrate and Complaint.[3]

4. In its Arbitration Complaint, NCL asked the Board to "determine the actual entitlements of the respondent under the employment contract of Ben Buenaventura."

5. During the pendency of the arbitration, NCL paid the Plaintiff the death benefits she was contractually entitled to receive. NCL would have been contractually obligated to pay these same death benefits even if Decedent had simply died in his sleep while aboard the vessel.

6. On November 2, 2016, Plaintiff signed the Model Receipt and Release form ("Receipt") for Contractual Claims. The Receipt provided:

> I, [Seafarer][Seafarer's legal heir and/dependent], hereby acknowledge receipt of the sum of [currency and amount] in satisfaction of the Ship Owner's ***obligation to pay contractual compensation*** for personal injury and/or death under the terms and conditions of my/the Seafarer's employment and I hereby release the Ship Owner from its obligation under the said terms and conditions.
>
> The payment is made without admission of liability of any claims and is accepted ***without prejudice to my/the Seafarer's legal heir and/or dependent's right to pursue any claim at law in the respect to negligence, tort, or other legal redress available and arising out of the above incident***. (emphasis added)(Exhibit 1)

7. Despite the clear language of the Receipt preserving her rights to pursue "***any claim at law in the respect to negligence, tort, or other legal redress***" during the arbitration NCL argued that because it paid the death benefits it was ***contractually*** obligated to pay, Plaintiff is entitled to no further legal recourse as a result of NCL's negligence.

8. On January 30, 2018, the Arbitration Board issued its Decision wherein it found:

---

[3] Decedent's remains were not repatriated until September 15, 2016, one week after NCL initiated arbitration.

> After a meticulous and exhaustive review of the arguments of the parties, the Board finds that *it has not jurisdiction over the instant complaint and thereby dismisses the same*.
>
> ….
>
> Assuming nonetheless that this Board can exercise jurisdiction on the basis of Article 262 of the Labor Code, as amended *the dispute does not fall within the contemplation of a labor dispute*. What is being asked of this Board to rule pertains to tortious conduct of one party that would entitle the other party to damages. (emphasis added)(Exhibit 2).

Significantly, the Arbitration Board went on to determine that that other claims based on NCL's negligence which may "*must be determined by a full blown trial*." The Arbitration Board did not find that once clarified, the Plaintiff claims could then be arbitrated as NCL wrongfully contends. Id.

9. Only after the Arbitration Board issued its decision and ruled that it lacked jurisdiction to arbitrate the Plaintiff's negligence claims, did Plaintiff file the instant action in the 11th Circuit Court in and for Miami-Dade, County on April 27, 2018. In her Complaint, Plaintiff seeks to hold the Defendants liable for their negligence – she does not assert any breach of contract claim.

## Memorandum

The removing party has the burden of establishing the right to remove. *Dodson v. Spillada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992); *See Mulcahey v. Columbia Organic Chemicals Co., Inc.,* 29 F.3d 148, 151 (4th Cir. 1994) (citing *Wilson v. Republic Iron and Steel Co.,* 257 U.S. 92 (1921)). Moreover, because removal implicates significant federalism concerns, courts are obligated to construe removal jurisdiction strictly. *Lontz v. Tharp,* 413 F.3d 435, 440 (4th Cir. 2005). All doubts about the propriety of removal should be resolved in favor of retaining state court jurisdiction. *See Hartley v. CSX Transp., Inc.,* 187 F.3d 422, 425 (4th Cir. 1999); *In re Hot-Hed Inc.,* 477 F.3d 320, 323 (5th Cir. 2007).

The Supreme Court concisely held that "except in diversity cases, maritime litigation brought in state courts could not be removed to the federal courts". *Romero v. International Terminal Operating Co*, 358 U.S. 354, 363, (1959).  This principle remains as entrenched today as it was fifty years ago.  Relying on the dictates of *Romero*, the Fifth Circuit recently stated:

> . . . even though federal courts have original jurisdiction over maritime claims under 28 U.S.C. § 1333, they do not have removal jurisdiction over maritime cases which are brought in state court. [citing *Romero*] Instead, such lawsuits are exempt from removal by the "saving-to-suitors" clause of the jurisdictional statute governing admiralty claims, [citing *Romero*], and therefore may only be removed when original jurisdiction is based on another jurisdictional grant, such as diversity of citizenship.

*Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 219 (5th Cir. 2013) (emphasis added).

The Arbitration Board in the Philippines has already determined that this is not a labor dispute and it therefore lacks jurisdiction to hear this matter.  It further ruled this matter should properly be heard before a court of law as a "full blown trial" is required.

As there is nothing that is required to be arbitrated, 9 U.S.C. §205 is inapplicable and NCL has not met is burden to establish its right to remove.  This matter should properly be remanded.

WHEREFORE, the Plaintiff, Geraldine Buenaventura, respectfully moves this Court for entry of an Order remanding this matter back to 11th Circuit Court in and for Miami Dade County, Florida.

>                               Respectfully submitted,
>
>                                                       LIPCON, MARGULIES,
>                                                       ALSINA & WINKLEMAN, P.A.
>                                                       *Attorneys for Plaintiff*
>                                                       One Biscayne Tower, Suite 1776
>                                                       2 South Biscayne Boulevard
>                                                       Miami, Florida 33131
>                                                       Telephone No.: (305) 373-3016
>                                                       Facsimile No.: (305) 373-6204
>
>                                                       By: */s/ Carol L. Finklehoffe*

**CAROL L. FINKLEOFFE**
Florida Bar No. 0015903
cfinklehoffe@lipcon.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 20, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

By: */s/ Carol L. Finklehoffe*
**CAROL L. FINKLEOFFE**

## SERVICE LIST
*Buenaventura v. NCL (Bahamas) Ltd. et. al.*
case no.: 18-cv-22922-KMM

| | |
|---|---|
| **Michael Winkleman, Esq.**<br>Florida Bar No.: 36719<br>mwinkleman@lipcon.com<br>**Carol L. Finklehoffe, Esq.**<br>Florida Bar No.: 0015903<br>cfinklehoffe@lipcon.com<br>LIPCON, MARGULIES,<br>ALSINA & WINKLEMAN, P.A.<br>One Biscayne Tower, Suite 1776<br>2 South Biscayne Boulevard<br>Miami, Florida 33131<br>Telephone No.: (305) 373-3016<br>Facsimile No.: (305) 373-6204<br>*Attorneys for Plaintiff* | **Jerry D. Hamilton, Esq.**<br>Florida Bar No.: 970700<br>jhamilton@hamiltonmillerlaw.com<br>**Robert M. Oldershaw, Esq.**<br>Florida Bar No.: 86071<br>roldershaw@hamiltonmillerlaw.com<br>**Elisha M. Sullivan, Esq.**<br>Florida Bar No.: 57559<br>esullivan@hamiltonmillerlaw.com<br>150 S.E. 2nd Avenue, Suite 1200<br>Miami, Florida 33131<br>Tel: (305) 379-3686<br>Fax: (305) 379-3690<br>*Attorneys for Defendant Hatecke Service USA, LLC* |
| **Anthony P. Strasius, Esq.**<br>Florida Bar No.: 988715<br>Anthony.strasius@wilsonelser.com<br>**Steven C. Jones, Esq**.<br>Florida Bar No.: 107516<br>Steven.jones@wilsonelser.com | **Curtis Mase, Esq.**<br>Florida Bar No.: 73928<br>cmase@maselaw.com<br>kfehr@maselaw.com<br>**Cameron W. Eubanks, Esq.**<br>Florida Bar No.: 85865 |

- 7 -

| | |
|---|---|
| Wilson, Elser, Moskowitz, Edelman & Dicker, LLP<br>100 Southeast Second Street, Suite 3800<br>Miami, Florida 33131<br>Tel: (305) 374-4400<br>Fax: (305) 579-0261<br>*Attorneys for Defendant D-1 Davit International, Inc.* | ceubanks@maselaw.com<br>rcoakley@maselaw.com<br>**Adam Finkel**<br>Florida Bar No.: 101505<br>afinkel@maselaw.com<br>MASE, MEBANE & BRIGGS<br>2601 S. Bayshore, Drive, Suite 800<br>Miami, Florida 33133<br>Telephone: (305) 377-3770<br>Facsimile: (305) 377-0800<br>*Attorneys for Defendant NCL (Bahamas) Ltd.* |