UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:18-cv-22922-MOORE/SIMONTON

GERALDINE BUENAVENTURA,
as Personal Representative of the
Estate of BEN BUENAVENTURA,

    Plaintiff,
vs.

NCL (BAHAMAS) LTD.,
D-I DAVIT INTERNATIONAL, INC.,
HATECKE SERVICE USA, LLC

    Defendants.
_____/

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR REMAND [ECF 21]

Defendant, NCL (BAHAMAS) LTD. ("Norwegian"), by and through undersigned counsel, hereby responds in opposition to Plaintiff's motion to remand,[1] and states:

### Background

On July 20, 2016, Plaintiff participated in a lifeboat and rescue boat drill onboard the *Norwegian Breakaway*. During the drills, Plaintiff was injured and transported to a hospital. On August 27, 2016, Plaintiff died allegedly due to injuries sustained during the lifeboat drills. Plaintiff's wife, Geraldine Buenaventura, brought suit against Norwegian, which must now be submitted to arbitration.

The Collective Bargaining Agreement contains mandatory foreign arbitration clauses. The clauses, command, in part:

> Any and all claims, grievances and disputes of any kind whatsoever between the Unions and/or the Seafarer, on one side and Norwegian and/or the Master and/or the Employer and/or the Ship Owner and/or the Vessel and/or Vessel Operator on

---

[1] Plaintiff filed an amended complaint after filing her motion to remand. Norwegian's response is not due yet, but it will again likely move to compel this dispute to arbitration again under the New York Convention Act.

> the other side which arise from, are in any way related to or are in connection with the Seafarer's shipboard employment with Norwegian shall be referred to and resolved exclusively by binding arbitration pursuant to the United Nations Convention on Recognition and Enforcement of Foreign Arbitral Awards (new York 1958)("The Convention"), except as otherwise provided in any government mandated contract, such as the Standard POEA Contract for Seafarers from the Philippines.

[ECF No. 10-1, Art. 29(C)(6)(a)]. Regarding Filipino Seafarers, the Seafarer's Agreement states:

> Jurisdiction and venue over employment disputes between Filipino Seafarers and Norwegian shall be governed by the terms of the Standard Philippine Overseas Employment Administration Contract of Employment ("POEA Contract") and the POEA Contract jurisdictional and venue terms shall supersede and take precedence over any conflicting terms set forth in the Agreement.

[ECF No. 10-1, Art. 30, ¶ 4].

The Plaintiff's employment agreement incorporates the POEA's "Governing Board Resolution No. 9 and Memorandum Circular No. 10, both Series of 2010" by reference. [ECF No. 1-1 p. 1 pp. 2]. The POEA states that "the parties covered by a collective bargaining agreement shall submit the claim or dispute to the original and exclusive jurisdiction of the voluntary arbitrator or panel of voluntary arbitrators." [Memorandum Circular 10 sec. 29].

Plaintiff's motion to remand disingenuously argues that this dispute was already arbitrated. Instead, Norwegian initiated arbitration against Plaintiff in the Philippines seeking declaratory relief regarding her respective entitlement against it stemming from the life boat accident. The Filipino arbitral board dismissed Norwegian's action, finding it impermissible under their procedural and jurisdictional rules. [ECF No. 21-1 p. 7]. The POEA arbitrator determined that it lacked jurisdiction over the action filed by Norwegian because such claims were not contemplated by the POEA. [*Id.*]. The POEA never ruled on the merits of Plaintiff's claims.

Now that Plaintiff brought this action, Norwegian seeks to compel it back to POEA arbitration as the previous arbitrators deemed the more appropriate course. This Court has

removal jurisdiction over this action, and should compel it to arbitration as outlined in Norwegian's motion to compel arbitration.

## Memorandum of Law

Section 205's removal mechanism provides state court defendants, like Norwegian, with arguably the broadest removal statute existing in the U.S. Code. Congress sought to have all Convention Act arbitration cases resolved in federal court due to the "concerns of international comity, respect for the capacities of foreign and transnational tribunals, and sensitivity to the need of the international commercial system for predictability in the resolution of disputes [which] underlie accession to the Convention." *See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 629 (1985).

Typically, "out of respect for the independence of state courts, and in order to control the federal docket, federal courts construe the removal statute narrowly, resolving any doubts against removability." *Stan Winston Creatures, Inc. v. Toys "R" Us, Inc.*, 314 F. Supp. 2d 177, 179 (S.D.N.Y. 2003). "However, §205, the removal provision at issue in the instant case, is not subject to this same restriction because Congress intended §205 to provide for 'easy removal' and to 'confer jurisdiction liberally.'" *Goel v. Ramachandran*, 823 F. Supp. 2d 206, 209 (S.D.N.Y. 2011) (quoting *Beiser v. Weyler*, 284 F.3d 665, 674 (5th Cir. 2002)). "[T]he general rule of construing removal statutes strictly against removal cannot apply to [Convention Act] cases because in these instances, Congress created special removal rights to channel cases into federal court[.]" *Acosta v. Master Maint. & Constr. Inc.*, 452 F.3d 373, 377 (5th Cir. 2006).

