UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:18-cv-22922-MOORE/SIMONTON

GERALDINE BUENAVENTURA,
as personal representative of the
estate of BEN BUENAVENTURA,

    Plaintiff,

v.

NCL (BAHAMAS) LTD.,
D-I DAVIT INTERNATIONAL, INC.,
HATECKE SERVICE USA, LLC

    Defendants.
_____/

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE
TO PLAINTIFF'S MOTION FOR REMAND**

    COMES NOW, the Plaintiff, Geraldine Buenaventura, by and through the undersigned counsel, hereby files the instant Reply to Defendant's Response to Plaintiff's Motion for Remand [D.E. 35], and states as follows:

**The Philippine Arbitration Board Has Already Ruled it Does Not Have Jurisdiction to Hear the Plaintiff's Claim for Damages as a Result of the Tortious Conduct of Defendant**

    It is correct that Defendant NCL (Bahamas) Ltd. ("NCL") initiated arbitration seeking declaratory relief as to Plaintiff's entitlement to benefits as a result of her husband's death and that the Arbitration Board ruled that declaratory relief was improper. However, Defendant NCL ignores the fact that the Arbitration Board concluded that even if it could exercise jurisdiction under Article 262 of the Philippine Labor Code[1], "*the dispute does not fall within the*

---

[1] Labor Code of the Philippines, President Decree No. 442, as amended, provides:

L I P C O N ,   M A R G U L I E S ,   A L S I N A   &   W I N K L E M A N ,   P . A .

*contemplation of a labor dispute*. What is being asked of this Board to rule pertains to tortious conduct of one party that would entitle the other party to damages." [D.E. 21-2] As the Arbitration Board correctly ruled, the Plaintiff's claims for damages for the tortious conduct do not constitute a labor dispute as defined within the code and there is therefore nothing to be arbitrated.

### Defendant has Failed to Meet its Burden Establishing the Right of Removal

Even under the liberal removal standard set forth in *Beiser v. Weyler*, 284 F.3d 665 (5th Cir. 2002) the Defendant still has not met its burden of establishing the right of removal under 9 U.S.C. § 205. Since the Arbitration Board in the Philippines has already ruled that it lacks jurisdiction to hear this matter, there is nothing to arbitrate. If there is nothing to arbitrate then then 9 U.S.C. §205 is inapplicable. *See Goel v. Ramachandran*, 823 F.Supp. 2d 206, 220 (S.D.N.Y. Sept. 26, 2011) (granting plaintiff's motion to remand where the defendant failed to meet his burden of establishing that the claims asserted against him are within the meaning of 9 U.S.C. §205).

Of note, both *Beiser* and *Acosta v. Master Maint. & Constr. Inc.,* 452 F.3d 373 (5th Cir. 2006), the two leading cases relied upon by Defendant NCL, are distinguishable. *Beiser* and *Acosta* both arose before arbitration had been completed. Whereas, in the present case, Defendant NCL is unable to argue that the arbitration agreement provides a defense or other procedural hurdle to a state court action or other proceeding removed pursuant to 9 U.S.C. § 205 because (a)

---

Art. 262. Jurisdiction over other labor disputes. The Voluntary Arbitrator or panel of Voluntary Arbitrators, upon agreement of the parties, shall also hear and decide all other **labor disputes** including unfair labor practices and bargaining deadlocks. (emphasis added)

Article 212(l) defines a labor dispute as:

"Labor dispute" includes any controversy or matter concerning terms and conditions of employment or the association or representation of persons in negotiating, fixing, maintaining, changing or arranging the terms and conditions of employment, regardless of whether the disputants stand in proximate relation of the employer employee.

arbitration was already completed, and (b) the Arbitration Board expressly ruled it lacks jurisdiction over the matter as it is not a labor dispute. *See Samsun Logix Corp. v. Bank of China*, 740 F.Supp.2d 484, 489 (S.D.N.Y. Sept. 9, 2010) (granting plaintiff's motion to remand because removal pursuant to 9 U.S.C. § 205 was unwarranted where arbitration was already completed).

