**Competent Labor Authorities in Other Countries**
See Annex 7 for a list of competent labor authorities in other countries where and if available.

and to Norwegian's Vice President of Fleet Personnel at

**NCL (Bahamas) Ltd.**
Airport Corporate Center
7665 Corporate Center Drive
Miami, Florida 33126, USA
PH: +1-305-436-4456,
FX: +1-305-436-4138
EM: FPGrievance@ncl.com

Within ninety (90) days of receipt of such notice, the representatives of the Union(s) and Norwegian shall confer to resolve the dispute. Upon request the parties will as soon as possible mutually produce to each other all non-privileged documents and information available relevant to the dispute, including but not limited to the any statement by the Seafarer taken by Norwegian, Disciplinary Committee documents, medical records, and pertinent personnel files. The Seafarer shall receive notification within ninety (90) days after the decision.

2. The parties shall investigate whether the On Board Complaint Procedures set forth above were followed and shall encourage that such procedures be exhausted unless the particular circumstances of the case prevent it.

3. All shoreside complaint procedures followed in addressing the complaint and the decision concerning the complaint shall be set forth in a written document, and a copy of the document shall be provided to the Seafarer.

4. The decision of the Master shall govern until the claim or grievance is resolved by representatives of the Union(s) and Norwegian. If the Seafarer is continuing to serve in his/her assigned capacity during the resolution process, he/she shall continue to peacefully and satisfactorily perform his/her duties, and the parties shall faithfully observe this Agreement while the grievance, complaint or dispute is being resolved.

6. Arbitration:

   a. Any and all claims, grievances and disputes of any kind whatsoever between the Unions and/or the Seafarer, on one side and Norwegian and/or the Master and/or the Employer and/or the Ship Owner and/or the Vessel and/or Vessel Operator on the other side which arise from, are in any way related to or are in connection with the Seafarer's shipboard employment with Norwegian shall be referred to and resolved exclusively by binding arbitration pursuant to the United Nations Convention on Recognition and Enforcement of Foreign

Arbitral Awards (New York 1958)("The Convention"), except as otherwise provided in any government mandated contract, such as the Standard POEA Contract for Seafarers from the Philippines. In addition, the Unions, Seafarer, and Norwegian agree that the Arbitrator shall have exclusive authority to resolve any claims, grievances, and, disputes such as the interpretation, procedures, location, applicable law, validity and enforceability of the arbitration provision of this Agreement.

b. The arbitration shall be administered by the International Centre for Dispute Resolution ("ICDR"), a division of the American Arbitration Association ("AAA") under its International Dispute Resolution Procedures. The initiating party shall file a written notice of its intention to arbitrate by forwarding a demand for arbitration ("Demand") to Norwegian and Norwegian's registered agent via certified mail. The Demand shall identify each party to the case, the initiating party's representative(s), and shall include a description of the nature of the claim, the estimated amount in controversy and the relief and/or damages sought. Norwegian, the Seafarer, or the Unions may initiate arbitration by filing a Demand with the ICDR at http://www.icdr.org.

c. Arbitration between the Union(s) and Norwegian, or between a Seafarer and Norwegian and not involving the Union(s) as a party, shall take place in Miami, Florida unless Seafarer has been denied a visa for entry into the United States after all available efforts have been exhausted and in which case the arbitration shall take place in Nassau, Bahamas. In the event Seafarer is unable to obtain a visa for entry into Nassau, Bahamas after all available efforts have been exhausted, then the arbitration shall take place in the Seafarer's country of citizenship, if such country has ratified the Convention. In the event Miami, Florida, Nassau, Bahamas and the Seafarer's home country are unavailable for the arbitration to take place, then the arbitrator shall determine the location.

d. The Arbitrator is to be jointly appointed by the Union(s) and/or the Seafarer, on one side, and Norwegian, on the other side, unless the parties cannot agree to an Arbitrator, in which case the AAA shall select the Arbitrator from among six names, three submitted by the Union(s) or the Seafarer and three submitted by Norwegian. The parties shall have the right in the arbitration to conduct depositions under oath of parties and witnesses however depositions shall be limited to a maximum of three (3) per party and shall be limited to a maximum of seven (7) hours in duration each. Additional depositions may be scheduled only with the permission of the Arbitrator for good cause shown. The parties are entitled to medical examination(s) to verify any injuries or damages claimed, or to rebut any defenses. To maintain the impartiality of the examination, neither party's attorney, agent, nor representative shall be present during Norwegian's examination. The parties will exchange all documentation to be relied

    upon at the final arbitration hearing in accordance with the International Dispute Resolution Procedures of the ICDR.

e. In the event a dispute between the Union(s) and Norwegian, or between Norwegian and a Seafarer, cannot be resolved through good faith negotiations and either party commences an arbitration proceeding, Norwegian shall bear the reasonable costs related to the arbitration process from beginning to end including, but not limited to fees charged and expenses incurred by arbitrators, and any costs related to proceedings necessary to enforce a decision regardless of who represents the Seafarer. Each party shall bear the costs of their own attorney fees and legal representation.

f. If the Seafarer rejects the representation appointed by the Union(s) at arbitration or thereafter, or if he or she initiates arbitration independently, then he or she will cover the cost of his or her own legal representation, if any. If the Seafarer is not represented by the Union(s), and where the Arbitrator is in doubt, the Arbitrator should seek the Union(s)' opinion as to the intent of the applicable provision at issue in the Agreement before making a decision. If the Arbitrator makes a decision after seeking the Union(s)' opinion, the Union(s) shall be informed of the Arbitrator's decision.

g. Norwegian, the Union(s), and the Seafarer also acknowledge that they voluntarily and knowingly waive any right they have to a jury trial. The arbitration referred to in this Article is exclusive and mandatory. Lawsuits or other proceedings between any Seafarer and/or the Union(s) and Norwegian may not be brought except to enforce the arbitration provision of this Agreement or to enforce a decision of the Arbitrator. The Arbitrator may award reasonable attorneys' fees and expenses to the prevailing party if allowed by statute or applicable law.

h. If the dispute is one involving the amount of wages owed or paid to the Seafarer, the parties agree that Norwegian shall have the right, without incurring any further liability, within sixty (60) days of Norwegian's Vice President of Fleet Personnel receiving the written notice described in Article 29.5.C.1 from the Seafarer of the dispute or complaint and dissatisfaction with the Master's decision, to either pay the amount claimed by the Seafarer or to commence an arbitration to resolve the claim and deposit the amount claimed into an interest-bearing account pending a legal determination of whether the claim has merit. In the event Norwegian deposits the claimed amount as provided herein, the parties agree that the sole amount to be paid to the Seafarer if his/her claim if determined to be meritorious will be the amount claimed plus any accrued interest.

i. The Seafarer shall continue to satisfactorily and in good faith perform his/her duties and the parties shall abide by this Agreement while disputes or grievances are being resolved.