**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 18-cv-22922-KMM**

GERALDINE BUENAVENTURA
as personal representative of the
estate of BEN BUENAVENTURA,

     Plaintiff,

-vs-

NCL (BAHAMAS) LTD.,
D-I DAVIT INTERNATIONAL, INC.,
HATECKE SERVICE USA, LLC,

     Defendants.

_____/

**D-I DAVIT INTERNATIONAL, INC.'S MOTION TO DISMISS**
**OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT,**
**AND INCORPORATED MEMORANDUM OF LAW**

Defendant D-I Davit International, Inc. ("Davit US"), by and through its undersigned counsel, hereby files its Motion to Dismiss the Amended Complaint (the "Amended Complaint" or the "AC") filed by Geraldine Buenaventura ("Plaintiff") pursuant to Fed. R. Civ. P. 12(b)(6), or in the alternative, for Summary Judgment pursuant to Fed. R. Civ. P. 12(d) and 56, with incorporated Memorandum of Law, and in support thereof states as follows:[1]

**PRELIMINARY STATEMENT**

The instant Motion flows from a reality that the Amended Complaint's superficial additions cannot obscure: *Davit US is simply not a correct party to this lawsuit.* Plaintiff's claims

---

[1] Plaintiff's Amended Complaint purports to add d-i davit international-hische GmbH ("Davit DE") as a defendant – long after counsel for Davit US repeatedly informed Plaintiff's counsel that it, not Davit US, is the proper defendant. However, Plaintiff has yet to properly serve Davit DE, a German corporation, in accordance with the 15 November 1965 Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention"). Davit DE has not yet appeared in this action and the instant Motion is made solely on behalf of Davit US.

1

sound in tort arising out of the alleged failure of equipment installed on a vessel, the *Norwegian Breakaway*, supposedly manufactured and serviced by either of Davit US or Davit DE.  However, Plaintiff's allegations regarding Davit US fail to provide *any basis* to identify Davit US as the manufacturer or servicer of the relevant equipment, davits incorporated into the *Norwegian Breakaway*'s lifeboat system.  Moreover, clear evidence previously provided to Plaintiff and this Court demonstrates that (i) Davit US was incorporated *after* the allegedly defective davits were manufactured and installed and that (ii) Davit US is an inactive corporation with no role in servicing this equipment.  As Plaintiff has been repeatedly informed, the *German entity*, Davit DE, is the correct party.  However, though Plaintiff now belatedly purports to add Davit DE as a party, it refuses to discontinue the needless, improper and wasteful action against Davit US.  Plaintiff and her counsel have no basis for their obstinacy.  The Amended Complaint only repeats the prior Complaint's failure to provide any non-conclusory allegation linking Davit US to the subject davits, and the evidence provided to Plaintiff and the Court conclusively demonstrates that no relationship exists between Davit US and the davits. Under applicable law, as Davit US falls outside the allegedly defective product's distributive chain, the claims against it must be dismissed.

## STATEMENT OF FACTS[2]

### I.    Plaintiff's Allegations

1.      This is an action for damages allegedly "arising from the injuries, suffering and death" of decedent Ben Buenaventura ("Decedent") that Plaintiff asserts against Defendants NCL

---

[2]      The Statement of Facts is drawn from (i) Plaintiff's Amended Complaint; (ii) Plaintiff's original Complaint ("Complaint or "Compl.") where appropriate for citation or comparison, (iii) the Declaration of Joachim Wiese, dated August 9, 2018 ("Wiese Dec."), and the exhibits annexed thereto; and (iv) the Declaration of Anthony Strasius, dated September 11, 2018 ("Strasius Dec."), and the exhibits annexed thereto.  For the convenience of the Court and the parties, the Statement of Facts is set forth in separately numbered paragraphs to facilitate the parties' responses in the event the Court elects to convert this Motion into one for summary judgment.

