UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:18-cv-22922-MOORE/SIMONTON

GERALDINE BUENAVENTURA,
as personal representative of the
estate of BEN BUENAVENTURA,

    Plaintiff,

v.

NCL (BAHAMAS) LTD.,
D-I DAVIT INTERNATIONAL, INC.,
HATECKE SERVICE USA, LLC., and
D-I DAVIT INTERNATIONAL-HISCHE
GMBH,

    Defendants.
_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT
HATECKE SERVICE USA, LLC'S MOTION TO DISMISS PLAINTIFF'S
AMENDED COMPLAINT AND ALTERNATIVELY FOR SUMMARY JUDGMENT**

COMES NOW, Plaintiff, Geraldine Buenaventura, as personal representative of the estate of Ben Buenaventura, by and through undersigned counsel, hereby responds in opposition to Hatecke Service USA, LLC's ("Hatecke") Motion to Dismiss Plaintiff's Amended Complaint and Alternatively For Summary Judgment [D.E. 39], and states:

**Introduction**

Crewmember Ben Buenaventura ("Decedent") was killed when, as a result of the Defendants' negligence, he plummeted six stories into the water during a life boat drill. He was grievously injured and remained in an ICU unit for 40 days before succumbing to his injuries. Decedent is survived by his wife and 6 year old daughter.

Plaintiff brought this action against Defendant Hatecke which "provided service, maintenance, repairs, inspection and/or surveys of the lifeboat systems aboard the *Norwegian Breakaway*" and certified "each lifeboat systems' fitness for their intended use in accordance with required SOLAS, IMO and other applicable industry standards." [D.E. 31, ¶11].

Defendant improperly asks this Court to look beyond the four corners of the Amended Complaint and find in its favor. For the reasons set forth below, Hatecke's Motion to Dismiss should be denied in its entirety and the Motion for Summary Judgment denied as premature.

### Death on the High Seas Act is the Plaintiff's Exclusive Remedy

Plaintiff agrees that the Death on the High Seas Act ("DOHSA") is the exclusive remedy governing her claims. Plaintiff withdraws Count V, Wrongful Death under General Maritime Law, which was pled in the alternative.

### Plaintiff has Properly Stated a Cause of Action

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Matrixx Initiatives, Inc. v. Siracusano,* 563 U.S. 27, 131 S.Ct. 1309, 1322 n.12 (2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

The rule does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise the reasonable expectation that discovery will reveal evidence of a necessary element. *Chaparro v. Carnival Corp.*, 693 F.3d at 1337 (11th Cir. 2012); *Watts v. Fla. Int'l Univ.,* 495 F.3d 1289, 1295-96 (11th Cir. 2007). *Gentry v. Carnival Corp.,* case no.: 21580-cv-JG, 2011 WL 4737062 (S.D.Fla. October 15, 2011).

In cases involving a defective product, a plaintiff's allegation of a defect alone is sufficient

to state a cause of action, as mere knowledge of a defect gives defendant enough notice to produce a proposer response. *Krywokulski v, Eithicon, Inc.,* 2010 WL 326166 *3 (M.D.Fla. Jan. 10, 2010)

The 11th Circuit Court of Appeal has recognized that the very nature of a products liability action, where the cause or source of the defect is not obvious to the consumer, it is difficult for a plaintiff to know the source of the defect that was responsible for the harm caused. *Bailey v. Janssen Pharmaceutica, Inc.*, 288 F. App'x 597, 603, 605 (11th Cir. 2008). As further explained in *Hosler v. Alcon Laboratories, Inc*., 2012 WL 4792983 *6 (M.D.Fla. Oct. 9, 2012):

