UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:18-cv-22922-MOORE/SIMONTON

GERALDINE BUENAVENTURA,
as personal representative of the
estate of BEN BUENAVENTURA,

    Plaintiff,

v.

NCL (BAHAMAS) LTD.,
D-I DAVIT INTERNATIONAL, INC.,
HATECKE SERVICE USA, LLC., and
D-I DAVIT INTERNATIONAL-HISCHE
GMBH,

    Defendants.
_____/

**PLAINTIFF'S MOTION CONDUCT DISCOVERY
PURSUANT TO FED.R.CIV.P. 56(d)(1)**

    Plaintiff, Geraldine Buenaventura, by and through undersigned counsel and pursuant to Fed. R. Civ. P. 56(d), hereby files its Motion to Conduct Discovery, and in support thereof, states as follows:

1. This case arises from the death of crewmember Ben Buenaventura ("Decedent") who was killed when, as a result of the Defendants' negligence, he plummeted six stories into the water during a life boat drill. He was grievously injured and remained in an ICU unit for 40 days before succumbing to his injuries. Decedent is survived by his wife and 6 year old daughter.

2. Plaintiff has alleged that the lifeboat system was defective because it "detached from the vessel when a securing wire in the lifeboat system snapped and/or broke" which caused the

L I P C O N ,   M A R G U L I E S ,   A L S I N A   &   W I N K L E M A N ,   P . A

lifeboat to detach from the vessel and crash to the ocean [D.E. 31, ¶17]

3. Defendant Hatecke Service USA, LLC's ("Hatecke") has filed its Motion to Dismiss Plaintiff's Amended Complaint and Alternatively For Summary Judgment [D.E. 39] Plaintiff has filed her Response in Opposition to this Motion. [D.E. 45].

4. Hatecke contends this Court should grant its Motion because it that it had no responsibility for the wire/cord and its inspection services was limited to the lifeboat itself. [D.E. 39, p. 7, 39-1, 39-2]

5. Plaintiff has not yet had the opportunity to conduct discovery and she cannot present essential facts to justify her opposition to the summary judgment motion. The Plaintiff's inability to obtain evidence is <u>not</u> a due to a lack of diligence.

6. The Plaintiff has never had access to the accident scene, the subject lifeboat system or witnesses. In fact, this incident is still under investigation by the Bermuda Maritime Administration in conjunction with the Bahamian Maritime Authority. These authorities have not yet released their official investigative report which will undoubtedly reveal more information as to the exact nature of the defect(s). Accordingly, there is a reasonable expectation that discovery will reveal more information and evidence of the exact nature of the defect(s).

7. At this early stage of the litigation Plaintiff can not respond to the Defendant's position that it had no involvement with the defect because it is impossible for her to know the exact source of the defect(s) or whether there were any other factors which caused the lifeboat to detach and plummet to the ocean. The 11th Circuit Court of Appeal has recognized that the very nature of a products liability action, where the cause or source of the defect is not obvious to the consumer, it is difficult for a plaintiff to know the source of the defect that

was responsible for the harm caused. *Bailey v. Janssen Pharmaceutica, Inc.*, 288 F. App'x 597, 603, 605 (11th Cir. 2008); *Hosler v. Alcon Laboratories, Inc.*, 2012 WL 4792983 *6 (M.D.Fla. Oct. 9, 2012).

8. Plaintiff's has requested the deposition of Andres Heinrich (Exhibit 1 – Declaration) Hatecke has refused to provide a date for the same indicating it will not agree to produce the witness until after this Court rules on its Motion to Dismiss. *Id.* Plaintiff has also propounded written discovery on the Defendant. Id.

9. Rule 56(d) of the Federal Rules of Civil Procedure states that if a party opposing summary judgment "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."

WHEREFORE, the Plaintiff respectfully requests this Honorable Court defer ruling on Hatecke's request for summary judgment in its favor until such time as the Plaintiff has been afforded the opportunity to conduct discovery.

Respectfully submitted,

LIPCON, MARGULIES,
ALSINA & WINKLEMAN, P.A.
*Attorneys for Plaintiff*
One Biscayne Tower, Suite 1776
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204

By: */s/ Carol L. Finklehoffe*
**CAROL L. FINKLEOFFE**
Florida Bar No. 0015903
cfinklehoffe@lipcon.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 5, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

By: */s/ Carol L. Finklehoffe*
**CAROL L. FINKLEOFFE**

## SERVICE LIST
*Buenaventura v. NCL (Bahamas) Ltd. et. al.*
**Case no.: 18-cv-22922-KMM**

| | |
|---|---|
| **Michael Winkleman, Esq.** <br> Florida Bar No.: 36719 <br> mwinkleman@lipcon.com <br> **Carol L. Finklehoffe, Esq.** <br> Florida Bar No.: 0015903 <br> cfinklehoffe@lipcon.com <br> LIPCON, MARGULIES, <br> ALSINA & WINKLEMAN, P.A. <br> One Biscayne Tower, Suite 1776 <br> 2 South Biscayne Boulevard <br> Miami, Florida 33131 <br> Telephone No.: (305) 373-3016 <br> Facsimile No.: (305) 373-6204 <br> *Attorneys for Plaintiff* | **Jerry D. Hamilton, Esq.** <br> Florida Bar No.: 970700 <br> jhamilton@hamiltonmillerlaw.com <br> **Robert M. Oldershaw, Esq.** <br> Florida Bar No.: 86071 <br> roldershaw@hamiltonmillerlaw.com <br> **Elisha M. Sullivan, Esq.** <br> Florida Bar No.: 57559 <br> esullivan@hamiltonmillerlaw.com <br> emarrero@hamiltonmillerlaw.com <br> dlemus@hamiltonmillerlaw.com <br> 150 S.E. 2nd Avenue, Suite 1200 <br> Miami, Florida 33131 <br> Tel: (305) 379-3686 <br> Fax: (305) 379-3690 <br> *Attorneys for Defendant Hatecke Service USA, LLC* |
| **Anthony P. Strasius, Esq.** <br> Florida Bar No.: 988715 <br> Anthony.strasius@wilsonelser.com <br> **Steven C. Jones, Esq**. <br> Florida Bar No.: 107516 <br> Steven.jones@wilsonelser.com | **Curtis Mase, Esq.** <br> Florida Bar No.: 73928 <br> cmase@maselaw.com <br> kfehr@maselaw.com <br> **Cameron W. Eubanks, Esq.** <br> Florida Bar No.: 85865 |

| | |
|---|---|
| Wilson, Elser, Moskowitz, Edelman & Dicker, LLP<br>100 Southeast Second Street, Suite 3800<br>Miami, Florida 33131<br>Tel: (305) 374-4400<br>Fax: (305) 579-0261<br>*Attorneys for Defendant D-1 Davit International, Inc.* | ceubanks@maselaw.com<br>rcoakley@maselaw.com<br>**Adam Finkel, Esq.**<br>Florida Bar No.: 101505<br>afinkel@maselaw.com<br>carbelaez@maselaw.com<br>filing@maselaw.com<br>**Scott P. Mebane, Esq.**<br>Florida Bar No.: 273030<br>smebane@maselaw.com<br>ctoth@maselaw.com<br>receptionist@maselaw.com<br>MASE, MEBANE & BRIGGS<br>2601 S. Bayshore, Drive, Suite 800<br>Miami, Florida 33133<br>Telephone: (305) 377-3770<br>Facsimile: (305) 377-0800<br>*Attorneys for Defendant NCL (Bahamas) Ltd.* |