UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:18-cv-22922-MOORE/SIMONTON

GERALDINE BUENAVENTURA,
as personal representative of the
estate of BEN BUENAVENTURA,

      Plaintiff,

v.

NCL (BAHAMAS) LTD.,
D-I DAVIT INTERNATIONAL, INC.,
HATECKE SERVICE USA, LLC., and
D-I DAVIT INTERNATIONAL-HISCHE
GMBH,

      Defendants.

_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT D-I DAVIT
INTERNATIONAL, INC.'S MOTION TO DISMISS PLAINTIFF'S AMENDED
COMPLAINT AND ALTERNATIVELY FOR SUMMARY JUDGMENT**

      COMES NOW, Plaintiff, Geraldine Buenavantura, as personal representative of the estate

of Ben Buenaventura, by and through undersigned counsel, hereby responds in opposition to D-I

Davit International, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint and Alternatively

For Summary Judgment [D.E. 42], and states:

**Introduction**

      Crewmember Ben Buenaventura ("Decedent") was killed when, as a result of the

Defendants' negligence, he plummeted six stories into the water during a life boat drill.  He was

grievously injured and remained in an ICU unit for 40 days before succumbing to his injuries.

Decedent is survived by his wife and 6 year old daughter.

The Plaintiff has filed suit against both D-I Davit International, Inc ("Davit International") and D-I Davit International Gmbh ("Davit DE") as Defendants[1].  Davit International is a Delaware Corporation registered to do business in Florida.  [D.E. 31, ¶5]  Davit DE is the parent company of Davit International and is doing business in Florida through its agent and/or representative, Davit International.  [D.E. 31, ¶7.]

In its Motion, Defendant Davit International improperly asks this Court to look beyond the four corners of the Amended Complaint and find in its favor.  For the reasons set forth below, Davit International's Motion to Dismiss should be denied in its entirety and the Motion for Summary Judgment denied as premature.   Plaintiff should be afforded the opportunity to conduct discovery before this Court rules on the issues asserted by the Defendant.

### Standard of Review

The Court must construe a complaint in the light most favorable to the Plaintiff, and accept all facts and all reasonable inferences drawn from those facts as true. *Hinson v. King & Spalding*, 467 U.S. 69, 73 (1984): *Gentry v. Carnival Corp.,* 2011 WL 4737062 (S.D. Fla. October 5, 2011); *Erickson v. Pardus*, 551 U.S. 89 (2007); *Brooks v. Blue Cross and Blue Shield of Florida, Inc*., 116 F.3d 1364, 1369 (11th Cir. 1997).    The rule does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise the reasonable expectation that discovery will reveal evidence of a necessary element.  *Chaparro v. Carnival Corp*., 693 F.3d at 1337 (11th Cir. 2012); *Watts v. Fla. Int'l Univ.,* 495 F.3d 1289, 1295-96 (11th Cir. 2007).  *Gentry v. Carnival Corp.,* case no.: 21580-cv-JG, 2011 WL 4737062 (S.D.Fla. October 15, 2011).  Thus, a well pled complaint survives a motion to dismiss "even if it strikes the savvy judge that actual

---

[1] On August 29, 2018, the Plaintiff sent, via Federal Express, Defendant Davit DE with her Notice of a Lawsuit and Request to Waive Service of a Summons.  Same was delivered on September 9, 2018 and signed for by F. Winter. Defendant Davit DE is required to return the Waiver of the Service of Summons on or before October 29, 2018.

proof of these facts are improbable and 'that a recovery is remote and unlikely.'" *Twombly*, 550 U.S. at 556.

Review of the Plaintiff's Complaint shows that she alleged sufficient factual allegations, which taken as true and drawing all reasonable inferences in favor of the Plaintiff, state a cause of action.

