## NOTICE TO ARBITRATE

TO: **HEIRS OF BEN BUENAVENTURA AS REPRESENTED BY MS. GERALDINE BUENAVENTURA**

ADDRESS: Sitio Libu, Villa Santiago, Brgy. Balayong, Malolos, Bulacan, Philippines

REPRESENTED BY: **MR. MICHAEL A. WINKLEMAN of LIPCON, MARGULIES, ALSINA & WINKLEMAN, P.A.**
ADDRESS: One Biscayne Tower, Suite 1776 Two South Biscayne Boulevard, Miami, Florida 33131, USA

PLEASE TAKE NOTICE that pursuant to the arbitration clause in the collective bargaining agreement, copy attached, the undersigned party decided to submit to voluntary arbitration the following issue:

Specific issue to be arbitrated: The entitlements of the respondents under the CBA and the POEA Contract resulting from the incident last 20 July 2016 suffered by Mr. Ben Buenaventura.

Relief sought: Determination of the entitlement of the respondent under the CBA and the POEA Contract.

You are hereby notified that copy of our voluntary arbitration agreement as contained in our CBA and this Notice to Arbitrate are filed with the National Conciliation and Mediation Board (NCMB) – Regional Branch of Intramuros, Manila, with the request that it commence the arbitration proceedings or selection and appointment of voluntary arbitrator.

NAME OF INITIATING PARTY: **C.F. SHARP CREW MANAGEMENT SERVICES, INC. AND NORWEGIAN CRUISE LINE, LTD.**
ADDRESS: **Casa Rocha 290-292 General Luna St., Intramuros, Manila**

REPRESENTED BY: **DAVID EVELIO O. VALENCIA of DEL ROSARIO & DEL ROSARIO LAW OFFICES**
ADDRESS: 14th Floor DelRosarioLaw Centre, 21st Drive corner 20th Drive, Bonifacio Global City, 1630 Taguig, Metro Manila Philippines.

| | |
|---|---|
| 9 September 2016<br>Date | David Evelio O. Valencia<br>Name and Signature over printed name |

Republic of the Philippines
Department of Labor and Employment
**NATIONAL CONCILIATION AND MEDIATION BOARD – NCR**
Office of the Voluntary Arbitrator
National Capital Region
Ground Floor DOLE Building, Intramuros Manila

**C.F. SHARP CREW MANAGEMENT, INC.,
AND NORWEGIAN CRUISE LINE, LTD.,**
                              Complainants,

        - versus -         NCMB Case No. _____
                                  Conciliator/Mediator: _____

**HEIRS OF BEN BUENAVENTURA as
represented by GERALDINE
BUENAVENTURA,**
                              Respondents,
x -----------------------------------------------------------------x

# COMPLAINT

      **COME NOW** complainants **C.F. SHARP CREW MANAGEMENT, INC., AND NORWEGIAN CRUISE LINE, LTD.,** by their undersigned attorneys and unto this Honorable Office most respectfully state:

      1.    Complainant **NORWEGIAN CRUISE LINE, LTD**., is a foreign juridical entity engaged in the shipping business while complainant **C.F. SHARP CREW MANAGEMENT, INC.**is a corporation duly organized and existing under Philippine laws with business address at Casa Rocha 290-292 General Luna St., Intramuros, Manila. Complainants may be served with summons and process through the office address of their counsel of record at 14th floor DelRosarioLaw Centre, 21st Drive corner 20th Drive, Bonifacio Global City, 1630 Taguig, Metro Manila Philippines;

      2.    Respondents Heirs of Ben Buenaventura are the surviving heirs of Ben Buenaventura. They are represented by **GERALDINE BUENAVENTURA** who is the surviving spouse of seafarer Ben Buenaventura. The latter was employed by complainant C.F. Sharp Crew Management, Inc. on behalf of

complainant Norwegian Cruise Line, Ltd. on board the vessel **MV "Norwegian Breakaway"** as shown by a copy of his POEA-approved Contract of Employment[1] duly signed by the parties. Respondents are currently represented by Mr. MICHAEL A. WINKLEMAN of LIPCON, MARGULIES, ALSINA & WINKLEMAN, P.A. with address at One Biscayne Tower, Suite 1776 Two South Biscayne Boulevard, Miami, Florida 33131, USA.

