UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 0:18-cv-22922-KMM

GERALDINE BUENAVENTURA,
as personal representative of the estate
of BEN BUENAVENTURA,

    Plaintiff,

vs.

NCL (BAHAMAS) LTD.,
D-I DAVIT INTERNATIONAL, INC.,
HATECKE SERVICE USA, LLC,

    Defendants.
_____/

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION TO CONDUCT DISCOVERY**

Defendant, HATECKE SERVICE USA, LLC, by and through undersigned counsel, responds in opposition to Plaintiff's Motion to Conduct Discovery (ECF No. 48) and states:

**Memorandum of Law & Analysis**

Plaintiff seeks but in no way justifies her request for discovery. Plaintiff is not seeking to engage in discovery to find an issue of fact to oppose the Motion for Summary Judgment. Rather, she is seeking discovery to find a basis for a claim against Hatecke in the first instance. That is simply not a good enough reason under the law. *Cf. Public Citizen Health Research Group v. FDA*, 997 F. Supp. 56, 73 (D.D.C. 1998) ("discovery is not to be granted when the discovery is sought for

the 'bare hope of falling upon something that might impugn the affidavits submitted by the agency'") (quoting *Founding Church of Scientology v. NSA*, 610 F.2d 824, 836-37 n.101 (D.C. Cir. 1979)). Plaintiff's arguments supports Hatecke's analysis in its Motion to Dismiss, or in the alternative, for Summary Judgment, that Plaintiff has simply not presented a viable claim against it.

Specifically, the plaintiff must set "forth [in an affidavit] with particularity the facts the moving party expects to discover and how those facts would create a genuine issue of material fact." *Selby v. Tyco Healthcare Group, L.P.*, 301 Fed. App'x 908, 910 (11th Cir. 2008); *Ross v. M/Y Andrea Aras*, 278 Fed. App'x 988, 990 (11th Cir. 2008). The moving party cannot rely on vague assertions that additional discovery is needed or that it "'will produce needed, but unspecified, facts.'" *Robinson v. Aventist Health Sys.*, 259 Fed. App'x 245, 246 (11th Cir. 2007) (quoting *Reflectone, Inc. v. Farrand Optical Co.*, 862 F.2d 841, 843-44 (11th Cir. 1989)). Here, Plaintiff does not identify the specific facts she needs to gather, through discovery, to oppose the Motion for Summary Judgment. She also fails to explain how this discovery will create a genuine dispute of material fact. The mere hope of discovering something to support her claim cannot establish an entitlement to relief under Rule 56(d) and suggests Plaintiff is attempting to engage in a fishing expedition hoping to discover evidence to not only oppose the Motion for Summary Judgment, but also her basis for a claim.

While not explicitly stated in the Motion or Affidavit, Plaintiff apparently contends she has no specific material or evidence to contradict Defendant's Motion

2

for Summary Judgment. It is not per se improper to grant summary judgment without providing the opponent an opportunity to conduct discovery. Indeed, Rule 56(b) provides that a party may move for summary judgment "at any time." The rule requires no party to wait until discovery has taken place. Entry of summary judgment at this juncture is therefore proper given that Hatecke is an improper party, and Plaintiff's Motion for Discovery should be denied because she cannot show there is any reason to believe that further discovery will lead to the denial of the Motion for Summary Judgment—Plaintiff has no claim against Hatecke.

## Conclusion

Hatecke respectfully request the Court deny Plaintiff's Motion to Conduct Discovery (ECF No. 48).

Respectfully Submitted,

/s/ Robert Oldershaw
Jerry D. Hamilton
Florida Bar No.: 970700
jhamilton@hamiltonmillerlaw.com
Robert M. Oldershaw
Florida Bar No. 86071
roldershaw@hamiltonmillerlaw.com
Elisha M. Sullivan
Florida Bar No. 57559
esullivan@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200
Miami, Florida 33131
Telephone: (305) 379-3686
Facsimile: (305) 379-3690
*Attorneys for Hatecke Service USA, LLC.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List.

/s/Robert Oldershaw
Robert Oldershaw

## SERVICE LIST

*Attorneys for Plaintiff*

Michael Winkleman, Esq.
Jason R. Margulies, Esq.
Adria G. Notari, Esq.
LIPCON, MARGULIES, ALSINA
& WINKELMAN, P.A.
One Biscayne Tower
2 South Biscayne Blvd., Suite 1776
Miami, FL 33131
Telephone: (305) 373-3016
Facsimile: (305) 373-6204
mwinkleman@lipcon.com
jmargulies@lipcon.com
anotari@lipcon.com

*Attorneys for Defendant, Hatecke Service USA, LLC.*

Jerry D. Hamilton
jhamilton@hamiltonmillerlaw.com.
Robert M. Oldershaw
roldershaw@hamiltonmillerlaw.com
Elisha M. Sullivan
Florida Bar No. 57559
esullivan@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200
Miami, Florida 33131
Telephone: (305) 379-3686
Facsimile: (305) 379-3690

*Attorneys for Defendant, NCL (Bahamas) Ltd.*

Curtis J. Mase, Esq.
Adam Finkel, Esq.
MASE, MEBANE & BRIGGS, P.A.
2601 S. Bayshore Drivee, Suite 800
Miami, FL 33133
Telephone: (305) 377-3770
cmase@maselaw.com
kfehr@maselaw.com

filing@maselaw.com
afinkel@maselaw.com
carbelaez@maselaw.com

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690