UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:18-cv-22922-MOORE/SIMONTON

GERALDINE BUENAVENTURA,
as Personal Representative of the
Estate of BEN BUENAVENTURA,

    Plaintiff,
vs.

NCL (BAHAMAS) LTD.,
D-I DAVIT INTERNATIONAL, INC.,
HATECKE SERVICE USA, LLC

    Defendants.
_____/

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE
IN OPPOSITION TO THE MOTION TO COMPEL ARBITRATION**

Defendant, NCL (BAHAMAS) LTD. ("Norwegian"), by and through undersigned counsel, replies to Plaintiff's opposition to submitting this matter to arbitration:

**Argument in Reply**

Plaintiff contends that this matter cannot be arbitrated because the Philippines Overseas Employment Agency ("POEA") already ruled as such. This is incorrect. [Exh. C]. The POEA's order addressed Norwegian's pre-Complaint request for clarification as to whether Plaintiff could file suit, given that a settlement was previously reached between Plaintiff and Norwegian. The POEA did not address the merits of the allegations set forth in the Amended Complaint. Clearly emphasizing this narrow question, the POEA summarized the issue before it as "akin to declaratory relief which has been defined as an action by any person interested in a … written instrument … and for a declaration of his rights and duties thereunder."

In Plaintiff's response to Norwegian's motion to compel arbitration, Plaintiff does not dispute that arbitration is applicable, but rather seeks to frame the POEA's order in a manner that

suggests the POEA already refused to hear the matter. Specifically, Plaintiff attempts to convince this Court that the POEA announced that it does not have jurisdiction by stating that "the Plaintiff would have no remedy because the dispute itself 'does not fall within the contemplation of a labor dispute' under the Philippine Labor Code." *Plaintiff's Response, citing Exh. C*. Plaintiff neglects to acknowledge, however, that the POEA announced that "this Board finds that it has not jurisdiction over *the instant complaint* and thereby dismisses the same." [Exh. C, pp. 7 ¶2 (emphasis added)]. The POEA found that it did not have jurisdiction to rule on Norwegian's request for declaratory relief, as that request – not the underlying merits of this case – did not qualify as a labor dispute. [Id. at pp. 8 ¶3). Again, a request to arbitrate over the facts at issue was not dismissed by the POEA, but rather the specific complaint filed by Norwegian seeking declaratory relief.

Arbitration agreements are favored and rigorously enforced by courts. *Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220, 226 (1987); *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 625 (1985). Any doubts concerning the scope of arbitration should be resolved in favor of arbitration. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1 (1983).

Simply put, the prerequisites for granting a motion to compel arbitration are present here. *See Bautista v. Star Cruises*, 396 F.3d 1289, 1294 (11th Cir. 2005). Plaintiff does not assert any affirmative defenses under the Convention against arbitration. *See Lindo v. NCL (Bahamas), Ltd.*, 652 F.3d 1257, 1263 (11th Cir. 2011). Rather, Plaintiff solely relies upon an incorrect interpretation of the POEA's order and a public policy argument. The latter fails because the POEA will arbitrate this matter now that a formal Complaint was filed, and further, public policy or unconscionability arguments are not valid affirmative defenses to prevent the enforcement of an arbitration agreement under the Convention. *Id*. at 1280.

CASE NO.: 1:18-cv-22922-MOORE/SIMONTON

The parties entered into valid and mandatory foreign arbitration agreement covering the claims Plaintiff brings here. Plaintiff relies upon an erroneous interpretation of the POEA's order regarding Norwegian's pre-Complaint request for declaratory relief. Per the POEA, it did not have the jurisdictional authority to rule on the specific relief requested. The requisite formal (Amended) Complaint has now been filed and all jurisdictional prerequisites under the Convention are satisfied for the POEA to arbitrate over the merits of the case. This case must be compelled to arbitration as the parties agreed.

Respectfully submitted,

MASE MEBANE & BRIGGS, P.A.
*Attorneys for Defendant*
2601 South Bayshore Drive, Suite 800
Miami, Florida  33133
Telephone:  (305) 377-3770
Facsimile:   (305) 377-0080

By:     /s/ *Adam Finkel*
        SCOTT P. MEBANE
        Florida Bar No.273030
        smebane@maselaw.com
        CAMERON W. EUBANKS
        Florida Bar No. 85865
        ceubanks@maselaw.com
        ADAM FINKEL
        Florida Bar No. 101505
        afinkel@maselaw.com

CASE NO.: 1:18-cv-22922-MOORE/SIMONTON

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 12, 2018, I electronically filed the foregoing document with the Clerk to the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                          /s/ *Adam Finkel*
                                          ADAM FINKEL

CASE NO.: 1:18-cv-22922-MOORE/SIMONTON

**SERVICE LIST**

Michael A. Winkleman, Esq.
Jason R. Margulies, Esq.
Carol L. Finklehoffe, Esq.
Lipcon, Margulies, Alsina & Winkleman, P.A.
Suite 1776, One Biscayne Tower
2 South Biscayne Blvd.
Miami, Florida  33131
Tel: (305) 373-3016
Fax: (305) 373-6204
mwinkleman@lipcon.com
jmargulies@lipcon.com
Anotari@lipcon.com
cfinklehoffe@lipcon.com
*Attorneys for Plaintiff*

Jerry D. Hamilton, Esq.
Robert M. Oldershaw, Esq.
Elisha Sullivan, Esq.
150 S.E. 2nd Avenue, Suite 1200
Miami, Florida  33131
Tel: (305) 379-3686
Fax: (305) 379-3690
jhamilton@hamiltonmillerlaw.com
roldershaw@hamiltonmillerlaw.com
esullivan@hamiltonmillerlaw.com
gbernardez@hamiltonmillerlaw.com
spayne@hamiltonmillerlaw.com
smarroquin@hamiltonmillerlaw.com
*Attorneys for Defendant (Hatecke Service USA, LLC)*

Steven C. Jones, Esq.
Anthony P. Strasius, Esq.
Wilson Elser Moskowitz Edelman & Dicker
100 S.E. 2nd Street, Suite 3800
Miami, FL 33131
Tel: (305) 341-2282
Tel: (305) 374-4400
Fax: (305) 379-3690
steven.jones@wilsonelser.com
anthony.strasius@wilsonelser.com
*Attorneys for Defendant (D-I Davit International, Inc.)*

19431//116