UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-22922-KMM

GERALDINE BUENAVENTURA
as personal representative of the
estate of BEN BUENAVENTURA,

    Plaintiff,

-vs-

NCL (BAHAMAS) LTD.,
D-I DAVIT INTERNATIONAL, INC.,
HATECKE SERVICE USA, LLC,

    Defendants.
_____/

### SUPPLEMENTAL DECLARATION OF ANTHONY P. STRASIUS IN FURTHER SUPPORT OF D-I DAVIT INTERNATIONAL, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

I, Anthony P. Strasius, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am a partner at the law firm of Wilson, Elser, Moskowitz, Edelman & Dicker LLP ("Wilson Elser"), 100 Southeast Second Street – Suite 34800 Miami, Florida 33131-2144 and counsel for D-I Davit International Inc. ("Davits US") in this action.

2. In my capacity as counsel for Davits US, I am fully familiar with the facts set forth herein, based on my personal knowledge and review of the files and pleadings in this and related actions.

3. I submit this Supplemental Declaration in further support of Davit US' Motion to Dismiss the Amended Complaint filed by Plaintiff Geraldine Buenaventura ("Plaintiff") as representative of decedent Ben Buenaventura ("Decedent"), or, in the alternative, Motion for Summary Judgment.

1

1172621v.1

4. Davit US makes this Motion on the ground that Davit US is not within the distributive chain of the product – davits installed onboard the vessel *Norwegian Breakaway* – that Plaintiff alleges caused Decedent's injury in her claims against Davit US. (*See* Compl., Counts III, V, VI, and VII).

5. As set forth in my previous Declaration, dated August 17, 2018 (the "Prior Declaration"), from June 2018 through August 2018, I corresponded with Plaintiff's counsel, attorneys at Lipcon, Margulies, Alsina & Winkleman, P.A. ("Lipcon"), to inform them that Davit US was not the proper defendant to this action, and that it was d-i davit international GmbH ("Davit DE") that sold and serviced the davits at issue. Attached as Exhibits A and B to the Prior Declaration were true and correct copies of the e-mail chains reflecting this correspondence.

6. As reflected on page 4 of Exhibit B to my Prior Declaration, on July 24, 2018, I provided Michael Winkleman with pertinent documentation demonstrating that Davit DE serviced and maintained the davits.

7. A true and correct copy of this documentation provided to Plaintiff's counsel – which is between Davits DE and Defendant NCL, regards servicing of the davits, and includes a Quotation for Services, an Order for Services, and Confirmation of Services – is annexed hereto as Exhibit A.

8. I declare under penalty of perjury that the foregoing is true and correct. Executed this 12th day of October 2018.

                                                      Anthony P. Strasius

1172621v.1