UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-22922-KMM

GERALDINE BUENAVENTURA
as personal representative of the
estate of BEN BUENAVENTURA,

    Plaintiff,

-vs-

NCL (BAHAMAS) LTD.,
D-I DAVIT INTERNATIONAL, INC.,
HATECKE SERVICE USA, LLC,

    Defendants.
_____/

**D-I DAVIT INTERNATIONAL, INC.'S
MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION
TO CONDUCT DISCOVERY PURSUANT TO FED. R. CIV. P. 56(d)**

Defendant D-I Davit International, Inc. ("Davit US"), by and through its undersigned counsel, hereby opposes Plaintiff's Motion to Conduct Discovery Pursuant to Fed. R. Civ. P. 56(d)(1) (the "Motion"),[1] and states as follows:

**ARGUMENT**

Plaintiff's Motion seeks discovery in response to Davit US' Motion to Dismiss or, in the alternative, for Summary Judgment (the "Motion to Dismiss and/or for Summary Judgment" or "Dkt. No. 42"), but identifies no genuine justification for her request. The Motion is merely an unfounded dilatory tactic meant to prolong these proceedings and afford Plaintiff the opportunity to conduct a fishing expedition. It must therefore be denied.

---

[1] This Opposition is asserted only on behalf of Davit US. D-I Davit International Gmbh ("Davit DE") has yet to be served in this action in accordance with the 1965 Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents.

1

Davit US has moved to dismiss Plaintiff's claims against Davit US, which are based upon a davit mechanism installed aboard a cruise ship, the *Norwegian Breakaway*. Davit US moved to dismiss Plaintiff's claims on the grounds that it is not the proper party to this action: Davit US was incorporated *after* the *Norwegian Breakaway*'s construction, and therefore was not involved in the sale and installation of the davits incorporated into the ship. (Dkt. No. 42, pp. 4-5, 12). Furthermore, it is an entity with no ongoing corporate activities, and had no responsibility for servicing or maintaining the davits installed on the ship. (*Id.*) Therefore, Davit US was never in the davits distributive chain and instead, as Plaintiff has been repeatedly informed, the proper party to this action is actually Davit DE,[2] the entity that manufactured, sold, and serviced the davits. (*Id.*, pp. 11-12). Furthermore, as set forth at length in Davit US' Motion to Dismiss and/or for Summary Judgment, as well is Davit US' Reply in further support of that motion, Plaintiff received documentation and written testimonial evidence clearly establishing Davit DE's role in selling and servicing the davits, and Davit US' total lack of involvement. (Dkt. No. 42, p. 13; Dkt. No. 53, pp. 4-5). This demonstrates the disingenuous and meritless nature of Plaintiff's Motion, which rests upon three easily refuted contentions:

- "Plaintiff is unable to discern the relationship and dealings between Davit US and Davit DE" (Dkt. No. 48, p. 2, ¶ 5);

- "Plaintiff has not yet had the opportunity to conduct discovery and she cannot present essential facts to justify her opposition to the summary judgment motion" (*id.*, ¶ 6); and

- Discovery is warranted under Fed. R. Civ. 56(d) (*id.*, ¶ 8).

---

[2] Plaintiff claims she "has filed suit against both [Davit US] and [Davit DE] as defendants" (Dkt. No. 48, p. 1, ¶ 2), but neglects that she initially filed suit against Davit US only. In fact, Plaintiff did not file suit against Davit DE until (i) *after* counsel for Davit US and Davit DE informed her counsel repeatedly that she was pursuing the wrong defendant and (ii) *after* Davit US was forced to file a Motion to Dismiss, dated August 17, 2018, due to Plaintiff's refusal to discontinue its improper action and proceed against the correct party.

2

I. **Plaintiff Is Fully Informed of the Corporate Relationship between Davit US and Davit DE**

Plaintiff's bare assertion that they are "unable to discern" the relationship between Davit US and Davit DE lacks credibility. Davit US' counsel provided Plaintiff with the Declaration of Joachim Wiese, dated August 8, 2018 (the "Wiese Dec."), detailing the corporate relationship between the two Davit entities, namely that Davit US is a wholly owned subsidiary of Davit DE incorporated in 2013 (after the *Norwegian Breakaway*'s construction) that currently engages in no active corporate activities or operations. (*See* MTD/SJ, Wiese Declaration, ¶¶ 2-4). As set forth in the Reply Memorandum in support of the Motion to Dismiss and/or Summary Judgment, Plaintiff in its opposition to the Motion to Dismiss and/or Summary Judgment has grossly misstated Wiese's testimony but otherwise identified no valid basis to question the Declaration. (Dkt. No. 53, pp. 2-3). Simply put, the Wiese Declaration provided Plaintiff with everything necessary to understand the corporate relationship, but Plaintiff merely refuses to take notice of it. Instead, they request discovery in the hopes of obtaining the chance to undertake a fishing expedition. As noted by Co-Defendant Hatecke Service US, LLC, this is not valid reason for discovery. (*See* Dkt. No. 51, pp. 1-2) (citing *Public Citizen Health Research Group v. FDA*, 997 F. SUpp. 56, 73 (D.D.C. 1998) ("discovery is not to be granted when the discovery is sought for the bare hope of falling upon something that might impugn the affidavits submitted by the [opposing party]") (internal quotes omitted).

