UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 18-cv-22922-KMM**

GERALDINE BUENAVENTURA
as personal representative of the
estate of BEN BUENAVENTURA,

  Plaintiff,

-vs-

NCL (BAHAMAS) LTD.,
D-I DAVIT INTERNATIONAL, INC.,
HATECKE SERVICE USA, LLC,

  Defendants.
_____/

**DECLARATION OF ANTHONY P. STRASISUS
IN OPPOSITION TO PLAINTIFF'S MOTION
TO CONDUCT DISCOVERY PURSUANT TO FED. R. CIV. P. 56(d)**

  I, Anthony P. Strasius, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

  1. I am a partner at the law firm of Wilson, Elser, Moskowitz, Edelman & Dicker LLP ("Wilson Elser"), 100 Southeast Second Street – Suite 34800 Miami, Florida 33131-2144 and counsel for D-I Davit International Inc. ("Davits US") in this action.

  2. In my capacity as counsel for Davits US, I am fully familiar with the facts set forth herein, based on my personal knowledge and review of the files and pleadings in this and related actions.

  3. I submit this Declaration in opposition to Plaintiff's Motion to Conduct Discovery (the "Motion"), and to address certain factual contentions raised by Plaintiff therein.

1

4.     In her Motion, Plaintiff contends that she has requested the deposition of Joachim Wiese, and that Davit US has "refused" to provide dates for deposition. (Dkt. No. 48, p. 2, ¶ 7). This statement mischaracterizes the parties' communications on the matter.

5.     In or around September of 2018, Plaintiff's counsel proposed deposing Joachim Wiese. Davit US took this proposal under consideration, and sought assurances that the deposition would be limited to the matters raised in Mr. Wiese's August 8, 2018 Declaration in support of Davit US' Motion to Dismiss, or in the Alternative, for Summary Judgment – namely the corporate relationship between Davit US and d-i davit international GmbH ("Davit DE") and Davit US' lack of involvement in the operative facts of this case. Davit US reasonably requested that the deposition topics of inquiry be narrowly tailored to the issues relevant to Davit US' dispositive motion.

6.     Furthermore, as an alternative, I proposed that Plaintiff propound specific inquiries through written discovery targeting the relevant issues (which would reduce the costs and expenses of discovery, particularly as Mr. Wiese's deposition would have to take place in Germany).

7.     Moreover, I also proposed that Plaintiff consider voluntarily withdrawing her claims against Davit US without prejudice and proceed solely against Davit DE, with the understanding that Davit DE would cooperate fully with supplemental discovery if subsequently in the proceedings facts arise regarding Davit US requiring further information.

8.     I renewed this proposal to Plaintiff's counsel in advance of this response; however, to date the foregoing proposals remain under discussion between the parties.

9.     In sum, Davit US has not simply refused Plaintiff the opportunity to obtain testimony from Mr. Wiese, but is instead working to arrive at a mutually agreeable arrangement that will permit effective and cost efficient discovery.

10. Additionally, Plaintiff has propounded thirty-three requests for production on Davit US, which are annexed hereto as Exhibit A.

11. Many of these requests concern broad categories of discovery that either (i) call for information already produced to plaintiff or (ii) concern merits discovery irrelevant to the resolution of the Motion to Dismiss and/or Summary Judgment and are not appropriately directed to Davit US, which had no involvement in the operative facts of the case. Nevertheless, Davit US will respond to these requests in the time provided for by Fed. R. Civ. P. 34.

12. I declare under penalty of perjury that the foregoing is true and correct. Executed this 19th day of October 2018.

_____
Anthony P. Strasius