# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:18-cv-22922-MOORE/SIMONTON

GERALDINE BUENAVENTURA,
as personal representative of the
estate of BEN BUENAVENTURA,

    Plaintiff,

v.

NCL (BAHAMAS) LTD.,
D-I DAVIT INTERNATIONAL, INC.,
HATECKE SERVICE USA, LLC., and
D-I DAVIT INTERNATIONAL-HISCHE
GMBH,

    Defendants.
_____/

## PLAINTIFF'S REQUEST FOR PRODUCTION TO DEFENDANT DAVIT INTERNATIONAL, INC.

    Plaintiff, GERALDINE BUENAVENTURA, by and through undersigned counsel hereby presents Plaintiff's Request for Production to D-I DAVIT INTERNATIONAL, INC., ("D-1 Davit"). to be responded in accordance with the applicable Federal Rules of Civil Procedure.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 5, 2018, a true and correct copy was sent via Electronic Mail to on all counsel of record or pro se parties identified on the attached Service List.

    By:    */s/ Carol L. Finklehoffe*
                CAROL L. FINKLEHOFFE (FBN: 0015903)
                Email cfinklehoffe@lipcon.com
                LIPCON, MARGULIES,
                ALSINA & WINKLEMAN, P.A.
                One Biscayne Tower, Suite 1776
                2 South Biscayne Boulevard
                Miami, Florida 33131

        Telephone:   (305) 373-3016
        Facsimile:   (305) 373-6204
        *Attorneys for Plaintiff*

## SERVICE LIST

*Buenaventura v. NCL (Bahamas) Ltd. et. al.*
case no.: 18-cv-22922-KMM

| | |
|---|---|
| **Michael Winkleman, Esq.**<br>Florida Bar No.: 36719<br>mwinkleman@lipcon.com<br>**Carol L. Finklehoffe, Esq.**<br>Florida Bar No.: 0015903<br>cfinklehoffe@lipcon.com<br>LIPCON, MARGULIES,<br>ALSINA & WINKLEMAN, P.A.<br>One Biscayne Tower, Suite 1776<br>2 South Biscayne Boulevard<br>Miami, Florida 33131<br>Telephone No.: (305) 373-3016<br>Facsimile No.: (305) 373-6204<br>*Attorneys for Plaintiff* | **Jerry D. Hamilton, Esq.**<br>Florida Bar No.: 970700<br>jhamilton@hamiltonmillerlaw.com<br>**Robert M. Oldershaw, Esq.**<br>Florida Bar No.: 86071<br>roldershaw@hamiltonmillerlaw.com<br>**Elisha M. Sullivan, Esq.**<br>Florida Bar No.: 57559<br>esullivan@hamiltonmillerlaw.com<br>emarrero@hamiltonmillerlaw.com<br>dlemus@hamiltonmillerlaw.com<br>150 S.E. 2nd Avenue, Suite 1200<br>Miami, Florida 33131<br>Tel: (305) 379-3686<br>Fax: (305) 379-3690<br>*Attorneys for Defendant Hatecke Service USA, LLC* |
| **Anthony P. Strasius, Esq.**<br>Florida Bar No.: 988715<br>Anthony.strasius@wilsonelser.com<br>**Steven C. Jones, Esq**.<br>Florida Bar No.: 107516<br>Steven.jones@wilsonelser.com<br>Wilson, Elser, Moskowitz,<br>Edelman & Dicker, LLP<br>100 Southeast Second Street, Suite 3800<br>Miami, Florida 33131<br>Tel: (305) 374-4400<br>Fax: (305) 579-0261<br>*Attorneys for Defendant D-1 Davit International, Inc.* | **Curtis Mase, Esq.**<br>Florida Bar No.: 73928<br>cmase@maselaw.com<br>kfehr@maselaw.com<br>**Cameron W. Eubanks, Esq.**<br>Florida Bar No.: 85865<br>ceubanks@maselaw.com<br>rcoakley@maselaw.com<br>**Adam Finkel, Esq.**<br>Florida Bar No.: 101505<br>afinkel@maselaw.com<br>carbelaez@maselaw.com<br>filing@maselaw.com<br>**Scott P. Mebane, Esq.**<br>Florida Bar No.: 273030<br>smebane@maselaw.com<br>ctoth@maselaw.com<br>receptionist@maselaw.com<br>MASE, MEBANE & BRIGGS |

|  | 2601 S. Bayshore, Drive, Suite 800<br>Miami, Florida 33133<br>Telephone: (305) 377-3770<br>Facsimile: (305) 377-0800<br>*Attorneys for Defendant NCL (Bahamas) Ltd.* |
|---|---|

## INITIAL REQUEST FOR PRODUCTION

1. Any and all contracts in effect at the time of the incident alleged in the Amended Complaint between You and NCL (Bahamas) Ltd ("NCL").

