REPUBLIC OF THE PHILIPPINES
**COURT OF APPEALS**
MANILA

\_\_\_\_ DIVISION

**C.F. SHARP CREW MANAGEMENT, INC.,**
**AND NORWEGIAN CRUISE LINE, LTD.,**
    *Petitioners,*

-VERSUS-    CA-GR SP No. _____
                        MVA-090-RCMB-NCR-005-01-01-2017

**HEIRS OF BEN BUENAVENTURA AS REPRESENTED BY GERALDINE BUENAVENTURA,**
    *Respondents,*
x------------------------------------------------x

# PETITION FOR REVIEW

    Petitioners, **C.F. SHARP CREW MANAGEMENT, INC., AND NORWEGIAN CRUISE LINE, LTD.,** through undersigned counsel, to this Honorable Court most respectfully submit this *Petition for Review* and aver: THAT –

## I.   PREFATORY STATEMENT

    Despite the glaring fact that the Honorable Panel of Voluntary Arbitrators has jurisdiction to hear the arbitration case and the issues presented, they decided to evade their obligations much to petitioners' prejudice.

    However viewed, the arbitration case subject of this Petition, involves an issue regarding death compensation under a seafarer's employment contract and Collective Bargaining Agreement.

1 | P a g e

By virtue of the fact that parties have unsettled issues involving a CBA, the Honorable Panel of Voluntary Arbitrators should not have shied away and instead, disposed of the presented issues to them.

It is petitioners' adamant stand that the Honorable Panel of Voluntary Arbitrators should perform the tasks and obligations that parties, the law, and contract impose and put an end to the issues.

Petitioners invoke the aid of this Honorable Court to shed light on the issue of jurisdiction and remind the Honorable Panel of Voluntary Arbitrators of their duties and responsibilities considering that they have been duly appointed by the parties.

## II. NATURE OF THE PETITION

This is a Petition for Review under Rule 43 of the Rules of Civil Procedure to annul and set aside the Decision dated 30 January 2018 and Resolution (received by the Department of Labor and Employment last 02 October 2018) of Honorable Voluntary Arbitrators Manuela F. Lorenzo, George E. Eduvala, and Rosario C. Cruz (Honorable Panel) in **MVA-090-RCMB-NCR-005-01-01-2017** entitled **"IN RE: VOLUNTARY ARBITRATION CASE BY AND BETWEEN: C.F. SHARP CREW MANAGEMENT, INC., AND NORWEGIAN CRUISE LINE, LTD. VERSUS HEIRS OF BEN BUENAVENTURA AS REPRESENTED BY GERALDINE BUENAVENTURA"** Certified copies of the Decision dated 30 January 2018 and Resolution (received by the Department of Labor and Employment last 02 October 2018) are attached as **Annexes "A" and "B"** hereof.

The petitioners firmly believe that the Honorable Panel, in rendering the assailed Decision and Resolution had committed serious errors of law and fact. The assailed decision and resolution are humbly submitted to be clearly and manifestly incongruous to applicable LAW, CONTRACT and JURISPRUDENCE. Both legally and factually, the Honorable Panel's evasion of their obligation to hear the issues of the case, MUST be REVERSED and SET ASIDE.

There is no longer any motion for reconsideration, appeal, nor any plain, speedy and adequate remedy in the course of law available to the petitioners.

2 | Page

## III. STATEMENT OF MATERIAL DATES

On 26 February 2018, petitioners, through their counsel of record, received the decision of the Honorable Panel in **IN RE: VOLUNTARY ARBITRATION CASE BY AND BETWEEN: C.F. SHARP CREW MANAGEMENT, INC., AND NORWEGIAN CRUISE LINE, LTD. VERSUS HEIRS OF BEN BUENAVENTURA AS REPRESENTED BY GERALDINE BUENAVENTURA"** (*Please see Annex "A" hereof*)

Petitioners then filed their Motion for Reconsideration of the above decision and on 03 October 2018, petitioners, through their counsel of record, received a copy of the Resolution (received by the DOLE last 02 October 2018) of the Honorable Panel. *(Please see Annex "B" hereof)*

Under the Rules, petitioners have fifteen (15) days from 03 October 2018 or up to 18 October 2018 within which to file their Petition for Review with this Honorable Court.

