UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:18-cv-22922-KMM

GERALDINE BUENAVENTURA,
as personal representative of the
estate of BEN BUENAVENTURA

      Plaintiffs,

v.

NCL (BAHAMAS) LTD., *et al.*,

      Defendants.

                         /

## ORDER

THIS CAUSE came before the Court upon Plaintiff's Motion to Remand ("Mot. to Remand") (ECF No. 21) and Defendant NCL (BAHAMAS) Ltd.'s ("Defendant") Motion to Compel Arbitration ("Mot. to Compel Arbitration") (ECF No. 41). The Parties filed their respective responses and replies. (ECF Nos. 35, 40, 49, 52, 57).

This action arises out of the death of Ben Buenaventura, a Philippine citizen, who sustained injuries and died from those injuries while employed onboard the *Norwegian Breakaway*. *See* Amended Complaint ("Am. Compl.") (ECF No. 31) ¶ 14.[1] Buenaventura participated in a lifeboat and rescue boat drill onboard the vessel and during the drill was injured and transported to a hospital where he died. Am. Compl. ¶ 15–17.

Plaintiff filed the instant action in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, which Defendant removed to this Court arguing that the Court

---

[1] The Court only recites the facts necessary for resolution of this instant issue.

has subject matter jurisdiction pursuant to 9 U.S.C. § 205[2] and federal maritime law.  *See*

("Notice of Removal") (ECF No. 1).  Plaintiff moved to remand for further proceedings in the

Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida arguing

that a Philippine Arbitration Board determined that "the Plaintiff's claims are beyond its scope

which is limited to labor disputes only and the Plaintiff's claim requires a 'full blown trial.'"

Mot. to Remand at 2.  Further, Plaintiff argues that except in diversity cases, maritime litigation

brought in state courts should not be removed to the federal courts.  *Id.* at 5.[3]

        Pursuant to 9 U.S.C. § 205 a defendant may remove "plaintiff's state-filed lawsuit to

federal court when the subject matter of the suit 'relates to' an arbitration agreement that 'fall[s]

under' the Convention on the Recognition and Enforcement of Foreign Arbitral Awards." *Beiser*

*v. Weyler*, 284 F.3d 665, 666 (5th Cir. 2002).  Defendant moved to compel arbitration arguing

that "[t]he parties entered into valid and mandatory foreign arbitration agreement covering the

claims Plaintiff brings here." Mot. to Compel Arbitration at 5.  Plaintiff argues that the

Defendant's Petition for Review pending before the Republic of Philippines Court of Appeals, in

which Defendant argued that the Republic of Philippines Court of Appeals should find that the

arbitration panel "committed serious errors of fact" when it determined that it was without

jurisdiction to rule on the facts at issue and the merits of the claim, shows that Defendant admits

---

[2] Section 205 reads, in relevant part:

> Where the subject matter of an action or proceeding pending in a State court
> relates to an arbitration agreement or award falling under the Convention, the
> defendant or the defendants may, at any time before the trial thereof, remove such
> action or proceeding . . .The procedure for removal of causes otherwise provided
> by law shall apply, except that the ground for removal provided in this section
> need not appear on the face of the complaint but may be shown in the petition for
> removal.

[3] At this stage in the proceedings, the Court does not address whether it has jurisdiction under
maritime law as the critical question now is whether these proceedings should be compelled to
arbitration.

that the Philippine Arbitration Board already decided that it would not hear the issues raised in Plaintiff's Complaint. ("Sur-Reply") (ECF No. 57–2).

The Court must decide whether Plaintiff's lawsuit "relates to" Buenaventura's international arbitration agreement with the Defendant. Resolution of the Petition for Review pending before the Republic of Philippines Court of Appeals will help determine whether the case should be compelled to arbitration in the Philippines as requested by Defendant or whether the Philippine Arbitration Board's decision that the case requires a trial should stand. The Parties are ordered to show cause on or before December 7, 2018 why this case should not be stayed pending the resolution of the Petition for Review filed before the Republic of the Philippines Court of Appeals.

Accordingly, UPON CONSIDERATION of the Motions, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that all Parties[4] are ORDERED TO SHOW CAUSE on or before December 7, 2018, why this cause why this case should not be stayed pending the Petition for Review.

DONE AND ORDERED in Chambers at Miami, Florida, this 30th day of November, 2018.

_____

K. MICHAEL MOORE
UNITED STATES CHIEF DISTRICT JUDGE

c:      All counsel of record

---

[4] Plaintiff and all Defendants, even a particular defendant that is not part of the Motion to Compel Arbitration, may respond to this Order indicating why this case should not be stayed pending the resolution of the Petition for Review by the Republic of the Philippines Court of Appeals.