UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:18-cv-22922-MOORE/SIMONTON

GERALDINE BUENAVENTURA,
as Personal Representative of the
Estate of BEN BUENAVENTURA,

    Plaintiff,
vs.

NCL (BAHAMAS) LTD.,
D-I DAVIT INTERNATIONAL, INC.,
HATECKE SERVICE USA, LLC

    Defendants.
_____/

### DEFENDANT NCL (BAHAMAS) LTD.'S RESPONSE TO ORDER [ECF NO. 59]

Defendant, NCL (BAHAMAS) LTD. ("Norwegian"), responds to this Court's order to show cause, and states:

This case should not, and need not, be stayed pending the resolution of the Petition for Review before the Republic of the Philippines Court of Appeals. Plaintiff has thoroughly distorted and confused the nature of the Filipino proceeding in an effort to avoid her arbitration requirement. In reality, the Filipino appeal will decide the narrow issue of whether Norwegian could initiate arbitration first or whether Plaintiff had to. The merits of the case and the issue of arbitrability of the case were not raised or addressed at all. It is an academic question at this point now that Plaintiff filed her claims here in the United States, and Norwegian moved to compel same to arbitration. Indeed, if this Court compels arbitration, the appeal will be moot.

Decedent had an arbitration agreement with Norwegian to resolve any employment or personal injury claims by mandatory arbitration. After receiving a letter of representation following the rescue boat incident, Norwegian sought to preemptively initiate the mandatory

arbitration in the Philippines. [ECF No. 49-2]. Norwegian specifically sought to "determine the respective rights and obligations of the parties in relation to the collective bargaining agreement, employment contract and other claims arising therefrom." [ECF No. 49-1].

The Filipino arbitration board ultimately dismissed Norwegian's complaint for lack of jurisdiction. [ECF No. 49-1]. It held that Norwegian's initiation of arbitration, instead of the crewmember Plaintiff, was "akin to a declaratory relief[.]" [ECF No. 49-1 p. 7]. The arbitration panel did not have jurisdiction to hear such a case because, under Filipino law, "[t]he only issue that may be raised in such a petition is the question of construction or validity of the provisions in an instrument or statute." [*Id*.]. This was not an action to clarify a contract or interpret a statute. The panel also reasoned that the granting of declaratory relief was discretionary. [*Id*.]. The arbitration panel also held that the Filipino courts had jurisdiction over declaratory relief actions, and that the parties would have to have a "full blown trial" on the issue of declaratory relief. [ECF No. 49-1].

The appeal of the dismissal order will resolve the discrete issue of whether a shipowner, like Norwegian, can initiate arbitration against its crewmember with the POEA or whether the crewmember has to initiate the case. The merits of the case are not under review and have never been analyzed. The arbitrability of the underlying claims is not under review and never was. The nature of Plaintiff's potential claims against Norwegian was not at issue in the Philippines.[1] In sum, the current appeal has no bearing on the proceedings here. Once this case is compelled to arbitration, the Filipino appeal will be moot.

---

[1] Plaintiff has argued, citing to *Tolosa v. N.L.R.C.* (2003) G.R. No. 149578 (Phil.), that her claims are not subject to arbitration in the Philippines and that the decision here was simply in line with that one. This same argument was previously rejected by the Eleventh Circuit in the seminal case enforcing Filipino crewmember arbitration agreements, *Bautista v. Star Cruises*, 396 F.3d 1289, 1303 (11th Cir. 2005). The *Bautista* court held that *Tolosa* was inapplicable because it focused on claims against shipmates, not the employer. *Id*.

CASE NO.: 1:18-cv-22922-MOORE/SIMONTON

This Court should compel this dispute to arbitration. Foreign seaman arbitration agreements, just like this one, are universally enforced by this Court and the Eleventh Circuit pursuant to the Convention. *E.g.*, *Bautista*, 396 F.3d at 1289; *Lindo v. NCL (Bahamas), Ltd.*, 652 F.3d 1257 (11th Cir. 2011); *Maxwell v. NCL (Bahamas) Ltd.*, 454 F. App'x 709 (11th Cir. 2011). The only difference here is that Norwegian sought to initiate the arbitration, not the crewmember. Whether that was procedurally proper is on appeal, nothing else. Now that Plaintiff has filed claims, Norwegian has moved to compel arbitration like any other case. There is no need or reason to stay this case; the Filipino appeal will not resolve any issues here.

Respectfully submitted,

MASE MEBANE & BRIGGS, P.A.
*Attorneys for Defendant*
2601 South Bayshore Drive, Suite 800
Miami, Florida 33133
Telephone: (305) 377-3770
Facsimile: (305) 377-0080

By: /s/ *Cameron Eubanks*
SCOTT P. MEBANE
Florida Bar No.273030
smebane@maselaw.com
CAMERON W. EUBANKS
Florida Bar No. 85865
ceubanks@maselaw.com

CASE NO.: 1:18-cv-22922-MOORE/SIMONTON

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 7, 2018, I electronically filed the foregoing document with the Clerk to the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ *Cameron Eubanks*
CAMERON EUBANKS

CASE NO.: 1:18-cv-22922-MOORE/SIMONTON

## SERVICE LIST

Michael A. Winkleman, Esq.
Jason R. Margulies, Esq.
Carol L. Finklehoffe, Esq.
Lipcon, Margulies, Alsina & Winkleman, P.A.
Suite 1776, One Biscayne Tower
2 South Biscayne Blvd.
Miami, Florida  33131
Tel: (305) 373-3016
Fax: (305) 373-6204
mwinkleman@lipcon.com
jmargulies@lipcon.com
Anotari@lipcon.com
cfinklehoffe@lipcon.com
*Attorneys for Plaintiff*

Jerry D. Hamilton, Esq.
Robert M. Oldershaw, Esq.
Elisha Sullivan, Esq.
150 S.E. 2nd Avenue, Suite 1200
Miami, Florida  33131
Tel: (305) 379-3686
Fax: (305) 379-3690
jhamilton@hamiltonmillerlaw.com
roldershaw@hamiltonmillerlaw.com
esullivan@hamiltonmillerlaw.com
gbernardez@hamiltonmillerlaw.com
spayne@hamiltonmillerlaw.com
smarroquin@hamiltonmillerlaw.com
*Attorneys for Defendant (Hatecke Service USA, LLC)*

Steven C. Jones, Esq.
Anthony P. Strasius, Esq.
Wilson Elser Moskowitz Edelman & Dicker
100 S.E. 2nd Street, Suite 3800
Miami, FL 33131
Tel: (305) 341-2282
Tel: (305) 374-4400
Fax: (305) 379-3690
steven.jones@wilsonelser.com
anthony.strasius@wilsonelser.com
*Attorneys for Defendant (D-I Davit International, Inc.)*

19431//139