UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:18-cv-22923-GAYLES/OTAZO-REYES

JELEN CARPIO, as personal
representative of the estate of
DIOGENES CARPIO, Jr.,

      Plaintiff,

v.

NCL (BAHAMAS) LTD.,
D-I-DAVIT INTERNATIONAL, INC.,
HATECKE SERVICE USA, LLC,

      Defendants.
_____/

## ORDER ON NCL (BAHAMAS) LTD.'S MOTION TO DISMISS
## THE AMENDED COMPLAINT AND COMPEL ARBITRATION

**THIS CAUSE** comes before the Court on Defendant NCL (Bahamas), Ltd.'s ("NCL") Motion to Dismiss and Compel Arbitration ("Motion"). [ECF No. 29]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons that follow, the Motion shall be granted in part.[1]

**I. BACKGROUND**

Plaintiff, a Filipino citizen, brings this action on behalf of herself and as personal representative of the estate of her deceased husband, Diogenes Carpio, Jr., a Filipino citizen ("Decedent"). Decedent was a crewmember aboard NCL's vessel, the *Norwegian Breakaway* on July 20, 2016. [ECF No. 22] at ¶¶ 14-15. At that time, he was assigned to conduct and assist lifeboat drills. *Id.* During one such drill, Decedent was boarding a lifeboat on Deck 7 of the

---

[1] NCL alternatively argues that the Amended Complaint be dismissed for *forum non conveniens*. Because the Court finds that the Motion to Compel Arbitration is dispositive, it will not consider the parties' *forum non conveniens* arguments.

1

vessel when it detached from the vessel causing Decedent to fall approximately six stories into the water where he drowned. *Id.* at ¶¶ 16-17. The terms of Decedent's employment with NCL were governed by his Employment Agreement and a Collective Bargaining Agreement ("CBA"). *Id.* at ¶ 35. Each of these agreements required that all claims brought by, or on behalf of, the Decedent against NCL be submitted to binding arbitration in the Philippines. [ECF No. 38] at n.2.

Plaintiff initiated arbitration proceedings in the Philippines. *Id.* at ¶¶ 5-6. Before a decision was rendered by an arbitrator, the parties agreed to settle the case. Pursuant to the Settlement Agreement, NCL compensated Plaintiff $130,000. In return, Plaintiff signed a release absolving NCL of all claims related to Decedent's death and agreed to arbitrate any dispute regarding the settlement in the Philippines. The Settlement Agreement was approved by a Labor Arbitrator. *Id.* Plaintiff alleges that she had no legal counsel when she signed the Settlement Agreement and that NCL's agent in the Philippines misrepresented Plaintiff's rights to her.

Defendant now files the instant Motion which seeks to compel binding arbitration in the Philippines. In response, Plaintiff asserts that the Settlement Agreement is a final judgment of the arbitrator and should be vacated as a matter of public policy.

## II. LEGAL STANDARD

The Court's inquiry on a motion to Compel Arbitration under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("The Convention," 9 U.S.C. §§ 201-08 *et seq.*) is limited. *Bautista v. Star Cruises*, 396 F.3d 1289, 1294 (11th Cir. 2005). The Court

must compel arbitration "unless (1) the four jurisdictional prerequisites[2] are not met; or (2) one of the Convention's affirmative defenses applies." *Id.* at 1295 (internal citations omitted). Article II of the Convention dictates that arbitration agreements must be enforced "unless the agreement is null and void, inoperative or incapable of being performed." *Lindo v. NCL (Bahamas), Ltd.*, 652 F.3d 1257, 1272 (11th Cir. 2011) (internal citations and quotations omitted). Further, the "null and void clause [is] confined to standard breach-of-contract defenses and the limited scope of the Convention's null and void clause must be interpreted to encompass only those situations—such as *fraud, mistake, duress, and waiver*…" *Id.* (internal citations and quotations omitted). Lastly, under Article V of the Convention a district court may refuse an arbitral award at the post-arbitration award-enforcement stage where the court finds that enforcement of the award would be contrary to public policy. *Id.* At the arbitration-enforcement stage, the only challenge available to Plaintiff is whether the arbitration agreement is null and void. *Escobar v. Cruise Operator, Inc.*, 805 F.3d 1279, 1288 (11th Cir. 2015) (holding that public policy arguments are only available at the arbitral award-enforcement stage and not the arbitration-enforcement stage).[3]

