UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:18-cv-22922-MOORE/SIMONTON

GERALDINE BUENAVENTURA,
estate of BEN BUENAVENTURA,

    Plaintiff,

v.

NCL (BAHAMAS) LTD.,
D-I DAVIT INTERNATIONAL, INC.,
HATECKE SERVICE USA, LLC., and
D-I DAVIT INTERNATIONAL-HISCHE
GMBH,
    Defendants.
_____/

## PLAINTIFF'S *EXPEDITED* MOTION TO VACATE CURRENT SCHEDULING ORDER AND REQUEST FOR HEARING PURSUANT TO LOCAL RULE 7.1(b)(2)

COMES NOW, the Plaintiff, Geraldine Buenaventura, by and through the undersigned counsel, and hereby files her Motion to Vacate current scheduling order and Request for Hearing, and for good cause states as follows:

1. This matter arises from the wrongful death of NCL crewmember, decedent Ben Buenaventura who fell six stories into the water during a life boat drill and was then subsequently crushed when the life boat fell on top of him.

2. Plaintiff filed suit against Defendant NCL (Bahamas) Ltd. ("NCL") his employer and shipowner, D-1 Davit International, Inc. and D-I DAVIT INTERNATIONAL-HISCHE ("D-1 Davit") the davit manufacturer, and Hatecke Service USA, LLC ("Hatecke"), the inspection and service company for the lifeboats. [D.E. 31].

3. This wrongful death matter has a complex procedural posture as well as multiple defendants that lead the plaintiff to request the relief sought herein.

4. This matter was originally filed in Miami State Court, but was removed by Defendant NCL. D.E. 1. Plaintiff has a pending Motion for Remand. D.E. 21.

5. Pending before this Honorable Court is Defendant NCL's Motion to Compel Arbitration. [D.E. 41].

6. Also pending before this Honorable Court is Plaintiff's Corrected Motion to Stay the case pending resolution of the petition for review by the Republic of the Philippines Court of Appeals. D.E. 69. Granting said motion would moot the requested relief herein. Nonetheless, given the impending discovery cut off and other deadlines, this relief herein is sought as an alternative to a complete stay of the case.

7. Also pending is Hatecke's Motion to Dismiss the Amended Complaint and alternatively, Motion for Summary Judgment [D.E. 39]; and D-1 Davit's Motion to Dismiss the Amended Complaint and alternatively, Motion for Summary Judgment [D.E. 42].

8. This Honorable Court entered an Order stating it would *not* rule on these Motions until after discovery had been completed and referred discovery disputes to the Magistrate Judge. [D.E. 58].

9. On January 31, 2019, Magistrate Judge Jacqueline Becerra granted Plaintiff's Motions to take discovery [D.E. 46 & 48], and allowed Plaintiff to take the requested deposition of each of the Defendants. D.E. 71, 72.

10. The deposition of Andres Heinrich, Managing Director of Defendant Hatecke is scheduled to occur on Monday February 4, 2019.

- 3 -

11. Counsel for Plaintiff and Defendant DI Davit are working to schedule the deposition of Joachim Wiese, General Manager of DI Davit (Germany). More importantly, in the interests of judicial economy, Counsel for Plaintiff and Defendant DI Davit are attempting to finalize an agreement to voluntarily dismiss without prejudice D-I DAVIT INTERNATIONAL, INC., and in exchange, Defendant D-I DAVIT INTERNATIONAL-HISCHE, agrees to waive service through the Hague Convention and instead file a limited appearance in the case in order to contest personal jurisdiction.

12. The parties are also scheduled to attend mediation on February 7, 2019.

13. Unfortunately, pursuant to the active Scheduling Order, the discovery cut off is Monday February 4, 2019. Given the unique posture and complexity of the instant matter, the plaintiff is unable to meet the deadlines set out in the Scheduling Order. Importantly, herein the parties requested a November 2019 trial date; see DE 23-1, but were given an April 2019 trial date.

14. Consequently, Plaintiff respectfully requests that this Honorable Court vacate the current scheduling order and instead allow the Plaintiff to conduct limited jurisdictional discovery in regards D-I DAVIT INTERNATIONAL-HISCHE. Upon completion of the limited jurisdictional discovery, Plaintiff will file its Response to the Motion to Dismiss. And upon this Honorable Court's ruling on the jurisdictional challenge, a new Scheduling Order should be entered.

15. The Plaintiff also requests to reschedule the presently scheduled mediation, because given the posture of the case, settlement is highly unlikely.

16. Furthermore, pursuant to Local Rule 7.1.(d)(2) Expedited Motions, Plaintiff respectfully requests that the instant motion be briefed on an expedited basis because of the

impending deadlines. Plaintiff requests that the response(s) to the instant motion be filed by Monday February 4, 2019, and that any reply be filed by Tuesday February 5, 2019, so that the matter can be ruled upon as soon as practicable.

17. This is motion is filed in good faith and not for purposes of delay. There is good cause to grant the requested relief as this wrongful death matter is extremely complex and involves multiple defendants. No party will be prejudiced by this relief, but Plaintiff will be prejudiced by failing to grant the relief.

**WHEREFORE**, the Plaintiff, Geraldine Buenaventura, respectfully moves this Court for an Order granting the relief requested herein.

### *Certification of Compliance with Local Rules 7.1*

Undersigned counsel hereby certifies that she has conferred with counsel for the Defendants in accordance with S.D. Fla. Local Rule 7.1 (A)(3) in a good faith effort to resolve the issues raised by this Motion prior to filing. Defendant NCL maintains that the only action that needs to be taken is to stay discovery served upon NCL pending the resolution of the Motion to Compel Arbitration. Defendant Hatecke objects to the relief sought herein. Defendant DI Davit does ***not*** object to the granting of the relief herein.

### *Request for Hearing pursuant to Local Rule 7.1(b)(2)*

Pursuant to Local rule 7.1 (b)(2), Plaintiff respectfully requests a hearing regarding the instant motion. A hearing is desired, and will be helpful to this Honorable Court, because of the unique, complex procedural posture of the matter. Undersigned counsel estimates 15-30 minutes should be sufficient time for the hearing. Plaintiff notes that this hearing could occur with the other hearing presently requested regarding the Correct Motion to Stay.

 Respectfully submitted,

 LIPCON, MARGULIES,

ALSINA & WINKLEMAN, P.A.
*Attorneys for Plaintiff*
One Biscayne Tower, Suite 1776
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204

By: */s/ Michael Winkleman*
    **MICHAEL A. WINKLEMAN**
    Florida Bar No. 36719
    MW@lipcon.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 1, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

By: */s/ Michael Winkleman*
    **MICHAEL WINKLEMAN**

## SERVICE LIST
*Buenaventura v. NCL (Bahamas) Ltd. et. al.*
case no.: 18-cv-22922-KMM

| | |
|---|---|
| **Michael Winkleman, Esq.**<br>Florida Bar No.: 36719<br>mwinkleman@lipcon.com<br>**Carol L. Finklehoffe, Esq.**<br>Florida Bar No.: 0015903<br>cfinklehoffe@lipcon.com<br>LIPCON, MARGULIES,<br>ALSINA & WINKLEMAN, P.A.<br>One Biscayne Tower, Suite 1776<br>2 South Biscayne Boulevard | **Jerry D. Hamilton, Esq.**<br>Florida Bar No.: 970700<br>jhamilton@hamiltonmillerlaw.com<br>**Elisha M. Sullivan, Esq.**<br>Florida Bar No.: 57559<br>esullivan@hamiltonmillerlaw.com<br>150 S.E. 2nd Avenue, Suite 1200<br>Miami, Florida 33131<br>Tel: (305) 379-3686<br>Fax: (305) 379-3690 |

| | |
|---|---|
| Miami, Florida 33131<br>Telephone No.: (305) 373-3016<br>Facsimile No.: (305) 373-6204<br>*Attorneys for Plaintiff* | *Attorneys for Defendant Hatecke Service USA, LLC* |
| **Anthony P. Strasius, Esq.**<br>Florida Bar No.: 988715<br>Anthony.strasius@wilsonelser.com<br>**Steven C. Jones, Esq**.<br>Florida Bar No.: 107516<br>Steven.jones@wilsonelser.com<br>Wilson, Elser, Moskowitz,<br>Edelman & Dicker, LLP<br>100 Southeast Second Street, Suite 3800<br>Miami, Florida 33131<br>Tel: (305) 374-4400<br>Fax: (305) 579-0261<br>*Attorneys for Defendant D-1 Davit International, Inc.* | **Curtis Mase, Esq.**<br>Florida Bar No.: 73928<br>cmase@maselaw.com<br>kfehr@maselaw.com<br>**Cameron W. Eubanks, Esq.**<br>Florida Bar No.: 85865<br>ceubanks@maselaw.com<br>rcoakley@maselaw.com<br>**Adam Finkel**<br>Florida Bar No.: 101505<br>afinkel@maselaw.com<br>MASE, MEBANE & BRIGGS<br>2601 S. Bayshore, Drive, Suite 800<br>Miami, Florida 33133<br>Telephone: (305) 377-3770<br>Facsimile: (305) 377-0800<br>*Attorneys for Defendant NCL (Bahamas) Ltd.* |