Plaintiff contends that this Court lacks removal jurisdiction because she argues that this dispute should not be compelled to Convention Act arbitration. Whether the case was properly removed under the Convention and whether it should be compelled to arbitration are separate

inquiries.[2] *Beiser*, 284 F.3d at 669-73. This Court undoubtedly has removal jurisdiction. Under §205, a case need only "relate to" an arbitration agreement under the Convention Act to be removable. *Id*. "The phrase 'relates to' generally conveys a sense of breath." *Id*. (quoting *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 97 (1983)). The Fifth Circuit's opinion in *Beiser* demonstrates the remarkably low threshold that a state court defendant must demonstrate to show that removal under §205 was proper and permissible. In finding that a district court possessed removal jurisdiction over a Convention Act case, the Fifth Circuit reasoned:

> [W]henever an arbitration agreement falling under the Convention could *conceivably* affect the outcome of the plaintiff's case, the agreement 'relates to' the plaintiff's suit. Thus, the district court will have jurisdiction under §205 over just about any suit in which a defendant contends that an arbitration clause falling under the Convention provides a defense. As long as the defendant's assertion is not completely absurd or impossible, it is at least conceivable that the arbitration clause will impact the disposition of the case. That is all that is required to meet the low bar of 'relates to.'

*Id*. at 669 (emphasis in original). While the Eleventh Circuit seemingly did not address this specific issue, it cited *Beiser* with approval in *Bautista v. Star Cruises*, 396 F.3d 1289 (11th Cir. 2005), the seminal opinion affirming Convention Act arbitration for foreign seaman disputes with their employers. Norwegian's pursuit of arbitration meets this low threshold. This Court has removal jurisdiction over this case based on §205. *Id*.; *see also Acosta*, 452 F.3d at 373.

This Court should compel this dispute to arbitration and deny Plaintiff's motion to remand.

---

[2] As the inquiries are separate, this Court should rule on Norwegian's motion to compel arbitration first under separate order before ruling on Plaintiff's motion to remand. *Beiser*, 284 F.3d at 669-73. Orders remanding cases for lack of subject matter jurisdiction are typically not appealable. *See id*. Resolving the motions separately, with the motion to compel arbitration first, will preserve Norwegian's appellate rights should this Court deny the motion to compel arbitration. *See id*. This is in keeping with the policies underlying Congress' accession to the Convention Act. *Id*. at 673 ("denying defendants' appellate review over the refusal to enforce an arbitration clause under the Convention would be in tension with the solicitude with which federal law generally treats arbitration.")

CASE NO.: 1:18-cv-22922-MOORE/SIMONTON

Respectfully submitted,

MASE MEBANE & BRIGGS, P.A.
*Attorneys for Defendant*
2601 South Bayshore Drive, Suite 800
Miami, Florida  33133
Telephone:  (305) 377-3770
Facsimile:   (305) 377-0080


By:     /s/ *Cameron Eubanks*
          SCOTT P. MEBANE
          Florida Bar No.273030
          smebane@maselaw.com
          CAMERON W. EUBANKS
          Florida Bar No. 85865
          ceubanks@maselaw.com
          rcoakley@maselaw.com
          filing@maselaw.com


## CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2018, I electronically filed the foregoing document with the Clerk to the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ *Cameron Eubanks*
CAMERON EUBANKS

CASE NO.: 1:18-cv-22922-MOORE/SIMONTON

# SERVICE LIST

Michael A. Winkleman, Esq.
Jason R. Margulies, Esq.
Lipcon, Margulies, Alsina & Winkleman, P.A.
Suite 1776, One Biscayne Tower
2 South Biscayne Blvd.
Miami, Florida  33131
Tel: (305) 373-3016
Fax: (305) 373-6204
mwinkleman@lipcon.com
jmargulies@lipcon.com
Anotari@lipcon.com
*Attorneys for Plaintiff*


Jerry D. Hamilton, Esq.
Robert M. Oldershaw, Esq.
Elisha M. Sullivan, Esq.
150 S.E. 2nd Avenue, Suite 1200
Miami, Florida  33131
Tel: (305) 379-3686
Fax: (305) 379-3690
jhamilton@hamiltonmillerlaw.com
roldershaw@hamiltonmillerlaw.com
esullivan@hamiltonmillerlaw.com
gbernardez@hamiltonmillerlaw.com
spayne@hamiltonmillerlaw.com
smarroquin@hamiltonmillerlaw.com

19431/#80