Finally, Plaintiff states that she is in agreement with the Defendant NCL that this Court should first rule on the pending Motion to Compel Arbitration before ruling on the Motion for Remand. [D.E. 35, p. 4, fn. 2]

            Respectfully submitted,

              LIPCON, MARGULIES,
              ALSINA & WINKLEMAN, P.A.
              *Attorneys for Plaintiff*
              One Biscayne Tower, Suite 1776
              2 South Biscayne Boulevard
              Miami, Florida 33131
              Telephone No.: (305) 373-3016
              Facsimile No.: (305) 373-6204

       By: */s/ Carol L. Finklehoffe*
              **CAROL L. FINKLEOFFE**
              Florida Bar No. 0015903
              cfinklehoffe@lipcon.com

### **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 11, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

By: */s/ Carol L. Finklehoffe*
**CAROL L. FINKLEOFFE**

**SERVICE LIST**
*Buenaventura v. NCL (Bahamas) Ltd. et. al.*
**Case no.: 18-cv-22922-KMM**

| | |
|---|---|
| **Michael Winkleman, Esq.**<br>Florida Bar No.: 36719<br>mwinkleman@lipcon.com<br>**Carol L. Finklehoffe, Esq.**<br>Florida Bar No.: 0015903<br>cfinklehoffe@lipcon.com<br>LIPCON, MARGULIES,<br>ALSINA & WINKLEMAN, P.A.<br>One Biscayne Tower, Suite 1776<br>2 South Biscayne Boulevard<br>Miami, Florida 33131<br>Telephone No.: (305) 373-3016<br>Facsimile No.: (305) 373-6204<br>*Attorneys for Plaintiff* | **Jerry D. Hamilton, Esq.**<br>Florida Bar No.: 970700<br>jhamilton@hamiltonmillerlaw.com<br>**Robert M. Oldershaw, Esq.**<br>Florida Bar No.: 86071<br>roldershaw@hamiltonmillerlaw.com<br>**Elisha M. Sullivan, Esq.**<br>Florida Bar No.: 57559<br>esullivan@hamiltonmillerlaw.com<br>emarrero@hamiltonmillerlaw.com<br>dlemus@hamiltonmillerlaw.com<br>150 S.E. 2nd Avenue, Suite 1200<br>Miami, Florida 33131<br>Tel: (305) 379-3686<br>Fax: (305) 379-3690<br>*Attorneys for Defendant Hatecke Service USA, LLC* |
| **Anthony P. Strasius, Esq.**<br>Florida Bar No.: 988715<br>Anthony.strasius@wilsonelser.com<br>**Steven C. Jones, Esq**.<br>Florida Bar No.: 107516<br>Steven.jones@wilsonelser.com<br>Wilson, Elser, Moskowitz,<br>Edelman & Dicker, LLP<br>100 Southeast Second Street, Suite 3800<br>Miami, Florida 33131<br>Tel: (305) 374-4400<br>Fax: (305) 579-0261<br>*Attorneys for Defendant D-1 Davit International, Inc.* | **Curtis Mase, Esq.**<br>Florida Bar No.: 73928<br>cmase@maselaw.com<br>kfehr@maselaw.com<br>**Cameron W. Eubanks, Esq.**<br>Florida Bar No.: 85865<br>ceubanks@maselaw.com<br>rcoakley@maselaw.com<br>**Adam Finkel, Esq.**<br>Florida Bar No.: 101505<br>afinkel@maselaw.com<br>carbelaez@maselaw.com<br>filing@maselaw.com<br>**Scott P. Mebane, Esq.**<br>Florida Bar No.: 273030<br>smebane@maselaw.com<br>ctoth@maselaw.com<br>receptionist@maselaw.com<br>MASE, MEBANE & BRIGGS<br>2601 S. Bayshore, Drive, Suite 800<br>Miami, Florida 33133 |

5

|  | Telephone: (305) 377-3770<br>Facsimile: (305) 377-0800<br>*Attorneys for Defendant NCL (Bahamas) Ltd.* |
|---|---|