(Bahamas) Ltd. ("NCL"), Davit US, Davit DE, and Hatecke Service USA, LLC ("Hatecke") (collectively, "Defendants"). (AC, ¶¶ 1, 4-7.)  Defendant NCL "owned, operated, managed and/or controlled the *Norwegian Breakaway*, and was the employer of [Decedent]."  (*Id.*, ¶ 8.)

2.      On July 20, 2016, the *Norwegian Breakaway* "was in navigable waters around Bermuda" with Decedent "working on board."  (*Id.*, ¶ 14.)  On that day, Decedent was involved in an accident involving a lifeboat during a rescue drill, which resulted in Decedent falling into the water, and ultimately being struck by the lifeboat.  (*Id.*, ¶¶ 15-17.)

3.      According to Plaintiff the "subject lifeboat system incorporated and utilized a davit which was manufactured and sold by Defendant Davit [US] and/or Davit DE, and the lifeboat system was serviced, inspected, certified and/or maintained (at least in part) by Defendants Davit [US], Davit DE and/or Hatecke."  (*Id.*, ¶ 16.)

4.      Plaintiff alleges that the accident occurred "when a securing wire in the lifeboat system snapped and/or broke causing decedent" to fall, and then the "sole remaining wire holding the lifeboat snapped causing the lifeboat fall [sic] to the water crushing him."  (*Id.*, ¶ 17.)  Plaintiff alleges that Decedent "sustained severe injuries" and after "multiple surgeries" died on August 27, 2016.  (*Id.*, ¶¶ 19, 22-23.)

## II.      The Complaint

5.      Plaintiff filed her Complaint, dated April 27, 2018, in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, in an action styled *Geraldine Buenaventura v. MCL (Bahamas) Ltd.*, *et al*., Case Number 2018-013789-CA-01.  (Compl.)

6.      The Complaint contained several claims directed toward Davit US based on the allegation that Davit US "was the manufacturer of the davit(s) which was/were used aboard the [*Norwegian*] *Breakaway*."  (Compl., ¶ 8.)

7.      These included Count III (Death on the High Seas Act, 46 U.S.C. § 30301 *et seq.*),

Count V (Wrongful Death under the General Maritime Law), Count VI (Strict Liability), and

Count VII (Breach of Implied Warranty of Fitness for Merchantability and Fitness for Particular

Purpose).

**III.     Davit US' Lack of Relationship to the *Norwegian Breakaway***

8.      However, Davit US had no connection to the *Norwegian Breakaway*:  it "did not

manufacture, design, market, sell, or distribute any davit or any equipment installed or otherwise

located on the *Norwegian Breakaway*."  (Wiese Dec., ¶ 5).

9.      Davit US is a wholly owned subsidiary of Davit DE, incorporated on October 22,

2013, in the State of Delaware.  (Wiese Dec., ¶ 2).

10.    Davit US was not in operation at the time of the *Norwegian Breakaway*'s

construction:  construction began in September of 2011[3] and the shipyard delivered the vessel on

April 25, 2013.[4]

11.    In fact, Davit US is an inactive corporation with no employees.  (Wiese Dec., ¶ 3).

12.    Davit US not only did not manufacture, design or sell the davits installed or located

on the *Norwegian Breakaway*, but also "did not prepare or provide any manuals, policies or

procedures in any way related to any davit or other equipment installed or otherwise located on

the *Norwegian Breakaway*" and did not "install, service, maintain, inspect, or perform any other

services in any related to any davit or other equipment installed or otherwise located on the

*Norwegian Breakaway*."  (Wiese Dec., ¶¶ 6-7).

---

[3]      *Norwegian Breakaway, the Largest Ship Ever Constructed in Germany, Floats Out from Building Dock*, NORWEGIAN CRUISE LINES (Feb. 26, 2013), https://es.ncl.com/press-releases/norwegian-breakaway-largest-ship-ever-constructed-germany-floats-out-building-dock

[4]      *Meyer Werft Delivers Norwegian Breakaway*, MEYER WERFT (Apr. 25, 2013), https://www.meyerwerft.de/en/meyerwerft_de/medien/presseticker/pressemitteilung_detail_10240.jsp

4

13.     The davits installed on the *Norwegian Breakaway* were instead manufactured, sold and serviced by Davit DE in Germany.  (*Id.*, ¶ 8).

**IV.     Plaintiff's Counsel Learned that the Complaint Named the Incorrect Entity**

14.     Davit US's counsel contacted Plaintiff's counsel and informed them the Complaint named the incorrect entity:  on June 18, 2018, Anthony Strasius, of the law firm Wilson Elser Moskowitz Edelman & Dicker LLP ("Wilson Elser") contacted Michael Winkleman of Lipcon, Margulies, Alsina & Winkleman, P.A. ("Lipcon") to "advise[] that [Davis US] is not the correct defendant in this case, in that it did not deliver or install or manufacture the davit[s] in question for this vessel" and to state that Wilson Elser was "willing to provide [Lipcon] with the name of the correct manufacturer located in Germany if [Plaintiff would] voluntarily dismiss [Davit US]." (Strasius, Dec., ¶¶ 7-8; Ex. A, p. 2).  Additionally, Davit US requested an extension until Monday, July 30, 2018 to respond to the Complaint.  (*Id.*, Ex. A, p. 2)

15.     In response, Plaintiff's counsel confirmed the extension and requested information regarding the proper defendant.  (*Id.*, p. 1).

16.     Accordingly, on July 24, 2018, Wilson Elser provided Lipcon with documentation demonstrating that Davit DE sold the davits in question.  (Strasius Dec., Ex. B, p. 4).

17.     On August 7, 2018, Wilson Elser contacted Lipcon to request an update, noting the waste of resources that would result if Plaintiff elected to "continue pursuing the incorrect entity." (*Id.*, p. 2).

18.     Lipcon responded that Plaintiff was not willing to "swap out the defendants" citing the need to better "understand the relationship, if any" between the entities. (*Id.*)

19.     Wilson Elser offered to produce an affidavit providing further detail.  (*Id.*, p. 1). Additionally, to further facilitate the naming of the proper party, Wilson Elser offered to

5

recommend to Davit DE that it waive service of the Complaint, subject to preserving all defenses, under the Hague Convention in return for discontinuing the action against the U.S. entity.  (*Id.*) Lipcon replied that an affidavit would "weigh heavily in [their] decision."  (*Id.*)

20.     Accordingly, on August 8, 2018, Wilson Elser provided Lipcon with the Wiese Declaration (*id.*, p. 1), which (i) testified that Davit US was not incorporated until 2013, (ii) testified that Davit US had no involvement in the sale, installation, service or maintenance of the davits or equipment located on the *Norwegian Dream*, and (ii) attached Davit US' tax filings which confirmed that it had no corporate operations and was thus inactive.  (*See* Wiese Declaration, *generally*, and Ex. A).

## V.     Additional Procedural History

21.     While Wilson Elser engaged in discussions with Plaintiff's counsel, on July 19, 2018, Defendant NCL filed a Notice of Removal removing the state court action to this Court. (Dkt. #1).  The matter was assigned to Chief Judge K. Michael Moore.  (Dkt. #3).

22.     On July 30, 2018, noting the removal, Wilson Elser requested an additional twenty (20) days to respond to the Complaint, which Plaintiff did not oppose.  (Strasius Dec., Ex. B, p. 3).  Davit US accordingly filed an unopposed Motion for Extension of Time to File its Response, Reply, or Answer (Dkt. #14), and on July 31, 2018, this Court subsequently entered a reset deadline on the docket requiring Davit US to file its response by August 20, 2018.

23.     Plaintiff, despite receiving documentation and information demonstrating that Davit US was not involved in the manufacture, sale, installation or servicing of the davits on the *Norwegian Breakaway*, declined to discontinue the action against Davit US and proceed only against the proper party, Davit DE.

9277712v.1

24.     As a result, Davit US timely filed a Motion to Dismiss, or in the alternative, for Summary Judgment, dated August 17, 2018 (the "Prior Motion"), moving to dismiss the claims against Davit US on the grounds that (i) Plaintiff failed to identify Davit US as within the subject davits' chain of distribution, and (ii) evidence provided to Plaintiff conclusively demonstrated that Davit US was not within the chain of distribution.

## VI.     The Amended Complaint

25.     Rather than address Davit US' Prior Motion, on August 28, 2018, Plaintiff filed the Amended Complaint purporting to add Davit DE as a defendant.   The Amended Complaint asserted four claims against Davit US and Davit DE substantively identical to those previously advanced against Davit US.

26.     Count III of the Amended Complaint asserts a cause of action under the Death on the High Seas Act, 46 U.S.C. § 30301 *et seq*., alleging Defendants, including Davit US and Davit DE, owed Decedent a "duty of reasonable care" which they breached through their "negligence." (AC, Count III, ¶¶ 48-49) (*compare to* Compl., Count III, ¶¶ 45-46).

27.     Count V asserts a claim for Wrongful Death under the General Maritime Law, generally alleging that Davit US and Davit DE breached a "duty of reasonable care" by: (i) failing to provide, maintain, service, and inspect the "davit," the "davit wire cord," "and/or related equipment"; (ii) failing to provide adequate warnings and instructions; and (iii) failing to use modern work methods and employ "mechanized aids, commonly available in other heavy industries …" (AC, Count V, ¶¶ 56-57) (*compare to* Compl., Count V, ¶¶ 53-54).

28.     Count VI asserts a claim sounding in Strict Liability, alleging "Davit [US] and/or Davit DE manufactured, designed, marketed, sold and distributed a Davit D-NPS.MP which was installed and incorporated into the lifeboat system on the *Norwegian Breakaway*" that "failed to

safely operate as intended." (*Id.*, Count VI, ¶ 60). Count VI alleges defective design, defective manufacturing, and defective warnings. (*id.*, ¶ 63) (*compare to* Compl., Count VI, ¶¶ 57, 60).

29.     Count VII of the Complaint asserts a claim of Breach of Implied Warranty of Fitness for Merchantability and Fitness for Particular Purpose against Davit US, asserting "Davit [US] and/or Davit DE" breached these implied warranties by "distributing, delivering, marketing and/or selling the defective davit …" (*id.*, Count VII, ¶ 67) (*compare to* Compl., Count VII, ¶¶ 57-58).

## ARGUMENT

## I.     Legal Standard

A court may dismiss a complaint "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12. To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Mere "formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). Instead, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* "[C]onclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). Here, dismissal is warranted under Rule 12(b)(6) as Plaintiff's conclusory assertions that Davit US manufactured, sold, installed or serviced the davit in question lacks sufficient detail (indeed, *any detail at all*) identifying the basis of their knowledge or supporting their identification of the company.

In the alternative, if the Court credits such conclusory allegations, then the evidence establishes that Davit US had no role in the manufacture, sale, installation, and service of the davits. Where a party presents evidence outside the pleadings on a 12(b)(6) motion, the court may

consider the matters by converting the motion to one for summary judgment.  *See* Fed. R. Civ. P. 12(d); *Crystal Colony Condo. Ass'n, Inc. v. Aspen Specialty Ins. Co.*, 6 F. Supp. 3d 1295, 1297 (S.D. Fla. 2014).   Summary judgment shall be entered if the record, including pleadings, documents, and declarations, or affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56; *see also Herzog v. Castle Rock Entertainment*, 193 F.3d 1241, 1246-47 (11th Cir. 1999). A "genuine issue" exists only where the evidence is of such a nature that a reasonable jury could return a verdict in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-52 (1986).

## II.     Governing Law Requires a Connection between the Injurious Product and Davit US

Plaintiff's claims against Davit US sound in strict products liability and breach warranty,[5] as well as in negligence.[6] Each of Plaintiff's claims against Davit US therefore center on allegations that Decedent's injuries were the result of an allegedly defective product, namely the davits installed on the *Norwegian Breakaway*.  Consequently, each shares a requisite precondition: Davit US must bear some relation to the defective product.

Without this connection, a Plaintiff cannot assert a claim.  "It is aphoristic that a plaintiff cannot prevail on claims for negligence, breach of warranty or strict liability, unless the plaintiff establishes that the product which allegedly caused the plaintiff's injury was manufactured or sold by the defendant." *Liggett Group, Inc. v. Engle*, 853 So.2d 434, 467 n. 46 (Fla. DCA 2003), *aff'd in part, rev'd in part on other grounds*, *Engle v. Liggett Group, Inc.*, 945 So.2d 1246 (Fla. 2006).

---

[5]     (*See* AC, Counts VI and VII).
[6]     (*See* AC., Count III, ¶ 49) (asserting Decedent died through Davit US' "negligence"); *see also* (AC, Count V, ¶¶ 56-57) (claiming that Davit US' "acts and/or omissions" breached a "duty of reasonable care" owed to Decedent).

Proper defendants are thus the "manufacturers, as well as to others in the distribution chain, including retailers, wholesalers, distributors, and, most recently, commercial lessors." *Samuel Friedland Family Enters. v. Amoroso*, 630 So.2d 1067, 1068 (Fla.1994). Ultimately, it is well-settled that as "a necessary precursor" to such tort claims, "a plaintiff must establish that it has properly identified the defendant as actually being within the distributive chain of the product which caused injury." *Devore v. Howmedica Osteonics Corp.*, 658 F. Supp. 2d 1372, 1378 (M.D.Fla. 2009). An inability to do so warrants dismissal.[7]

### III.   Dismissal Is Warranted as Davit US Was Not Part of the Distributive Chain, A Defect the Amended Complaint Fails to Remedy

This elementary requirement warrants dismissal, either under Rule 12 or Rule 56, because Davit US did not manufacture, sell, install or service the davits used on the *Norwegian Breakaway*.[8] After all, "[a] defendant cannot be liable" in tort "if the plaintiff did not use its product." *Belanger v. RJ Reynolds Tobacco Co.*, 2009 WL 10439787 (Fla. 8th Cir. Ct. Jan. 7, 2009).

Dismissal at the motion to dismiss stage is appropriate because Plaintiff's allegations linking Davit US to the product are insufficient. Initially, in its Complaint, Plaintiff merely conclusorily asserted that Davit US "was the manufacturer of the davit(s) which was/were used aboard the *Breakaway*." (Compl., ¶ 8). Plaintiff and Plaintiff's counsel provided absolutely no factual matter establishing what their basis of knowledge was or how they identified Davit US. For all the detail provided, Plaintiff could have written in the name of any davit manufacturer,

---

[7]      *See Echols v. RJ Reynolds Tobacco Co.*, 2014 WL 5305633 (S.D.Fla. Oct. 14, 2015) (dismissing claims of negligence and strict products liability against tobacco product manufacturer where plaintiff could not allege when plaintiff allegedly consumed the manufacturer's products).
[8]      *Howe v. Wyath Inc.*, 2010 WL 1708857 (M.D.Fla. Apr. 26, 2010) (plaintiff could not assert strict liability claims against defendants who did not manufacture the product that injured plaintiff.)

rendering its allegation conclusory and speculative.

The Amended Complaint *in no way remedies this defect*.  The Amended Complaint merely adds Davit DE to its conclusory allegation.  The Amended Complaint now asserts that the *Norwegian Breakway* "utilized a davit which was manufactured and sold by Defendant Davit [US] and/or Davit DE" which was used in a "lifeboat system [that] was serviced, inspected certified and/or maintained (at least in part) by Defendants Davit [US] [and] Davit DE …" (AC, ¶ 16).  *This revised allegation provides nothing new of substance*:  it is merely a rhetorical embellishment of the prior allegation that adds mention of Davit DE, the proper entity whom Davit US' counsel identified to Plaintiff.  Making the equivocal statement that Davit US and/or Davit DE could have manufactured, sold, installed, or serviced the davits *does not* provide any basis justifying Plaintiff's purported identification of Davit US as a responsible party.

Indeed, Plaintiff's other embellishments actually undermine her claims against Davit US.  Plaintiff's Amended Complaint purports to identify that davit model used on the *Norwegian Breakway* as the "Davit D-NPS.MP."  (AC, ¶ 60).  However, that davit model is prominently listed by *Davit DE* on its website as one of *Davit DE*s product classes.[9]  In short, just as before, Plaintiff merely labels Davit US as a responsible party within the distribution chain, but provides absolutely no factual matter to support that bare conclusion.  Accordingly, because Plaintiff fails to plead any facts linking Davit US to the davit at issue here, dismissal is warranted pursuant to Fed. R. Civ. P. 12(b)(6).

Additionally, and in the alternative, summary judgment is required pursuant to Fed. R. Civ. P. 56 because it is beyond cavil that Davit US had no role in manufacture, sale, installation and

---

[9]     *Lifeboat Systems – product list*, D-I DAVIT INTERNATIONAL-HISCHE (last accessed Sep. 6, 2018), http://en.di-hische.de/product/category/davits#lifeboat-systems.

servicing of the davits.  As set forth here and in the Prior Motion, the davits in question were manufactured by *Davit DE* in Germany (Wiese Dec., ¶ 8), and it was Davit DE who serviced the *Norwegian Breakaway* (Strasius Dec., Ex. B, p. 4).  Davit US had *absolutely no role* in the davits' manufacture, design, sale, distribution, marketing, installation, service, or maintenance.  (*Id.*, ¶¶ 5, 7).   Indeed, Davit US could not possibly have any relation to the davits.  Public press releases announced that construction on the *Norwegian Breakaway* commenced in 2011 and, at latest, concluded April 25, 2013 with delivery of the vessel to NCL.  (*See* Statement of Facts, Part III, notes 3 and 4, *supra*, at p. 4).  Davit US, however, was not incorporated until October 22, 2013, *nearly six months later*.  This information is also publicly available through the State of Delaware's Division of Corporations website.[10]  It is therefore impossible for Davit US to have manufactured, sold or installed the davits during the vessel's construction, a fact evident from public sources that were all readily available to Plaintiff and her counsel when researching the basis of her claims.

Likewise, Davit US could not have been involved in their subsequent servicing.  It is an inactive corporation *that has no employees*. (Wiese Dec., ¶ 3). It has no operations, and therefore was never involved in maintaining, servicing, inspecting, or performing any services regarding the *Norwegian Breakaway*'s davits.  (*Id.*, ¶ 7).  Its lack of operations are confirmed by its tax filings. (*See id.*, Ex. A).  Davit US is completely unconnected to the davits in question.

Thus, Davit US is nowhere within the allegedly defective product's chain of distribution, requiring dismissal.  *See, e.g., Siemens Energy & Automation, Inc. v. Medina*, 710 So. 2d 312 (Fla. 3d DCA 1998) (dismissing claims against party who "was not a part of the distributive chain …

---

[10]     *Department of State: Division of Corporations – Entity Search*, STATE OF DELAWARE: OFFICIAL WEBSITE OF THE FIRST STATE (last accessed Sep. 6, 2018), https://icis.corp.delaware.gov/ecorp/entitysearch/NameSearch.aspx.  A true and correct copy of the print out for Davit US from the Division of Corporations public registry, noting its date of incorporation, is annexed to the Strasius Declaration as Exhibit C.

neither a distributor nor a retailer."); *Manely-Deboer Lumber Co. v. Georgia-Pacific Corp.*, 897 So.2d 528 (Fla. DCA. 2005) (affirming dismissal of claims against alleged suppliers of defective product where consumer could not identify that any of the alleged suppliers provided the defective product that plaintiff claimed caused his injury); *Scheckells v. AGV-USA Corp.*, 987 F.2d 1532, 1533 n. 2 (11th Cir. 1993) (noting "District Court correctly granted summary judgment in favor of [a defendant] on the ground that the undisputed evidence show[ed] that [the defendant] did not manufacture the [defective product] and was not part of the chain of distribution.").

**IV.    Plaintiff's Counsel is Fully Aware of Its Error**

Even before filing the Prior Motion, Davit US's counsel repeatedly informed Plaintiff's counsel that they are pursuing the wrong entity, and provided them with the documents and testimony demonstrating this.  (*See generally* Strasius Dec. and Ex. A).  Furthermore, Davit US' counsel attempted to facilitate Plaintiff's substituting in the proper party.  Davit US's counsel not only identified Davit DE, but also proposed advising Davit DE to waive service under the Hague Convention if Plaintiff's counsel would discontinue its misdirected claims against Davit US. Counsel for Davit US was not trying to evade Plaintiff or dissuade her from pursuing her claims, counsel simply tried to direct Plaintiff's efforts to the proper party and avoid the duplicative efforts and wasted expense that pursuit of an improper party would entail.  However, despite Davit US' efforts, Plaintiff's counsel has refused.  This is all the more remarkable given the filing of the Prior Motion and its supporting papers, which set forth clearly the impossibility of Davit US having any responsibility for the davits, given that (i) *it was not even in existence at the time they were manufactured and installed* and (ii) it is an *inactive corporation that could not have serviced or maintained the davits*.  With Davit DE identified as the proper defendant, there is simply no basis to continue against Davit US except for Plaintiff's counsel's apparent dogged determination to

13

pursue an improper claim.  However, such obstinacy is no justification for Davit US to remain in this action when the weight of the law holds, and the clear facts demonstrate, otherwise.

## CONCLUSION

For the foregoing reasons, it is respectfully requested that this Court enter an Order dismissing the claims against Davit US contained in the Amended Complaint with prejudice.

Respectfully submitted,

___/s/ Anthony Strasius_____
Anthony P. Strasius
Florida Bar No. 988715
anthony.strasius@wilsonelser.com
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
100 Southeast Second Street – Suite 34800
Miami, Florida 33131-2144
Tel. (205) 374-4400
Fax (305) 579-0261

*Attorneys for D-I Davit International, Inc.*

14

9277712v.1

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 11, 2018, I electronically filed the

foregoing document with the Clerk of the Court using the CM/ECF system which will send

notification of such filing to the following CM/ECF participants:

Michael Winkleman, Esq.
Jason R. Margulies, Esq.
Adria G. Notari, Esq.
LIPCON, MARGULIES, ALSINA &
WINKLEMAN, P.A.
One Biscayne Tower
2 South Biscayne Blvd., Suite 1776
Miami, FL 33131
Tel. (305) 373-3016
Fax (305) 373-6204
mwinkleman@lipcon.com
jmargulies@lipcon.com
anotari@lipcon.com

*Attorneys for Plaintiff*
*Geraldine Buenaventura*

Curtis J. Mase, Esq.
Adam Finkel, Esq.
MASE, MEBANE & BRIGGS, P.A.
2601 S. Bayshore Drive, Suite 800
Miami, FL 33133
cmase@maselaw.com
afinkel@maselaw.com

*Attorneys for Defendant*
*NCL (Bahamas) Ltd.*

Jerry D. Hamilton, Esq.
Robert M. Oldershaw, Esq.
Elisha M. Sullivan, Esq.
HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200
Miami, FL 33131
Tel. (305) 379-3686
Fax (305) 379-3690
jhamilton@hamiltonmillerlaw.com
roldershaw@hamiltonmillerlaw.com
esullivan@hamiltonmillerlaw.com

*Attorneys for Defendant*
*Hatecke Service USA, LLC*

15

9277712v.1