> . . . at the motion-to-dismiss stage, where "only the pleadings have been filed and no evidence has been placed of record," the plaintiff must "allege [only] the existence of a defect or that the defect has led to an unreasonably dangerous condition ...." *Id.* The court continued, explaining that a plaintiff cannot reasonably be expected "to prove the existence of a product defect at the pleading stage of trial." *Id.* In addition, the court noted that, so early in the case, the plaintiff was not even required to identify whether the alleged defect stemmed from the product's design, manufacture, or warning. *Id.* at 3. Indeed, the Eleventh Circuit has observed that "it would be difficult at such an early stage in the litigation for [a] plaintiff to know whether a defect was due to a product's design or manufacture." *Bailey v. Janssen Pharmaceutica,* 288 F. App'x 597, 605 (11th Cir.2008). Instead, a plaintiff's "allegation of a defect alone is sufficient, as mere knowledge of a defect gives defendant enough notice to produce a proper response which may include discussion of a manufacturing or design-based defect." *Krywokulski,* 2010 WL at *3 (citing *Bailey,* 288 F. App'x at 608).

In her Amended Complaint, the Plaintiff has alleged that the lifeboat system was defective because it "detached from the vessel when a securing wire in the lifeboat system snapped and/or broke causing decedent Ben Buenaventura to fall nearly six stories into the water." [D.E. 31, ¶17] The Plaintiff need not allege more in order to satisfy the pleading requirements.

At this stage of the litigation it is impossible for the Plaintiff to know the exact source of the defect(s) or whether there were any other factors which caused the lifeboat to detach and plummet to the ocean. The Plaintiff has never had access to the accident scene or the subject lifeboat system. This incident is still under investigation by the Bermuda Maritime Administration

in conjunction with the Bahamian Maritime Authority. These authorities have not yet released their official investigative report which will undoubtedly reveal more information as to the exact nature of the defect(s). Accordingly, there is a reasonable expectation that discovery will reveal more information and evidence of the exact nature of the defect(s). Taken in their totality, and drawing all reasonable inferences in favor of the Plaintiff, the facts alleged in the Amended Complaint indisputably state a claim for relief which is plausible on its face.

### Plaintiff has not Engaged in Shotgun Pleadings

The fact that not all of the breaches set forth in paragraph 49 apply to Defendant Hatecke is not sufficient grounds for dismissal nor does it constitute shotgun pleadings. So long as a complaint is minimally sufficient to put a defendant on notice of the claims against him, a complaint will not fail for mere surplusage. *Bailey v. Janssen Pharmaceutica, Inc.*, 288 F. App'x 597, 603, 607 (11th Cir. 2008)(rejecting defendant argument that it was entitled to specific claims of its alleged wrongdoing separated into individual counts); *Davis v. Boston Scientific*, 2018 WL 2183885 *3 (M.D.Fla. May 11, 2018). *See also*, *Gentry v. Carnival* Corp., 2011 WL 4737062 (S.D. Fla. 2011)(so long as the plaintiff pled sufficient facts to infer a duty owed, the precise duty is a matter that is more properly litigated at a later stage such as a motion for summary judgment or in determining jury instructions); *Bridgewater v. Carnival Corp.,* 2011 WL 817936, *2 n. 3 (S.D.Fla. Mar. 2, 2011) ("Carnival disputes whether it owed a duty to Plaintiff under the facts as pleaded. However such a contention is more appropriate for summary judgment than for the consideration upon a motion to dismiss.").

### Plaintiff has Properly Asserted her Damages Claim in accordance with the Death on the High Seas Act

Plaintiff only seeks recovery of allowable damages as permitted under DOHSA. The Amended Complaint clearly states:

> Plaintiff demands damages **as allowed under the Death on the High Seas Act**, 46 USC §30301 et seq., and/or any other applicable wrongful death and/or survival act, including but not limited to pecuniary losses, loss of support, past and future earnings, loss of services, loss of nurture and guidance of dependent children and family, funeral expenses, and **all other damages allowable by law**. (emphasis added)

DOHSA allows for the recovery of pecuniary damages 46 U.S.C. §30303. Pecuniary damages include the monetary value of loss of services, support and contribution. *Sea-Land Service Inc., Gaudet*, 414 U.S. 573 (1974). It further allows for the recovery of nurture to children which includes the value of care, guidance and moral, intellectual and physical training. *Nygaard v. Peter Pan Seafoods, Inc.*, 701 F.2d 77 (9th Cir. 1983).

### Defendant's Motion for Summary Judgment is Premature and the Plaintiff Should be Allowed the Opportunity to Conduct Discovery

Defendant Hatacke improperly asks this Court to look beyond the four-corners of the Amended Complaint and grant its request for summary judgment motion. Defendant Hatecke submits the Declaration of Andres Heinrich and a photograph in which it claims that it had no responsibility for the wire/cord and its inspection services was limited to the lifeboat itself. [D.E. 39, p. 7, 39-1, 39-2] Without allowing the Plaintiff the benefit of discovery, Defendant Hatecke asks this Court to accept its blanket assertions and find that it had no role in the Decedent's death. Defendant Hatecke's request for summary judgment is premature.

The law is clear that this Court should "not consider anything beyond the face of the complaint ... when analyzing a motion to dismiss." *Financial Sec. Assur. v. Stephens, Inc.*, 500 F.3d 1276 (11th Cir. 2007); *St. George v. Pinellas County*, 285 F.3d 1334 (11th Cir. 2002) (at the motion to dismiss phase the court's review is limited to the four corners of the complaint); *Franza v. Royal Caribbean Cruises, Ltd.*, 772 F.3d 1225, 1237-38 (11th Cir. 2014) (declining to look at the ticket contract at the early motion to dismiss phase. Noting that even if the court was to look

at the document, it would not consider the doctor and nurse independent contractors, just because that is what the cruise line calls them.); *Brown v. Carnival Corp.*, 202 F.Supp. 3d 1332, 1340 (S.D. Fla. 2016); *Gibson v. NCL (Bahamas) Ltd.*, 2012 WL 1952667 (S.D.Fla. 2012).

The only very limited exception to this rule is where: (1) a plaintiff's complaint refers to a *specific document*; (2) the document is *central* to the plaintiff's claim; (3) its contents are *not in dispute*; and (4) the defendant attaches "the document" to its motion to dismiss, the court *may* consider it. *Financial Sec Assur* at 1284. This limited exception does not apply under these circumstances of this case. Plaintiff's Amended Complaint does not refer to any such specific photograph and the contents of Andres Heinrich's Declaration is in dispute.

In the event that this Court was inclined to look beyond the four corners of the Amended Complaint and convert Defendant Hatecke's motion to a summary judgment motion, Plaintiff should first be afforded the opportunity to conduct discovery in order to address the Defendant Hatecke's assertions. Fed.R.Civ.P. 56(d); *Evans v. Rhodes*, 735 Fed. Appx 986, 988 (11th Cir. 2018)(when district court converts a motion to dismiss into one for summary judgment, the court is required to give notice to the parties and an opportunity for discovery); *Adinolfe v. United Technologies Corp.*, 768 F.3d 1161)(11th Cir. 2014).

As Plaintiff has not yet had the opportunity to conduct discovery, she cannot present essential facts to justify her opposition to the summary judgment motion. Plaintiff's request for the deposition of Andres Heinrich has been denied. (Exhibit 1 – Declaration) Hatecke has refused to provide dates for the same indicating it will not agree to produce the witness until after this Court rules on its Motion to Dismiss. *Id.*

**Conclusion**

For all of the foregoing reasons, Plaintiff respectfully requests that this Court deny the Defendant's Motion to Dismiss. If, however, this Court believes that any of the Plaintiff's counts fail to state a cause of action, Plaintiff respectfully requests leave of Court to file an Amended Complaint. Plaintiff further requests that this Court deny the Motion for Summary Judgment as premature and allow the Plaintiff to conduct discovery prior to ruling on the same.

WHEREFORE, the Plaintiff respectfully requests that this Court deny the Defendant's Motion to Dismiss in its entirety and to deny the Motion for Summary Judgment as premature.

Respectfully submitted,

LIPCON, MARGULIES,
ALSINA & WINKLEMAN, P.A.
*Attorneys for Plaintiff*
One Biscayne Tower, Suite 1776
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204

By: */s/ Carol L. Finklehoffe*
**CAROL L. FINKLEOFFE**
Florida Bar No. 0015903
cfinklehoffe@lipcon.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 5, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by

CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

By: */s/ Carol L. Finklehoffe*
**CAROL L. FINKLEOFFE**

**SERVICE LIST**
*Buenaventura v. NCL (Bahamas) Ltd. et. al.*
Case no.: 18-cv-22922-KMM

| | |
|---|---|
| **Michael Winkleman, Esq.**<br>Florida Bar No.: 36719<br>mwinkleman@lipcon.com<br>**Carol L. Finklehoffe, Esq.**<br>Florida Bar No.: 0015903<br>cfinklehoffe@lipcon.com<br>LIPCON, MARGULIES,<br>ALSINA & WINKLEMAN, P.A.<br>One Biscayne Tower, Suite 1776<br>2 South Biscayne Boulevard<br>Miami, Florida 33131<br>Telephone No.: (305) 373-3016<br>Facsimile No.: (305) 373-6204<br>*Attorneys for Plaintiff* | **Jerry D. Hamilton, Esq.**<br>Florida Bar No.: 970700<br>jhamilton@hamiltonmillerlaw.com<br>**Robert M. Oldershaw, Esq.**<br>Florida Bar No.: 86071<br>roldershaw@hamiltonmillerlaw.com<br>**Elisha M. Sullivan, Esq.**<br>Florida Bar No.: 57559<br>esullivan@hamiltonmillerlaw.com<br>emarrero@hamiltonmillerlaw.com<br>dlemus@hamiltonmillerlaw.com<br>150 S.E. 2nd Avenue, Suite 1200<br>Miami, Florida 33131<br>Tel: (305) 379-3686<br>Fax: (305) 379-3690<br>*Attorneys for Defendant Hatecke Service USA, LLC* |
| **Anthony P. Strasius, Esq.**<br>Florida Bar No.: 988715<br>Anthony.strasius@wilsonelser.com<br>**Steven C. Jones, Esq**.<br>Florida Bar No.: 107516<br>Steven.jones@wilsonelser.com<br>Wilson, Elser, Moskowitz,<br>Edelman & Dicker, LLP<br>100 Southeast Second Street, Suite 3800<br>Miami, Florida 33131<br>Tel: (305) 374-4400<br>Fax: (305) 579-0261<br>*Attorneys for Defendant D-1 Davit International, Inc.* | **Curtis Mase, Esq.**<br>Florida Bar No.: 73928<br>cmase@maselaw.com<br>kfehr@maselaw.com<br>**Cameron W. Eubanks, Esq.**<br>Florida Bar No.: 85865<br>ceubanks@maselaw.com<br>rcoakley@maselaw.com<br>**Adam Finkel, Esq.**<br>Florida Bar No.: 101505<br>afinkel@maselaw.com<br>carbelaez@maselaw.com<br>filing@maselaw.com<br>**Scott P. Mebane, Esq.**<br>Florida Bar No.: 273030<br>smebane@maselaw.com |

- 9 -

|  | ctoth@maselaw.com <br> receptionist@maselaw.com <br> MASE, MEBANE & BRIGGS <br> 2601 S. Bayshore, Drive, Suite 800 <br> Miami, Florida 33133 <br> Telephone: (305) 377-3770 <br> Facsimile: (305) 377-0800 <br> *Attorneys for Defendant NCL (Bahamas) Ltd.* |
|---|---|