<u>**Allegations of the Amended Complaint**</u>

Plaintiff has alleged that Davit International and/or Davit DE, was "the <u>manufacturer and/or seller</u> of the davit(s) which was/were <u>incorporated into the lifeboat system</u> used aboard the *Norwegian Breakaway.*" [D.E. 31, ¶10]  Further, that Davit International and/or Davit DE provided <u>aftersales customer support</u> to Defendant NCL, as to all aspects of the davits and lifeboat systems, including but not limited to <u>annual and periodic inspections</u> in accordance with required SOLAS, IMO and other applicable industry standards, as well as <u>maintenance, repairs, technical help and crew training</u>." [D.E. 31, ¶11]

The subject lifeboat system incorporated and utilized a davit which was <u>manufactured and sold</u> by Defendant Davit International and/or Davit DE, and the lifeboat system was <u>serviced, inspected, certified and/or maintained</u> (at least in part) by Defendants Davit International, Davit DE and/or Hatecke. [D.E. 31, ¶16]

After entering a lifeboat on Deck 7, the lifeboat detached from the vessel when a securing wire <u>in the lifeboat system</u> snapped and/or broke causing decedent Ben Buenaventura to fall nearly six stories into the water.  [D.E. 31, ¶17]

Plaintiff further alleged that the condition of the subject davit from the time it left its place of manufacture through the time of decedent's accident, was defective and unreasonably dangerous to intended and foreseeable user and not reasonably fit for the ordinary purpose for which the davit

3

is used.  [D.E. 31, ¶63, ¶67]

### The Defendant's Attempt to Look Beyond the Four Corners of the
### Amended Complaint is Improper on a Motion to Dismiss and the Plaintiff Should be
### Allowed to Conduct Discovery Prior to Ruling on Defendant's Summary Judgment Motion

The law is clear that this Court should "not consider anything beyond the face of the complaint ... when analyzing a motion to dismiss." *Financial Sec. Assur. v. Stephens, Inc.*, 500 F.3d 1276 (11th Cir. 2007); *St. George v. Pinellas County*, 285 F.3d 1334 (11th Cir. 2002) (at the motion to dismiss phase the court's review is limited to the four corners of the complaint); *Franza v. Royal Caribbean Cruises, Ltd.*, 772 F.3d 1225, 1237-38 (11th Cir. 2014) (declining to look at the ticket contract at the early motion to dismiss phase. Noting that even if the court was to look at the document, it would not consider the doctor and nurse independent contractors, just because that is what the cruise line calls them.); *Brown v. Carnival Corp.*, 202 F.Supp. 3d 1332, 1340 (S.D. Fla. 2016); *Gibson v. NCL (Bahamas) Ltd.*, 2012 WL 1952667 (S.D.Fla. 2012).

The only very limited exception to this rule is where: (1) a plaintiff's complaint refers to a *specific document*; (2) the document is *central* to the plaintiff's claim; (3) its contents are *not in dispute*; and (4) the defendant attaches "the document" to its motion to dismiss, the court *may* consider it. *Financial Sec Assur* at 1284.  This limited exception does not apply under these circumstances of this case.  Plaintiff's Amended Complaint does not refer to any such specific document and the contents of Joachim Wiese Declaration are in dispute.

In his declaration, Joachim Wiese claims that Davit International is an inactive company which had no involvement with the manufacture, sale or service of the subject lifeboat system. Without allowing the Plaintiff the benefit of discovery, Defendant Davit International asks the Plaintiff and this Court to simply accept its assertions.

However, a simple check with the Florida Department of Corporations shows that Mr.

4

L I P C O N ,   M A R G U L I E S ,   A L S I N A   &   W I N K L E M A N ,   P . A .

Wiese' Declaration is not true and correct.  Since November 5, 2015, Davit International has been and remains an <u>active</u> corporation in the state of Florida.  Each year Defendant has filed an Annual Report maintaining the corporation's active status, the last one being filed on March 11, 2018, just one month before the initial lawsuit was filed.    In its Application by Foreign Corporation for Authorization to Transact Business in Florida ("the Application"), and each annual report, Davit International states it has its principle place of business at 695 NW 4th Avenue, Fort Lauderdale, Florida 33311.  Joachim Weise, who is also listed at the same address is identified as a director, officer and president.  In each document submitted to state of Florida, Mr. Weise attested that the information provided was "true and accurate."

Each year Defendant also filed an Annual Franchise Tax Report with the state of Delaware, the most recent being filed on February 20, 2018 (just two months before the filing of the initial complaint).  Again, each report identifies Davit International as having its principle place of business at 695 NW 4th Avenue, Fort Lauderdale, Florida 33311, with Joachim Weise, who is also listed at the same address, identified as a director, officer and president.  These forms were submitted by Mr. Weise under penalty of perjury for making false statements.

Further investigation has found that Davit DE's website lists itself as having an "Office USA" and provides a phone number with a 954 Fort Lauderdale area code.  Davit DE has also issued press releases announcing the opening of a parts warehouse in Fort Lauderdale in an "effort to better serve the cruise ship industry."   Plaintiff's investigation has revealed that the "parts warehouse" is located at 695 NW 4th Avenue, Fort Lauderdale, Florida 33311, Davit International's principle place of business.

Similarly, in its literature and marketing material Davit DE touts it's extensive "aftersales" services with "world-wide deployment from Germany or direct from one of its local service

stations."   A local service station is identified at 695 NW 4th Avenue, Fort Lauderdale, Florida 33311, Davit International's principal place of business.   Additional investigation also shows that Davit International and/or Davit DE provides technical support and training to crewmembers of the *Norwegian Breakaway*, to ensure the crewmembers use and/or maintain the subject lifeboat system in a proper manner.

The Plaintiff is not required to simply accept Defendant Davit International's position without further investigation, especially in light of the aforementioned information Plaintiff was able to discover.  Plaintiff acknowledges that the information referenced herein is beyond the four corners of the Amended Complaint just as the Declaration of Joachim Weise is beyond the four corners of the Amended Complaint.   Thus illustrating that facts are in dispute and entry of a summary judgment is premature.

Plaintiff has specifically advised Defendant that "Without knowing the intricacies of the corporate structure of your client, I cannot just swap out the defendants.  I would suggest that we add in the GMBH entity and conduct limited discovery to allow us to understand the relationship, if any, Thoughts?" [D.E. 42-1, p. 10]. Plaintiff has since requested dates for the deposition of Mr. Weise and has propounded Requests for Production.

Plaintiff has not yet had the opportunity to conduct discovery and she cannot present essential facts to justify her opposition to the summary judgment motion.  (Exhibit 1 – Declaration) In the event that this Court was inclined to look beyond the four corners of the Amended Complaint and convert Defendant Davit International's motion to a summary judgment motion, Plaintiff should first be afforded the opportunity to conduct discovery in order to address the Defendant Davit International's assertions.   Fed.R.Civ.P. 56(d); *Evans v. Rhodes*, 735 Fed. Appx 986, 988 (11th Cir. 2018)(when district court converts a motion to dismiss into one for summary judgment,

the court is required to give notice to the parties and an opportunity for discovery); *Adinolfe v. United Technologies Corp.*, 768 F.3d 1161)(11th Cir. 2014).

**Plaintiff has Properly Stated a Cause of Action for**
**Strict Liability and/or Breach of Implied Warranty for Fitness**

Reviewing the Amended Complaint in the light most favorable to the Plaintiff, and accepting all facts and all reasonable inferences as true, Plaintiff has properly stated a cause of action against Defendant Davit International.   Plaintiff has alleged that Davit International and/or Davit DE manufactured, designed, marketed, sold, and distributed the subject davit which was incorporated into the lifeboat system that ultimately failed, resulting in the death of the Decedent. [D.E. 31, ¶¶ 9, 10, 16, 17, 60, and 66].  This allegation, in and of itself is sufficient to establish the link between Davit International and the lifeboat system.   *Bailey v. Janssen Pharmaceutica, Inc.,* 288 Fed. Appx. 597, 607 (11th Cir. 2008) (a complaint alleging that "each defendant participated in the 'business of designing, creating, manufacturing, testing, labeling, packaging, supplying, marketing, selling, advertising, warning and otherwise distributing and placing in the stream of commerce . . . minimally satisfied the required relationship element of the strict liability test."); *Krywokulski v. Ethicon, Inc*., 2010 W.L. 326166 *3 (M.D.Fla. 2010)

As indicated above, the exact relationship between Davit International and Davit DE is in dispute and further discovery is warranted.   The cases cited by Defendant support the need for further discovery.   Review of these cases show that each was decided at the summary judgment stage or after judgment following a trial.   *Liggett Group, Inc. v. Engle*, 853 So.2d 434, 467 n. 46 (Fla. DCA 2003)(final judgment reversed where evidence was insufficient to support judgment against defendants); *Howe v. Wyath Inc.*, 2010 WL 1708857 (M.D.Fla. Apr. 26, 2010)(summary judgment granted where plaintiff could not show he ingested defendant's product); *Siemens Energy & Automation, Inc. v. Medina*, 719 So. 2d 312 (Fla. 3d DCA 1998)(final judgment reversed

7

where defendant was only a conduit of information and not a distributor or retailer); *Manely-Deboer Lumber Co. v. Georgia-Pacific Corp.*, 897 So.2d 528 (Fla. 3d DCA 2005)(summary judgment entered where plaintiff could not establish which of the three defendants supplied the defective wood); *Scheckells v. AGV-USA Corp.*, 987 F.2d 1532 (11th Cir. 1993)(summary judgment was proper where there was no evidence that defendant was a manufacturer).

Defendant's argument that Davit International was not incorporated at the time original davit was manufactured and installed is not sufficient to warrant dismissal of the Amended Complaint.   Based upon the information known and available, the Plaintiff has alleged that "a securing wire in the lifeboat system snapped and/or broke."  [D.E. 31, ¶17].  At this stage it is impossible for the Plaintiff to know whether the original davit or any of its component parts were replaced, and if so when.  Replacement parts incorporated into the lifeboat system could have occurred after Davit International was incorporated and became an active company in Florida. Further discovery is warranted.

The 11th Circuit Court of Appeal has recognized that the very nature of a products liability action, where the cause or source of the defect is not obvious to the consumer, it is difficult for a plaintiff to know the source of the defect that was responsible for the harm caused.  *Bailey v. Janssen Pharmaceutica, Inc.*, 288 F. App'x 597, 603, 605 (11th Cir. 2008).   As further explained in *Hosler v. Alcon Laboratories, Inc.*, 2012 WL 4792983 *6 (M.D.Fla. Oct. 9, 2012):

> . . . at the motion-to-dismiss stage, where "only the pleadings have been filed and no evidence has been placed of record," the plaintiff must "allege [only] the existence of a defect or that the defect has led to an unreasonably dangerous condition ...." *Id.* The court continued, explaining that a plaintiff cannot reasonably be expected "to prove the existence of a product defect at the pleading stage of trial." *Id.* In addition, the court noted that, so early in the case, the plaintiff was not even required to identify whether the alleged defect stemmed from the product's design, manufacture, or warning. *Id.* at 3. Indeed, the Eleventh Circuit has observed that "it would be difficult at such an early stage in the litigation for [a] plaintiff to know whether a defect was due to a product's design or manufacture." *Bailey v.*

*Janssen Pharmaceutica,* 288 F. App'x 597, 605 (11th Cir.2008). Instead, a plaintiff's "allegation of a defect alone is sufficient, as mere knowledge of a defect gives defendant enough notice to produce a proper response which may include discussion of a manufacturing or design-based defect." *Krywokulski,* 2010 WL at *3 (citing *Bailey,* 288 F. App'x at 608).

In her Amended Complaint, the Plaintiff has alleged that the lifeboat system was defective because it "detached from the vessel when a securing wire in the lifeboat system snapped and/or broke causing decedent Ben Buenaventura to fall nearly six stories into the water." [D.E. 31, ¶17] The Plaintiff need not allege more to satisfy the pleading requirements since at this stage of the litigation it is impossible for the Plaintiff to know the exact source of the defect(s) and whether there were any other factors or causes contributing the lifeboat detaching from the vessel and plummeting to the ocean. Further, there a reasonable expectation that discovery will reveal more information and evidence of the exact nature of the defect(s)[2]. Taken in their totality, and drawing all reasonable inferences in favor of the Plaintiff, the facts alleged in the Amended Complaint indisputably state a claim for relief which is plausible on its face.

## Conclusion

For all of the foregoing reasons, Plaintiff respectfully requests that this Court deny the Defendant's Motion to Dismiss. If, however, this Court believes that any of the Plaintiff's counts fail to state a cause of action, Plaintiff respectfully requests leave of Court to file an Amended Complaint. Plaintiff further requests that this Court deny the Motion for Summary Judgment as premature and allow the Plaintiff to conduct discovery prior to ruling on the same.

WHEREFORE, the Plaintiff respectfully requests that this Court deny the Defendant's

---

[2] This incident is under investigation by the Bermuda Maritime Administration in conjunction with the Bahamian Maritime Authority. These authorities have not yet released their official investigative report. This report will likely reveal more information as to the exact nature of the defect(s).

LIPCON, MARGULIES, ALSINA & WINKLEMAN, P.A.

Motion to Dismiss in its entirety and to deny the Motion for Summary Judgment as premature.

Respectfully submitted,

LIPCON, MARGULIES,
ALSINA & WINKLEMAN, P.A.
*Attorneys for Plaintiff*
One Biscayne Tower, Suite 1776
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204

By: */s/ Carol L. Finklehoffe*
**CAROL L. FINKLEOFFE**
Florida Bar No. 0015903
cfinklehoffe@lipcon.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 5, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

By: */s/ Carol L. Finklehoffe*
**CAROL L. FINKLEOFFE**

## SERVICE LIST
*Buenaventura v. NCL (Bahamas) Ltd. et. al.*
**Case no.: 18-cv-22922-KMM**

| | |
|---|---|
| **Michael Winkleman, Esq.** | **Jerry D. Hamilton, Esq.** |
| Florida Bar No.: 36719 | Florida Bar No.: 970700 |
| mwinkleman@lipcon.com | jhamilton@hamiltonmillerlaw.com |
| **Carol L. Finklehoffe, Esq.** | **Robert M. Oldershaw, Esq.** |
| Florida Bar No.: 0015903 | Florida Bar No.: 86071 |
| cfinklehoffe@lipcon.com | roldershaw@hamiltonmillerlaw.com |
| LIPCON, MARGULIES, | **Elisha M. Sullivan, Esq.** |
| ALSINA & WINKLEMAN, P.A. | Florida Bar No.: 57559 |
| One Biscayne Tower, Suite 1776 | esullivan@hamiltonmillerlaw.com |
| 2 South Biscayne Boulevard | emarrero@hamiltonmillerlaw.com |
| Miami, Florida 33131 | dlemus@hamiltonmillerlaw.com |

LIPCON, MARGULIES, ALSINA & WINKLEMAN, P.A.

| | |
|---|---|
| Telephone No.: (305) 373-3016<br>Facsimile No.: (305) 373-6204<br>*Attorneys for Plaintiff* | 150 S.E. 2nd Avenue, Suite 1200<br>Miami, Florida 33131<br>Tel: (305) 379-3686<br>Fax: (305) 379-3690<br>*Attorneys for Defendant Hatecke Service USA, LLC* |
| **Anthony P. Strasius, Esq.**<br>Florida Bar No.: 988715<br>Anthony.strasius@wilsonelser.com<br>**Steven C. Jones, Esq.**<br>Florida Bar No.: 107516<br>Steven.jones@wilsonelser.com<br>Wilson, Elser, Moskowitz,<br>Edelman & Dicker, LLP<br>100 Southeast Second Street, Suite 3800<br>Miami, Florida 33131<br>Tel: (305) 374-4400<br>Fax: (305) 579-0261<br>*Attorneys for Defendant D-1 Davit International, Inc.* | **Curtis Mase, Esq.**<br>Florida Bar No.: 73928<br>cmase@maselaw.com<br>kfehr@maselaw.com<br>**Cameron W. Eubanks, Esq.**<br>Florida Bar No.: 85865<br>ceubanks@maselaw.com<br>rcoakley@maselaw.com<br>**Adam Finkel, Esq.**<br>Florida Bar No.: 101505<br>afinkel@maselaw.com<br>carbelaez@maselaw.com<br>filing@maselaw.com<br>**Scott P. Mebane, Esq.**<br>Florida Bar No.: 273030<br>smebane@maselaw.com<br>ctoth@maselaw.com<br>receptionist@maselaw.com<br>MASE, MEBANE & BRIGGS<br>2601 S. Bayshore, Drive, Suite 800<br>Miami, Florida 33133<br>Telephone: (305) 377-3770<br>Facsimile: (305) 377-0800<br>*Attorneys for Defendant NCL (Bahamas) Ltd.* |

LIPCON, MARGULIES, ALSINA & WINKLEMAN, P.A.