Substituted service of summons and processes may also be made upon the respondents, represented by Geraldine Buenaventura in her given address at Sitio Libu, Villa Santiago, Brgy. Balayong, Malolos, Bulacan, Philippines in accordance with the case of *Leah Palma v. Hon. Danilo Galvez in his capacity as Presiding Judge of Regional trial Court of Iloilo City, Branch 24; and Psyche Elena Agudo*[2];

3. The employment agreement between the complainant and Ben Buenaventura is covered by the POEA Standard Employment Contract (POEA-SEC)[3] and the Collective Bargaining Agreement (CBA) between NCL Bahamas and NCLM Ltd. and Norwegian Seafarers Union for Catering Personnel[4].

Based on the provisions of the POEA-SEC, any claim or dispute arising from the employment shall be submitted to the original and exclusive jurisdiction of the voluntary arbitrator or panel of voluntary arbitrators chosen from the accredited voluntary arbitrators of the National Conciliation and Mediation Board (NCMB), to wit:

> In cases of claims and disputes arising from this employment, the parties covered by a collective bargaining agreement, shall submit the claim or dispute to the original and exclusive jurisdiction of the voluntary arbitrator or panel of arbitrators. If the parties are not covered by a collective bargaining agreement, the parties may at their option submit the claim or dispute to either the original and exclusive jurisdiction of the National Labor Relations Commission (NLRC), pursuant to Republic Act (RA) 8042 otherwise known as the Migrant Workers and Overseas Filipinos Act of 1995 or to the original and exclusive jurisdiction of the voluntary arbitrators or panel of arbitrators. **If there is no provision as to the voluntary arbitrators to be appointed by the parties, the same shall be appointed from the accredited voluntary arbitrators of the National Conciliation and Mediation Board of the Department of Labor and Employment.**[5]

---

[1] Copy of seafarer's POEA Contract is attached as **Annex "A"**;
[2] G.R. No. 165273, March 10, 2010;
[3] The employment agreement between the parties is covered by the POEA Standard Employment Contract (POEA-SEC) is attached as **Annex "B"**
[4] Collective Bargaining Agreement (CBA) between NCL Bahamas and NCLM Ltd. and Norwegian Seafarers Union for Catering Personnel is attached as **Annex "C"**
[5] Section 29 of the POEA-SEC

4. The CBA covering the employment states:

6. Arbitration:

a. Any and all claims, grievances and disputes of any kind whatsoever between the Unions and/or the Seafarer, on one side and Norwegian and/or the Master and/or the Employer and/or the Ship Owner and/or the Vessel and/or Vessel Operator on the other side which arise from, are in any way related to or are in connection with the Seafarer's shipboard employment with Norwegian shall be referred to and resolved exclusively by binding arbitration pursuant to the United Nations Convention on Recognition and Enforcement of Foreign Arbitral Awards (New York 1958)("The Convention"), **except as otherwise provided in any government mandated contract, such as the Standard POEA Contract for Seafarers from the Philippines.** In addition, the Unions, Seafarer, and Norwegian agree that the Arbitrator shall have exclusive authority to resolve any claims, grievances, and, disputes such as the interpretation, procedures, location, applicable law, validity and enforceability of the arbitration provision of this Agreement. x x x

b. The arbitration shall be administered by the International Centre for Dispute Resolution ("ICDR"), a division of the American Arbitration Association ("AAA") under its International Dispute Resolution Procedures. The initiating party shall file a written notice of its intention to arbitrate by forwarding a demand for arbitration ("Demand") to Norwegian and Norwegian's registered agent via certified mail. The Demand shall identify each party to the case, the initiating party's representative(s), and shall include a description of the nature of the claim, the estimated amount in controversy and the relief and/or damages sought. Norwegian, the Seafarer, or the Unions may initiate arbitration by filing a Demand with the ICDR at http://www.icdr.org.

c. Arbitration between the Union(s) and Norwegian, or between a Seafarer and Norwegian and not involving the Union(s) as a party, shall take place in Miami, Florida unless Seafarer has been denied a visa for entry into the United States after all available efforts have been exhausted and in which case the arbitration shall take place in Nassau, Bahamas. In the event Seafarer is unable to obtain a visa for entry into Nassau, Bahamas after all available efforts have been exhausted, then the arbitration shall take place in the Seafarer's country of citizenship, if such country has ratified the Convention. In the event Miami, Florida, Nassau, Bahamas and the Seafarer's home country are unavailable for the arbitration to take place, then the arbitrator shall determine the location.

d. The Arbitrator is to be jointly appointed by the Union(s) and/or the Seafarer, on one side, and Norwegian, on the other side, unless the parties cannot agree to an Arbitrator, in which case the AAA shall select the Arbitrator from among six names, three submitted by the Union(s) or the Seafarer and three submitted by Norwegian. The

parties shall have the right in the arbitration to conduct depositions under oath of parties and witnesses however depositions shall be limited to a maximum of three (3) per party and shall be limited to a maximum of seven (7) hours in duration each. Additional depositions may be scheduled only with the permission of the Arbitrator for good cause shown. The parties are entitled to medical examination(s) to verify any injuries or damages claimed, or to rebut any defenses. To maintain the impartiality of the examination, neither party's attorney, agent, nor representative shall be present during Norwegian's examination. The parties will exchange all documentation to be relied upon at the final arbitration hearing in accordance with the International Dispute Resolution Procedures of the ICDR.

e.  In the event a dispute between the Union(s) and Norwegian, or between Norwegian and a Seafarer, cannot be resolved through good faith negotiations and either party commences an arbitration proceeding, Norwegian shall bear the reasonable costs related to the arbitration process from beginning to end including, but not limited to fees charged and expenses incurred by arbitrators, and any costs related to proceedings necessary to enforce a decision regardless of who represents the Seafarer. Each party shall bear the costs of their own attorney fees and legal representation.

f.  If the Seafarer rejects the representation appointed by the Union(s) at arbitration or thereafter, or if he or she initiates arbitration independently, then he or she will cover the cost of his or her own legal representation, if any. If the Seafarer is not represented by the Union(s), and where the Arbitrator is in doubt, the Arbitrator should seek the Union(s)' opinion as to the intent of the applicable provision at issue in the Agreement before making a decision. If the Arbitrator makes a decision after seeking the Union(s)' opinion, the Union(s) shall be informed of the Arbitrator's decision.

g.  Norwegian, the Union(s), and the Seafarer also acknowledge that they voluntarily and knowingly waive any right they have to a jury trial. The arbitration referred to in this Article is exclusive and mandatory. Lawsuits or other proceedings between any Seafarer and/or the Union(s) and Norwegian may not be brought except to enforce the arbitration provision of this Agreement or to enforce a decision of the Arbitrator. The Arbitrator may award reasonable attorneys' fees and expenses to the prevailing party if allowed by statute or applicable law.

h.  If the dispute is one involving the amount of wages owed or paid to the Seafarer, the parties agree that Norwegian shall have the right, without incurring any further liability, within sixty (60) days of Norwegian's Vice President of Fleet Personnel receiving the written notice described in Article 29.5.C.1 from the Seafarer of the dispute or complaint and dissatisfaction with the Master's decision, to either pay the amount claimed by the Seafarer or to commence an arbitration to resolve the claim and deposit the amount claimed into an interest-bearing account pending a legal determination of whether the claim

has merit. In the event Norwegian deposits the claimed amount as provided herein, the parties agree that the sole amount to be paid to the Seafarer if his/her claim if determined to be meritorious will be the amount claimed plus any accrued interest.

i.   The Seafarer shall continue to satisfactorily and in good faith perform his/her duties and the parties shall abide by this Agreement while disputes or grievances are being resolved.

j.   The Union(s) may, at its sole discretion deny representation to the Seafarer if it believes that the claim lacks the merits to go forward.

k.   In the event, any provision, term, or condition of this Article is invalid or unenforceable, for any reason, it shall be deemed severed and the remaining provisions, terms, conditions, and parts of this Article shall not be affected thereby and shall remain enforceable and in full force and effect.[6]

5.   In the same manner, the Omnibus Rules and Regulations Implementing the Amended Migrant Workers and Overseas Filipinos Act of 1995, as Amended by Republic Act 10022 provides:

Voluntary Arbitration.

For OFWs with collective bargaining agreements, the case shall be submitted for voluntary arbitration in accordance with Articles 261 and 262 of the Labor Code.[7]

6.   Hence, complainants hereby submit to this Honorable Office for arbitration of the instant dispute or controversy arising out of or by virtue of the POEA-SEC and the CBA.

7.   On 20 July 2016, while Ben Buenaventura was on-board the vessel working as a Waiter, he suffered an accident causing him bodily injuries. The complainants immediately referred Ben Buenaventura to the vessel's infirmary and eventually to a shore medical facility in Miami, Florida, USA where he received expert medical treatment for his injuries. Unfortunately, Ben Buenaventura died on 27 August 2016.

8.   While the complainants have been providing Ben Buenaventura and the respondents with all the necessary assistance based on their obligations under the employment contract, Ben Buenaventura has engaged counsel in Miami, Florida and is claiming for an unspecified amount of damages. With the death of Ben Buenaventura, he is now substituted by the respondent/s.

9.   While complainants continue to provide the respondents with all necessary assistance, they are now initiating arbitration proceedings to determine the actual entitlements of the respondent under the employment contract of Ben Buenaventura.

---

[6] Paragraph 6, Article 29 of the CBA
[7] Section 7, Rule VII of the Omnibus Rules and Regulations Implementing the Migrant Overseas Workers Welfare Act, as Amended by R.A. 10022

# PRAYER

**WHEREFORE**, complainants respectfully pray that:

1. The Honorable Office conduct compulsory arbitration on the foregoing dispute or controversy between complainants and respondents;

2. After arbitration, for the Honorable Office to resolve the dispute as follows:

   a. Ordering respondents to submit to mandatory conferences for the determination of the issues concerning her claims under POEA Contract and the CBA; and

   b. Ordering the complete extinguishments and discharge of all of complainants' obligations to respondents upon complainants' payment of their obligation as may be awarded through voluntary arbitration.

   c. Thereafter, declaring the dispute closed and terminated.

Other reliefs, just and equitable under the premises are likewise prayed for.

Taguig City for City of Manila, 9 September 2016.

**DEL ROSARIO AND DEL ROSARIO**
Attorneys for Complainants
14th Floor, DelRosarioLaw Centre
21st Drive corner 20th Drive, Bonifacio Global City
1630 Taguig, Metro Manila
mail@delrosariolaw.com
Telephone No. 810 1791

By

*Herbert A. Tria*
**HERBERT A. TRIA**
PTR No. A-2793701/Taguig/5 Jan. 2016
IBP Lifetime No. 03953/Laguna Chapter//4 Jan. 2005
Roll of Attorneys No. 41983
MCLE Compliance No. V-0013720/26 Jan. 2016
herbert.tria@delrosariolaw.com

**DAVID EVELIO O. VALENCIA**
PTR No. A-2793696/Taguig/5 Jan. 2016
IBP No. 1013139/PPLM/17 Dec. 2015
Roll of Attorneys No. 62344
MCLE Compliance No. V-0013722/26 Jan. 2016
florencio.aquino@delrosariolaw.com