II. **Plaintiff Has Been Afforded Substantial Pre-Motion Discovery Regarding the Essential Facts, and Misrepresents the Status of Discovery Between the Parties**

Next, Plaintiff's claim that she has not had the opportunity to conduct discovery is misleading, and her bare claim that she is unable to present "essential facts" is insufficient. As noted above and at length in the briefing on the Motion to Dismiss and/or for Summary Judgment,

3

Plaintiff has been provided with substantial documentation demonstrating Davit US was not involved with the subject davits. Specifically, from June through August, 2018, Plaintiff received:

- The written testimony of Joachim Wiese detailing the Davit US/Davit DE corporate relationship, and testifying that Davit DE manufactured and sold the subject davits, while Davit US has no operations and had no involvement whatsoever with the davits' manufacture, sale, installation, servicing or maintenance. (*See generally* Dkt. No. 42-2);

- Davit US' tax records for the years 2015-2017 demonstrating its lack of income from operations, confirming its lack of activities (Dkt. No. 42-2, Exhibit A); and

- Documentation between Davit DE and the owner of the *Norwegian Breakaway*, defendant NCL (Bahamas) Ltd., demonstrating that Davit DE was responsible for selling, inspecting, and servicing the davits after their installation (Dkt. No. 53-2);

Additionally, through the course of this briefing, Plaintiff was further provided with links to public press releases and copies of publicly filed documents demonstrating that Davit US was incorporated after the *Norwegian Breakaway's* construction and that the subject davit is a Davit DE product. (*See* Dkt. No. 42, pp. 4, 11-12; Dkt. No. 42-2, p. 94). Thus, Plaintiff already has had the benefit of discovery. Plaintiff is merely dissatisfied that such discovery undermines her claims, and resorts to the bare assertion that she cannot "present essential facts to justify her opposition." (Dkt. No. 48, p. 2, ¶ 6). Such a bald assertion is legally insufficient, *see Robinson v. Aventist Health Sys.*, 259 Fed. App'x 245, 246 (11th Cir. 2007) (moving party cannot rely on vague assertions that discovery is required to "produced needed, but unspecified, facts") (quotations omitted). It is also factually disingenuous based on the foregoing. Plaintiff has been provided with ample evidence that the "essential facts" to justify her opposition *simply do not exist*, and Plaintiff has known since June 2018, prior to the filing of her Amended Complaint, that she is pursuing the wrong entity and that her position is baseless.

Plaintiff further misleads the court by suggesting that Davit US is preventing Plaintiff from obtaining discovery. Plaintiff claims that she has requested the deposition of Joachim Wiese, but

4

that Davit US "refused to provide dates for the same." (Dkt. No. 48, p. 2, ¶ 7). Plaintiff also claims that she has propounded written discovery. (*Id.*). Plaintiff's contentions misrepresent her requests and the discussions of counsel.

As set forth in the accompanying Opposition Declaration of Anthony P. Strasius, dated October 19, 2018 ("Strasius Opp. Dec."), Davit US did not simply refuse to grant a deposition of Wiese, which would need to take place in Germany, but instead sought reasonable limitations on the subject matter of such a deposition to ensure it was narrowly tailored to the issues relevant to the Motion to Dismiss and/or Summary Judgment. (Strasius Opp. Dec., ¶ 5). Furthermore, counsel proposed as an alternative targeted, written discovery for the sake of costs and efficiency. (*Id.*, ¶ 6). And in the interests of obviating this issue (and the Motion to Dismiss and/or Summary Judgment entirely) counsel for Davit US has proposed to Plaintiff's counsel the voluntary withdrawal of the claims against Davit US, without prejudice, under the understanding that during discovery Davit DE would cooperate with supplemental discovery should facts arise regarding Davit US requiring further information. (*Id.*, ¶ 7). Discussions regarding these proposals remain ongoing and have not yet been resolved as of the date of this filing. (*Id.*, ¶ 8). Davit US has not simply refused Plaintiff the opportunity to obtain testimony from Mr. Wiese, but is instead working to arrive at a mutually agreeable arrangement that will permit effective and cost efficient discovery into the relevant issues. (*Id.*, ¶ 8). Thus, Plaintiff's characterization is inaccurate and an attempt to color the Court's perceptions.

Plaintiff's reference to her discovery requests is also misleading, as it implies Davit US has failed to address reasonable discovery requests. However, Plaintiff omits mention that (i) her discovery requests were only propounded on October 5, 2018 (Strasius Opp. Dec., Exhibit A), and the thirty-day time period provided for a response under Fed. R. Civ. P. 34(b)(2) *has not run*.

5

Plaintiff further fails to mention that her discovery requests contains thirty-three separate requests for documents, which – far from being narrowly tailored to the issues relevant to the Motion to Dismiss and/or Summary Judgment – seek broad categories of merits discovery irrelevant to the instant issues.

Examples of the requests include, among other things, demands for: (i) guidelines, regulations, and standards applicable to the davits; (ii) the davits' and life boat systems' design, production, use, risks, schematics; (iii) correspondence with government agencies or law enforcement, (iv) witness statements; (v) manuals and training materials; and (vi) communications and contracts among the defendants. (*See generally*, Strasius Opp. Dec., Exhibit A). Such broad requests are not appropriately directed to Davit US (which had no involvement with the subject davits or lifeboat system, has no employees, and keeps no documents in its possession). Moreover, they are not calculated to adduce evidence relevant to Plaintiff's opposition, which turns on whether Davit US is within the davits' distribution chain. Admittedly, the requests contain some demands of relevance, for example requests for documentation regarding the purchase, sale, installation, and servicing of the davits (*see, e.g., id.*, Req. Nos. 4-6); however, these requests are duplicative of discovery which *Plaintiff has already received*, rendering the requests unnecessary.

In sum, Plaintiff has already been provided the necessary discovery establishing Davit US is not the proper party, and her requests for further discovery are misleading and needless.

**III.   Discovery Is Not Warranted Under Fed. R. Civ. P. 56(d)**

Finally, Plaintiff's invocation of Fed. R. Civ. P. 56(d) is unavailing. Rule 56(d) is discretionary, not mandatory, and a plaintiff must do more than claim without explanation that it is entitled to its benefits. "A party seeking the shelter of Rule 56(d) must offer an affidavit explaining the court why he is unable to make a substantive response." *Wallace v. Brownell*

1173648v.1

*Pontiac-GMC Co., Inc.* 703, F.2d 525, 527 (11th Cir. 1983). The fact that a party simply wants discovery is not sufficient. *Latele Television, C.A. v. Telemundo Commc'ns Group, LLC*, 2014 WL 7272974, *4 (S.D.Fla. Dec. 18, 2014). Here, Plaintiff makes only the foregoing contentions, which are contradicted by the facts in the record. Plaintiff wholly fails to explain why the facts in the record are insufficient or explain what could possibly be gained by further discovery. Because Plaintiff fails to offer such an explanation, and the record otherwise contains sufficient evidence to resolve the motion, discovery is not warranted under Fed. R. Civ. P. 56(d). *See Peklun v. Tierra Del Mar Condo. Ass'n*, 119 F. Supp. 3d 1361, 1371 (S.D.Fla. 2015) (rejecting plaintiff's claim that summary judgment was premature under Fed. R. Civ. P. 56(d) where plaintiff failed to offer specific reasons why it could not present essential facts, and the record contained sufficient evidence to determine the relevant issues).

## CONCLUSION

For the foregoing reasons, Davit US respectfully requests that this Court enter an Order denying Plaintiff's Motion to Conduct Discovery.

Respectfully submitted,

  __/s/ Anthony Strasius_____
Anthony P. Strasius
Florida Bar No. 988715
anthony.strasius@wilsonelser.com
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
100 Southeast Second Street – Suite 34800
Miami, Florida 33131-2144
Tel. (205) 374-4400
Fax (305) 579-0261

*Attorneys for D-I Davit International, Inc.*

**CERTIFICATE OF SERVICE**

        **I HEREBY CERTIFY** that on October 19, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants:

| | |
|---|---|
| Michael Winkleman, Esq.<br>Carol L. Finklehoffe, Esq.<br>LIPCON, MARGULIES, ALSINA &<br>WINKLEMAN, P.A.<br>One Biscayne Tower<br>2 South Biscayne Blvd., Suite 1776<br>Miami, FL 33131<br>Tel. (305) 373-3016<br>Fax (305) 373-6204<br>mwinkleman@lipcon.com<br>cfinklehoffe@lipcon.con<br><br>*Attorneys for Plaintiff*<br>*Geraldine Buenaventura* | Jerry D. Hamilton, Esq.<br>Robert M. Oldershaw, Esq.<br>Elisha M. Sullivan, Esq.<br>HAMILTON, MILLER & BIRTHISEL, LLP<br>150 Southeast Second Avenue, Suite 1200<br>Miami, FL 33131<br>Tel. (305) 379-3686<br>Fax (305) 379-3690<br>jhamilton@hamiltonmillerlaw.com<br>roldershaw@hamiltonmillerlaw.com<br>esullivan@hamiltonmillerlaw.com<br><br>*Attorneys for Defendant*<br>*Hatecke Service USA, LLC* |

Curtis J. Mase, Esq.
Cameron W. Eubanks, Esq.
Adam Finkel, Esq.
Scott P. Mebane, Esq.
MASE, MEBANE & BRIGGS, P.A.
2601 S. Bayshore Drive, Suite 800
Miami, FL 33133
cmase@maselaw.com
ceubanks@maselaw.com
afinkel@maselaw.com
smebane@maselaw.com

*Attorneys for Defendant*
*NCL (Bahamas) Ltd.*

1173648v.1