2. Any and all contracts in effect at the time of the incident alleged in the Amended Complaint between You and any of the other named Defendants relating or pertaining to sale, installation, service and/or inspection of the lifeboat system, including but not limited to lifeboats, rescue boats, davits, winches, hanging-off pendant and/or any other components or parts.

3. Any and all contracts in effect at the time of the incident alleged in the Amended Complaint between You and any other entity or person relating or pertaining to sale, installation, service and/or inspection of the lifeboat system, including but not limited to lifeboats, rescue boats, davits, winches, hanging-off pendant and/or any other components or parts.

4. Any and all purchase orders, receipts, bills, invoices, correspondence or communications relating to or pertaining to <u>purchasing</u> of the subject lifeboat system including but not limited to lifeboats, rescue boats, davits, winches, hanging-off pendant and/or any other components or parts involved in the incident alleged in the Amended Complaint.

5. Any and all documents, records, work orders, receipts, bills, invoices, correspondence or communications or any kind, relating to or pertaining to the <u>installation</u> of the subject lifeboat system including, but not limited to, lifeboats, rescue boats, davits, winches, hanging-off pendant and/or any other components or parts involved in the incident alleged in the Amended Complaint.

6. Any and all documents, records, work orders, receipts, bills, invoices, correspondence or communications or any kind, relating to or pertaining to <u>surveys, tests, and/or inspections</u> of the subject lifeboat system including, but not limited to, lifeboats, rescue boats, davits, winches, hanging-off pendant and/or any other components or parts involved in the incident alleged in the Amended Complaint.

7. Any and all surveys, tests, and/or inspections, reports relating or pertaining to the subject lifeboat system including, but not limited to, lifeboats, rescue boats, davits, winches, hanging-off pendant and/or any other components or parts involved in the incident alleged in the Amended Complaint for the 3 year period preceding through 1 year after the subject incident.

8. Any and all raw data, notes, and/or photographs from any surveys, tests, inspections, reports, work orders, installation and/or relating or pertaining to the subject lifeboat system including, but not limited to, lifeboats, rescue boats, davits, winches, hanging-off pendant and/or any other components or parts involved in the incident alleged in the Amended Complaint for the 3 year period preceding through 1 year after the subject incident.

9. Any and all communications, letters, notes and/or other documentation between You and NCL relating or pertaining to the results of any surveys, tests, inspections, reports, repairs, maintenance, follow-up actions for the subject lifeboat system including, but not limited to, lifeboats, rescue boats, davits, winches, hanging-off pendant and/or any other components or parts involved in the incident alleged in the Amended Complaint for the 3 year period preceding through 1 year after the subject incident.

10. Any and all communications, letters, notes and/or other documents between You and D-I Davit International-Hische Gmbh relating or pertaining to sale, purchase, installation, of the subject lifeboat system including, but not limited to, lifeboats, rescue boats, davits, winches, hanging-off pendant and/or any other components or parts involved in the incident alleged in the Amended Complaint for the 3 year period preceding through 1 year after the subject incident.

11. Any and all communications, letters, notes and/or other documents between You and D-I Davit International-Hische Gmbh relating or pertaining the results of any surveys, tests, inspections, reports, repairs, maintenance, follow-up actions for the subject lifeboat system including, but not limited to, lifeboats, rescue boats, davits, winches, hanging-off pendant and/or any other components or parts involved in the incident alleged in the Amended Complaint for the 3 year period preceding through 1 year after the subject incident.

12. Any and all maintenance or repair records or logs for the subject lifeboat system including, but not limited to, lifeboats, rescue boats, davits, winches, hanging-off pendant and/or any other components or parts involved in the incident alleged in the Amended Complaint for the 3 year period preceding through 1 year after the subject incident.

13. Any and all communications, letters, notes and/or other documentation between You and NCL relating or pertaining to <u>technical assistance</u> for the subject lifeboat system including, but not limited to, lifeboats, rescue boats, davits, winches, hanging-off pendant and/or any other components or parts for the 3 year period preceding through 1 year after the subject incident.

14. Any and all owner's manuals, operator manuals, and/or operation manuals that relate or pertain to the subject lifeboat system including, but not limited to, lifeboats, rescue boats, davits, winches, hanging-off pendant and/or any other components or parts involved in the incident alleged in the Amended Complaint.

15. Any and all training materials, instructions or warnings, in any form provided to NCL relating to the subject lifeboat system including, but not limited to, lifeboats, rescue boats, davits, winches, hanging-off pendant and/or any other components or parts involved in the incident alleged in the Amended Complaint.

16. Any and all invoices or billing records submitted for work or services performed relating or pertaining to the subject lifeboat system including, but not limited to, lifeboats, rescue boats, davits, winches, hanging-off pendant and/or any other components or parts involved in the incident alleged in the Amended Complaint.

17. Design, blue print, schematics, diagrams of the subject lifeboat system including, but not limited to, lifeboats, rescue boats, davits, winches, hanging-off pendant and/or any other components or parts

18. Any and all documents or materials provided to any law enforcement, government agency, flag state or classification society relating or pertaining to the subject incident alleged in the Amended Complaint.

19. Any and all documents or materials provided to any law enforcement, government agency, flag state or classification society relating or pertaining to the for the subject lifeboat system including, but not limited to, lifeboats, rescue boats, davits, winches, hanging-off pendant and/or any other components or parts for the 3 year period preceding through 1 year after the subject incident.

20. Any and all communications, letters, notes and/or other documentation between You and any law enforcement, government agency, flag state or classification society relating or pertaining to the subject incident alleged in the Amended Complaint.

21. Any and all applicable guidelines, regulations, standards, including but not limited to SOLAS or IMO, that relate or pertain to the subject lifeboat system including, but not limited to, lifeboats, rescue boats, davits, winches, hanging-off pendant and/or any other components or parts.

22. Any and all written, recorded and/or video tape statements taken from parties or witnesses in this cause.

23. Any and all photographs, video, or other documentary evidence showing subject lifeboat system including, but not limited to, lifeboats, rescue boats, davits, winches, hanging-off pendant and/or any other components or parts involved in the incident alleged in the Amended Complaint prior to any changes or modification.

24. Any incident or accident reports prepared as a result of the incident alleged in the Amended Complaint.

25. Any and all records reflecting injuries and claims of injuries, lawsuits or complaints, for injuries suffered as a result of an alleged negligent lifeboat system including, but not limited to, lifeboats, rescue boats, davits, winches, hanging-off pendant and/or any other components or parts for the 3 year period preceding through 1 year after the subject incident.

26. Any and all insurance policies, including umbrella or excess that You contend cover or may cover the Defendant for the allegations set forth in the Amended Complaint.

27. Each and every statement, printed or graphic representation, catalogue, circular, manual, brochure, report, memorandum, transcript, communication, letter, label, advertisement, or

other document which in any way mentions, describes, or otherwise refers to any defective condition that existed, exists, or is thought to have existed or is thought to exist in the product (i.e. lifeboat system and/or lifeboat).

28. Each and every statement, printed or graphic representation, catalogue, circular, manual, brochure, report, memorandum, transcript, communication, letter, label, advertisement, or other document which in any way mentions, describes, or otherwise refers to any change made in the design according to which the product was manufactured.

29. Each statement, printed or graphic representation, catalogue, circular, manual, brochure, report, memorandum, transcript, communication, letter, advertisement, or other document which in any way mentions, describes or otherwise refers to any recalls or potential recalls You made or have contemplated making of the product or of similar products.

30. Each and every statement, printed or graphic representation, catalogue, circular, manual, brochure, report, memorandum, transcript, communication, letter, label, advertisement, direction, procedure, or other document which mentions, describes, or in any way refers to any precaution taken by You in order to prevent any harm due to the product.

31. Each and every statement, printed or graphic representation, catalogue, circular, manual, brochure, report, memorandum, transcript, communication, letter, label, advertisement, direction, procedure, or other document which in any way mentions, describes, or otherwise refers to any precautions that should be taken by You in order to prevent any harm due to the product.

32. Each and every statement, printed or graphic representation, catalogue, circular, manual, brochure, report, memorandum, transcript, communication, letter, label, advertisement, or other document which in any way mentions, describes, or otherwise refers to the design, blueprint, or any other procedure according to which the product, or any component part thereof, was produced.

33. Each and every law, rule, regulation, standard, statute, ordinance, or other requirement or recommendation established by any local, state, or federal government body or officer, whether legislative, executive, or administrative in character, which deals with, defines, limits, or specifies any aspect of the design, manufacture, composition, distribution, or use of the product or similar products.