That the present Petition for Review is being filed within the fifteen (15) day period prescribed under Rule 43 of the Rules of Civil Procedure.

## IV. PARTIES

Petitioner **NORWEGIAN CRUISE LINE, LTD.** is a foreign juridical entity engaged in the shipping business through its local manning agent, petitioner **C.F. SHARP CREW MANAGEMENT, INC.** a domestic corporation duly licensed to engage in the manning business, organized and existing under Philippine laws.

The above parties may be served with legal processes through undersigned counsel with office address at 14/F DelRosarioLawCentre, 21st Drive cor. 20th Drive, Bonifacio Global City, Taguig 1630.

Respondent **GERALDINE BUENAVENTURA**, Filipino, is of legal age and may be served with summons and other court processes through their counsel of record, **Atty. A.D. Vincent B. Salvani IV** with office address at 6th Floor, Don Pablo Building, 114 Amorsolo Street, Legaspi Village, Makati City.

Honorable Voluntary Arbitrators Manuela F. Lorenzo, George E. Eduvala, and Rosario C. Cruz under the authority of the National Conciliation Mediation Board, Department of Labor and Employment, and may be served with summons and other court processes at 1/F DOLE Building, Intramuros, Manila.

## V. STATEMENT OF THE FACTS AND THE CASE

On 14 March 2016, Mr. Ben M. Buenaventura [hereinafter "seafarer", "deceased seafarer" or "husband seafarer"] entered into an 8-month contract with petitioner C.F. Sharp Crew Management Inc. for and in behalf of its principal, petitioner Norwegian Cruise Line Ltd.

Seafarer's employment contract was governed by the POEA SEC and the CBA. [See ***Annexes "1" and "2"***, *petitioners' Position Paper*]

Seafarer joined the cruise ship on 07 May 2016 and worked on board as Waiter.

On 26 May 2016, seafarer was informed about undergoing Rescue Boat Training. [Training Notification Form attached as ***Annex "4"***, *petitioners' Position Paper*] Lifeboat Drills and Training is conducted every month. [Drills and Training Record Sheet attached as ***Annex "5"***, *petitioners' Position Paper*]

On 20 July 2016, seafarer suffered injuries during the conduct of lifeboat drill. Seafarer was immediately brought down to the ship's infirmary and eventually brought to Bermuda Hospital in Miami, Florida, USA. [Medical Report dated 20 July 2016 issued by Dr. Eduardo Gabutero attached as ***Annex "6"***, *petitioners' Position Paper*]

Medical Progress Reports printed between 1 August to 22 August 2016 issued by the team of specialists which attended to seafarer (surgeon, nephrologist, Gastro-interologist, pharmacist, neuro-surgeon and general doctor) attached as ***Annex "7" and series"***,*petitioners' Position Paper*.

While seafarer was treated in the US, petitioners sent for his mother (Elizabeth) as well as son (Brenzid Lawrence) and arranged their visas and travel from the Philippines to Miami, Florida. All expenses were paid by petitioners. Respondent wife, also a seafarer was already in the U.S. and was at that time employed on board the same cruise ship.

In 27 August 2016, seafarer met his untimely demise and his remains were repatriated on 15 September 2016.

While seafarer was still alive, respondent wife already claimed for her husband seafarer's benefits under the employment contract.

On 09 September 2016, herein petitioners filed a Notice to Arbitrate involving the National Conciliation Mediation Board (NCMB) to discuss deceased seafarer's death benefits under the employment contract.

Meanwhile, seafarer's wife hired lawyers in the U.S. Messrs. Lipcon, Margulies, Alsina & Winkleman, P.A. Settlement discussions ensued between NCL and the lawyers of the wife while arbitration proceedings was going on before the NCMB.

On 02 November 2016, the wife through counsels entered into a settlement agreement [See **Annex "3"**, **petitioners' Position Paper**] and received the total amount of US$110,000.00 as full death benefits under the CBA. The payment of US$110,000.00 is computed as follows in accordance with Article 20 [see page 15 of **Annex "2"**, **petitioners' Position Paper**] in reference to Annex 6 thereof [See page 16 of **Annex "2"** above]

| | |
|---|---|
| Death Benefits | US$90,000.00 |
| Additional Compensation | |
| For (1) minor child | US$20,000.00 |
| | ---------------------- |
| | US$110,000.00 |
| | ============ |

Respondent wife however is claiming for additional compensation despite and inspite the settlement concluded on 02 November 2016.

It should be noted that the arbitration case before the Honorable Panel of Voluntary Arbitrators seeks clarify the issue on how much death benefits are the heirs of BEN BUENAVENTURA entitled under the employment contract.

As the possibility of an amicable settlement appeared remote, the parties were directed by the Honorable Panel of Voluntary Arbitrators to submit their respective pleadings, attached as follows:

| **Pleading:** | **Annexes** |
|---|---|
| 1. Petitioners' Position Paper | "C" |
| 2. Respondent's Position Paper | "D" |
| 3. Petitioners' Reply | "E" |
| 4. Respondent's Reply | "F" |
| 5. Petitioners' Rejoinder | "G" |
| 6. Respondent's Rejoinder | "H" |
| 7. Petitioners' Motion for Reconsideration | "I" |

On 30 January 2018, the Honorable Panel issued the assailed Decision. The dispositive portion thereof state:

> "WHEREFORE, premises considered, the complaint filed by **C.F. SHARP CREW MANAGEMENT, INC., AND NORWEGIAN CRUISE LINE, LTD. VERSUS HEIRS OF BEN BUENAVENTURA AS REPRESENTED BY GERALDINE BUENAVENTURA** is hereby DISMISSED for lack of jurisdiction.
> All other counterclaims are likewise DISMISSED.
> SO ORDERED."

Petitioners filed a Motion for Reconsideration of the decision of the Honorable Panel.

Last 03 October 2018, the petitioners received the Resolution of the Honorable Panel denying the Motion for Reconsideration.

Hence, the instant Petition.

## VI. ISSUE

*Whether the Honorable Panel of Voluntary Arbitrators committed serious and reversible error in shoving off jurisdiction over the issue related to death compensation including damages under the POEA Contract/Collective Bargaining Agreement presented by the parties.*

## VII. DISCUSSION

**THE COMPLAINT IS NOT FOR A DECLARATORY RELIEF AS ERRONEOUSLY HELD BY THE HONORABLE PANEL OF VOLUNTARY ARBITRATORS. PARTIES ARE NOT QUESTIONING EITHER THE CONSTRUCTION OR VALIDITY OF THE CBA/POEA CONTRACT. A CAREFUL READING OF THE COMPLAINT WOULD HAVE REVEALED THAT WHAT THE PARTIES ARE ASKING THE PANEL TO "*INTERPRET*" THE TERMS OF THE CBA VIS A VIS THE POEA AS TO WHETHER HEREIN RESPONDENT IS ENTITLED TO MORE COMPENSATION (INCLUDING DAMAGES) UNDER THE CBA/POEA ARISING OUT OF THE DEATH OF SEAFARER BUENAVENTURA.**

**"INTERPRETATION" OF THE CBA/POEA CONTRACT IS THE MANDATE OF THE HONORABLE PANEL.**

**WITH REGARDS TO DAMAGES (OR TORT), THE HONORABLE PANEL CERTAINLY HAS JURISDICTION TO DETERMINE WHETHER OR NOT RESPONDENT IS ENTITLED THERETO UNDER THE EMPLOYMENT CONTRACT.**

It is a basic rule that jurisdiction over THE **subject matter** is determined by the allegations in the complaint. It is determined exclusively by the Constitution and the law. It cannot be conferred by the voluntary act or agreement of the parties, or acquired through or waived, enlarged or diminished by their act or omission, nor conferred by the acquiescence of the court[1].

In dismissing the Complaint, the Honorable Panel simply excused itself by shoving off jurisdiction. Jurisdiction was put in question on account of two (2) points.

- ➢ First, that what we are actually seeking is a declaratory relief as we sought the determination of the rights and obligations of the parties under the CBA/POEA Contract.

---

[1] Mendoza vs. Germino G.R. No. 165676. November 22, 2010

> In their submission, the following issue was presented for resolution: "To determine the entitlements under the CBA and the POEA and other claims arising from the death of Mr. Ben Buenaventura."

- Second, that there is no labor dispute between the parties but a question on whether there is tort and whether or not respondent-wife is entitled to damages based on tort.

> It must be noted that the parties both admitted that there was full settlement of claims under the CBA as well as the standard contract of the POEA. What is being sought for clarification is such other claims or entitlement that may arise as a consequence of the purported gross negligence committed that led to the death of Ben Buenaventura. Certainly, such determination cannot be had on mere position papers as the damages, including the claim of failure to exercise the required diligence must be determined by full blown trial with the court having jurisdiction over such quasi-delict. The respective claims cannot be determined by going only through the four corners of the contract as has been admitted in the respective pleadings of the parties that the there was additional claim for payment by reason of the purported negligence.

On the basis of the foregoing reasoning, the Honorable Panel ruled that it does not have jurisdiction to hear the claim.

**Petitioners strongly DIFFER.**

The Honorable Panel must have misunderstood the issue submitted as both parties **did not seek for a declaratory relief** as the parties *neither* questioned the construction or validity of either the CBA or the POEA Contract.

Again, based on the Complaint and the Submission Agreement, what the parties wanted the Honorable Panel to rule on is whether or not petitioners' obligations (as employer) towards respondent-wife (as to payment of death benefits of husband-seafarer including *any* obligation for damages based on tort) **is deemed paid, waived and thus extinguished** thereby barring any further action either in the Philippines or elsewhere.

It must be stressed that the nature of the complaint is to read on the basis of the allegations stated therein and not necessarily on the prayer. While it is true that herein petitioners did not seek to recover any monetary award but it is basic that jurisdiction over the subject matter is determined upon the allegations made in the complaint, *irrespective of whether or not herein complainants are entitled to recover* upon the allegations asserted therein, which is a matter resolved only after and as a result of arbitration. [***Magay vs. Estiandan, 69 SCRA 456; Javelosa vs. Ca, 77 SCRA 860; and Cardenas vs. Camus, 5 SCRA 639***]

THAT BOTH PARTIES HAD SUBMITTED THE ISSUE ON WHETHER OR NOT RESPONDENT IS ENTITLED TO BEENFITS/COMPENSATION UNDER THE CBA/POEA (despite that settlement of complainants' contractual obligations have been paid and settled abroad) CLEARLY SHOWS THAT THERE EXISTS "STILL" A DISPUTE BETWEEN THE PARTIES.

Such dispute (*including the determination of whether there is TORT and whether respondent is entitled to more compensation on account of tort, arising out of the death of husband-seafarer which occurred during the employment contract*) is clearly within the jurisdiction of the Honorable Panel.

Based on the Section 29 of the POEA Contract, any claim or dispute arising from the employment shall be submitted to the original and **exclusive jurisdiction** of the voluntary arbitrator or panel of voluntary arbitrators chosen from the accredited voluntary arbitrators of the National Conciliation and Mediation Board (NCMB), to wit:

> In cases of claims and disputes arising from this employment, the parties covered by a collective bargaining agreement, shall submit the claim or dispute to the original and exclusive jurisdiction of the voluntary arbitrator or panel of arbitrators. If the parties are not covered by a collective bargaining agreement, the parties may at their option submit the claim or dispute to either the original and exclusive jurisdiction of the National Labor Relations Commission (NLRC), pursuant to Republic Act (RA) 8042 otherwise known as the Migrant Workers and Overseas Filipinos Act of 1995 or to the original and exclusive jurisdiction of the voluntary arbitrators or panel of arbitrators. If there is no provision as to the voluntary arbitrators to be appointed by the parties, the same shall be appointed from the accredited voluntary arbitrators of the National Conciliation and Mediation Board of the Department of Labor and Employment.[2]

---

[2] Section 29 of the POEA-SEC

In the same manner, the Omnibus Rules and Regulations Implementing the **Amended Migrant Workers and Overseas Filipinos Act of 1995, as Amended by Republic Act 10022** provides:

> Voluntary Arbitration.
>
> For OFWs with collective bargaining agreements, the case shall be submitted for voluntary arbitration in accordance with Articles 261 and 262 of the Labor Code.[3]

**Section 10 of RA 8042, otherwise known as the Migrant Workers and Overseas Filipinos Act of 1995,** as amended as RA 10022 defines the Honorable Panel's jurisdiction over money claims of Filipino overseas workers which includes all benefits and compensation based on **TORT OR DAMAGES**.

The Honorable Panel ought to determine and interpret (*NOT TO CONSTRUCT OR RENDER VALID OR INVALID*) **Section J of the POEA Contract** which provides:

> J. The seafarer or his successor in interest acknowledges that payment for injury, illness, incapacity, disability or death and other benefits of the seafarer under this contract and under RA 8042, as amended by RA 10022, shall cover all claims in relation with or in the course of the seafarer's employment, *including but not limited to damages arising from the contract*, tort, fault or negligence under the laws of the Philippines or any other country.

That pursuant to Article 217 of the Labor Code, Section 29 of the Amended POEA Standard Terms and Conditions Governing the Employment of Filipino Seafarers On-Board Ocean-Going Vessels, and the AMWA, **the Honorable Panel** is clothed with the authority to conduct compulsory arbitration in cases of claims and disputes arising from employer-employee relationship or by virtue of any law or contract involving Filipino overseas seafarers, "*including claims for actual, moral, exemplary and other forms of damages*" as being claimed by respondent under the Marshall Islands Revised Code (otherwise "MIRC).

---

[3] Section 7, Rule VII of the Omnibus Rules and Regulations Implementing the Migrant Overseas Workers Welfare Act, as Amended by R.A. 10022

Notably, it does not matter that the arbitration proceedings was commenced by the employer (herein petitioners) and not by respondent-seafarer. **Section 29 of the POEA Contract** refers to "claims and disputes arising from this employment" as matters that may be arbitrated.

Thus, the POEA Contract gives any party (not just the seafarer or his heirs) to the dispute, conflict or claim the prerogative to initiate arbitration proceedings. This is what herein petitioners exercised when it earlier filed an arbitration case against respondent before this Tribunal. In the website of the **American Arbitration Association**[4] it is stated that "either party may initiate the arbitration" which is may be used by analogy to the instant case.

Furthermore, Black's Law Dictionary defines a "dispute" as a conflict or controversy; a conflict of claims or rights; an assertion of aright, claim, or demand on one side, met by contrary claims or allegations on the other (citing *Slaven v. Wheeler, 58 Tex. 25 ; Keith v. Levi (C. C.) 2 Fed. 745; Ft. Pitt Gas Co. v.Borough of Sewickley, 198 Pa. 201, 47 Atl. 957; Railroad Co. v. Clark, 92 Fed. 968, 35 C. C. A. 120.*). There is a dispute in the instant case as herein Complainants (employers) want to be divested of any obligation to pay compensation to respondent HIGHER THAN ITS CONTRACTUAL OBLIGATION UNDER THE POEA CONTRACT and respondent, has likewise manifested its claim, only that it insists on RMI jurisdiction.

Petitioners are thus of the ardent view that based on the facts presented, and the allegations proven, the evidence submitted, the Honorable Panel can actually determine to its satisfaction, and in the exercise of its judicial discretion – whether or not, herein petitioners are still liable to pay respondent-wife compensation/damages on account of tort, OVER AND ABOVE/IN ADDITION TO THE SETTLEMENT CONCLUDED ABROAD.

# PRAYER

**WHEREFORE**, the petitioners most respectfully pray that:

1. This the instant Petition be given due course and the questioned Decision dated 30 January 2018 be revisited;

2. After such revisit, the Honorable Court direct the Honorable Panel of Voluntary Arbitrators to re-open the proceedings for the

---

[4] https://www.adr.org/aaa/ShowPDF?doc=ADRSTAGE2011225

11 | P a g e

PROPER conduct of compulsory arbitration on the remaining issues on the additional compensation.

Other reliefs, just and equitable under the premises are likewise prayed for.

Respectfully submitted. Taguig City for Manila, 11 October 2018.

**DEL ROSARIO AND DEL ROSARIO**
Attorneys for Petitioners
14th Floor DelRosarioLaw Centre
21st Drive corner 20th Drive
Bonifacio Global City
1630 Taguig, Metro Manila
mail@delrosariolaw.com
Tel No. 317 7888/Fax No. 317 7880

By:

**FLORENCIO L. AQUINO**
PTR No. A-3744505/Taguig/3 Jan. 2018
IBP LRN No. 0987965/Calmana/8 Jan. 2015
Roll of Attorneys No. 46024
MCLE Compliance No. V-0013669
Issued on 26 January 2016

-and-

**DAVID EVELIO O. VALENCIA**
PTR No. A-3744529/Taguig City/01-03-18
IBP No. 022827/PPLM/01-03-18
Roll No. 62344
MCLE Compliance No. V-0013722
issued on 26 January 2016

Republic of the Philippines)
City of Taguig            ) s.s.

## VERIFICATION AND CERTIFICATION
## AGAINST FORUM SHOPPING

I, **MIGUEL ANGEL V. ROCHA**, of legal age, with office address at Casa Rocha 290-292 Gen. Luna Street, Intramuros, Manila, after being duly sworn in accordance with the law hereby depose and say:

1. That I am the Chairman/President & CEO of **CF SHARP CREW MANAGEMENT, INC.,** petitioner in the above entitled case. Attached hereto is the Secretary's Certificate authorizing me to verify, certify and sign this document in behalf of said petitioners CF Sharp Crew Management, Inc. and Norwegian Cruise Lines;

2. That in my personal capacity and on behalf of herein petitioners CF Sharp Crew Management, Inc. and Norwegian Cruise Lines, I have caused the preparation of the foregoing Petition for Petition for Review with Prayer for the Issuance of a Writ of Preliminary Injunction and/or Temporary Restraining Order;

3. That I have read the same and the allegations contained therein are true and correct of my own personal knowledge and based on authentic record of this case;

4. That the prayer for preliminary injunction falls under Section 3 (c) of Rule 58 of the Rules of Court in that the Respondents are doing, threatening or are about to do some act in violation of petitioners' right respecting the subject of this action and tending to render any judgment in this Petition ineffectual;

5. That I hereby certify that herein petitioners have not commenced any other action or proceeding involving the same issues in the Supreme Court, the Court of Appeals, or any other court, tribunal or quasi-judicial agency in this jurisdiction; that to the best of my own knowledge, no such action or proceeding is pending in the Supreme Court, the Court of Appeals, or any other court tribunal or quasi-judicial agency in this jurisdiction; that if I should thereafter learn that the same a similar action or proceeding has been filed or is pending before the Supreme Court, the Court of Appeals, or any other court, tribunal or quasi-judicial agency in this jurisdiction, I undertake

to report that fact within five (5) days therefrom to this Honorable Court;

**MIGUEL ANGEL V. ROCHA**
Affiant

**SUBSCRIBED AND SWORN** to before me this __11__ day of October. Affiant exhibited to me his Passport No. EC7192828 issued at DFA Manila City on March 22, 2016.

**MEIGHAN E. SEMBRANO**
Notary Public
Appointment No. 67 (2018-2019)
Cities of Taguig
Until 31 December 2019
14th Floor, DelRosarioLaw Building
21st Drive corner 20th Drive
Bonifacio Global City
1630 Taguig, Metro Manila
Roll of Attorney No. 70222
IBP No. 022826/Makati/01-03-18
PTR No. A-3744527/Taguig/01-03-18
Admitted to the bar on 2017

Doc No.         2;
Page No.       1;
Book No.       2;
Series of 2018.

REPUBLIC OF THE PHILIPPINES)
CITY OF MANILA            ) S.S.

## SECRETARY'S CERTIFICATE

I, **CARMELA MAGPANTAY**, of legal age, with office address at Casa Rocha 290-292 Gen. Luna Street, Intramuros, Manila, after being duly sworn in accordance with law, depose and state:

(1) I am the Corporate Secretary of **CF SHARP CREW MANAGEMENT, INC.,** a corporation duly organized and existing under the laws of the Philippines, with office at Casa Rocha 290-292 Gen. Luna Street, Intramuros, Manila;

(2) Being the Corporate Secretary, I am the custodian of the corporate records of **CF SHARP CREW MANAGEMETN, INC.,** including the minutes of its Board of Directors;

(3) At a duly constituted meeting of the Board of Directors of the Corporation held on 8 October 2018, the following resolutions were passed and approved:

"**RESOLVED**, as it is hereby resolved that **MIGUEL ANGEL V. ROCHA, DIRECTOR** of **CF SHARP CREW MANAGEMENT, INC.,** be as he is hereby authorized, to verify, certify, authenticate, file, execute and/or sign all documents and pleadings for and in behalf of the Corporation and its Principal, **CF SHARP CREW MANAGEMENT INC., and NORWEGIAN CRUISE LINE, PHILIPPINES,** including but not limited to Petition for Review, Memorandum, Reply, and Motions and other necessary pleadings in connection with the labor case entitled *"CF Sharp Crew Management, Inc. et. al. vs. Heirs of deceased Ben Buenaventura represented by Geraldine Buenaventura, docketed as MVA-090-RCMB-NCR-005-01-01-2017"* and to represent the Company and Principal in the conferences, hearings and other proceedings thereon.

**RESOLVED FURTHER,** that the above authority shall likewise apply to all petitions and other pleadings which may be filed with the appellate courts, namely, the Court of Appeals and the Supreme Court;

**RESOLVED FINALLY** that the foregoing authority shall continue to be in full force and effect until revoked by the Board of Directors in a resolution duly certified by the Corporate Secretary."

(4) The foregoing resolutions have not been altered, modified or revoked and that the same are still in full force and effect.

**IN WITNESS WHEREOF,** I have hereunto set my hand this ___11___ day of October 2018 in City of Manila.

**CARMELA MAGPANTAY**
Affiant

**SUBSCRIBED AND SWORN TO BEFORE ME,** this ___11___ day of October 2018. Affiant exhibited to me her her Passport No. EB9534175 issued at Manila City on Nov. 07, 2013 valid until November 2018.

Doc No.     1  ;
Page No.    1  ;
Book No.    2  ;
Series of 2018.

**MEIGHAN E. SEMBRANO**
Notary Public
Appointment No. 67 (2018-2019)
Cities of Taguig
Until 31 December 2019
14th Floor, DelRosarioLaw Building
21st Drive corner 20th Drive
Bonifacio Global City
1630 Taguig, Metro Manila
Roll of Attorney No. 70222
IBP No. 022826/Makati/01-03-18
PTR No. A-3744527/Taguig/01-03-18
Admitted to the bar on 2017

**REPUBLIC OF THE PHILIPPINES)**
**TAGUIG CITY            ) S. S.**

**VERIFICATION AND VERIFIED**
**STATEMENTS OF MATERIAL DATES**

I, **DAVID EVELIO O. VALENCIA**, of legal age, with office address at 14th Floor DelRosarioLaw Centre, 21st Drive corner 20th Drive, Bonifacio Global City, Taguig, Metro Manila, Philippines, after being duly sworn, depose and state:

1. That I am a Senior Associate in the law firm of Del Rosario & Del Rosario, counsel for petitioners in this case;

2. That I have prepared the foregoing Petition for Review with Prayer for the Issuance of a Writ of Preliminary Injunction and/or Temporary Restraining Order;

3. That I have read the same and the allegations contained therein are true and correct based upon the authentic records of this case;

4. That I certify that herein petitioners through the undersigned counsel received on **26 February 2018** the Decision dated 30 January 2018 of the Honorable Panel of Arbitrators, namely: MVA Manuel F. Lorenzo (Chairman), MVA George E. Eduvala (Member) and MVA Rosario C. Cruz (Member) docketed as **MVA-090-RCMB-NCR-005-01-01-2017** entitled **"C.F. SHARP CREW MANAGEMENT, INC., et al., vs. HEIRS OF BEN BUENAVENTURA as represented by GERALDINE BUENAVENTURA"**;

5. That I certify that herein petitioners through undersigned counsel filed a Motion for Reconsideration of said Decision on **7 March 2018**;

6. That said Motion for Reconsideration was denied by Honorable Panel of Arbitrators in their Resolution dated 2 October 2018 which was received by petitioners through undersigned counsel on **3 October 2018**;

15 | P a g e

7. That this Petition is being filed within the period provided under Rules 43 of the 1997 Rules of Civil Procedure.

**DAVID EVELIO O. VALENCIA**
Affiant

**SUBSCRIBED AND SWORN** to before me this 11th day of October 2018. Affiant exhibited to me his Driver's License with Number N26-05-005311 valid until 17 August 2019.

**MEIGHAN E. SEMBRANO**
Notary Public
Appointment No. 67 (2018-2019)
Cities of Taguig
Until 31 December 2019
14th Floor, DelRosarioLaw Building
21st Drive corner 20th Drive
Bonifacio Global City
1630 Taguig, Metro Manila
Roll of Attorney No. 70222
IBP No. 022826/Makati/01-03-18
PTR No. A-3744527/Taguig/01-03-18
Admitted to the bar on 2017

Doc No.    3 ;
Page No.   1 ;
Book No.   II;
Series of 2018.



16 | Page

## EXPLANATION ON MODE OF SERVICE

This pleading was served upon Private Respondent through his counsel by registered mail and other parties concerned due to lack of material time and available personnel to effect personal service.

This explanation is given pursuant to Section 11, Rule 13 of the Revised Rules of Court.

**DAVID EVELIO O. VALENCIA**

**COPY SENT BY REGISTERED MAIL
WITH RETURN CARD THIS _____
DAY OF OCTOBER 2018.**

**ATTY. MA CHERE GRACITA C. REYES
QUASHA ANCHETA PENA & NOLASCO**
6th Floor, Don Pablo Building,
114 Amorsolo Street, Legaspi Village
City of Makati 1229

Per Registry Receipt No. _____
            Dated _____

**NATIONAL CONCILIATION AND MEDIATION BOARD**
Office of the Voluntary Arbitrators
National Capital Region
Intramuros, Manila

Per Registry Receipt No. _____
            Dated _____

**NATIONAL CONCILIATION AND MEDIATION BOARD
Chairman: Manuel F. Lorenzo**
Office of the Voluntary Arbitrators
National Capital Region
Intramuros, Manila

Per Registry Receipt No. _____
            Dated _____

**NATIONAL CONCILIATION AND MEDIATION BOARD**
**AVA George Eduvala**
Office of the Voluntary Arbitrators
National Capital Region
Intramuros, Manila

Per Registry Receipt No. _____
                Dated _____

**NATIONAL CONCILIATION AND MEDIATION BOARD**
**AVA Rosario C. Cruz**
Office of the Voluntary Arbitrators
National Capital Region
Intramuros, Manila

Per Registry Receipt No. _____
                Dated _____

**OFFICE OF THE SOLICITOR GENERAL**
134 Amorsolo Street, Legaspi Village
Makati City

Per Registry Receipt No. _____
                Dated _____