## III. DISCUSSION

Plaintiff does not dispute that the jurisdictional prerequisites to enforcement of arbitration agreements are met, nor does she dispute that she is bound by the agreements to arbitrate contained in the Employment Agreement and the CBA. [ECF No. 38] at n.2. Instead, Plaintiff

---

[2] "(1) [t]here is an agreement in writing within the meaning of the Convention; (2) the agreement provides for arbitration in the territory of a signatory of the Convention; (3) the agreement arises out of a legal relationship, whether contractual or not, which is considered commercial; and (4) a party to the agreement is not an American citizen, or that the commercial relationship has some reasonable relation with one or more foreign states." *Bautista*, 396 F.3d at n.7.

[3] During the arbitration-enforcement stage the district court decides whether to compel the action to binding arbitration pursuant the parties' written agreement to arbitrate. The arbitral award-enforcement stage is a post-arbitration proceeding where the parties bring an action to enforce or void an arbitral award. *Escobar*, 805 F.3d at 1288.

3

argues that the Settlement Agreement signed by the Labor Arbitrator constitutes final judgment of the arbitration proceeding which this Court should vacate as a matter of public policy. The Court declines to do so. It is clear from the parties' briefs that the parties did not complete arbitration as they settled at the outset of the process. The Labor Arbitrator's stamp of approval of the settlement is not a final judgment, rather, it is simply a settlement approval. The agreement and release do not contain any findings by the Labor Arbitrator such that the Court may analyze whether the arbitrator properly addressed the merits of Plaintiff's claims.

Because the Court finds that arbitration has not yet occurred, Article V's public policy exception does not apply and this action is properly dismissed. *Escobar*, 805 F.3d at 1287. Even if the Court were to find that the Settlement Agreement is a final judgment of the arbitrator, Plaintiff has not shown that it is void as a matter of public policy. Plaintiff does nothing more than make broad statements that a purported NCL representative in the Philippines misrepresented Plaintiff's rights to her, and that Plaintiff did not have legal representation at that meeting. [ECF No. 38] at 1-2. At no time does Plaintiff argue that she did not understand what she was signing. Ultimately, the thrust of Plaintiff's public policy appeal is that seamen are wards of the court requiring protection. *Id.* at 8. To further her position, Plaintiff cites non-binding case law from the District of Maryland for the proposition that the Philippine arbitration award violates public policy because Plaintiff would unable to vindicate her Jones Act claims in arbitration. [ECF No. 38] at 8. This argument has been rejected multiple times by the Eleventh Circuit, most recently in *Navarrete v. Silversea Cruises, Ltd.*, 620 Fed. App'x 793, 797-98 (11th Cir. 2015) (citing *Lindo*, 652 F.3d at 1276-77) ("holding that a seafarer's assertion that the choice-of-law clause contained in his arbitration agreement would foreclose all meaningful relief

4

under U.S. statutory law was premature and provided no defense to the enforcement of an arbitration clause.").

## IV. CONCLUSION

Plaintiff has not demonstrated that arbitration has been completed and is now ripe for post-arbitration review; nor has she demonstrated that the arbitration clauses contained in either the employment agreement or the collective bargaining agreement are subject to any affirmative defenses contained within the Convention.

It is therefore

**ORDERED AND ADJUDGED** that Defendant NCL (Bahamas) Ltd.'s Motion to Dismiss and Compel Arbitration is **GRANTED**.

All claims in the Amended Complaint brought against NCL (Bahamas) Ltd. are **DISMISSED** *without prejudice*.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 9th day of January, 2019.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE