UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:18-cv-22922-KMM

GERALDINE BUENAVENTURA,
as personal representative of the
estate of BEN BUENAVENTURA

      Plaintiff,

v.

NCL (BAHAMAS) LTD., *et al.*,

      Defendants.
_____/

## ORDER ON MOTION TO REMAND AND MOTION TO STAY

THIS CAUSE came before the Court upon several motions. Plaintiff filed a Motion to Remand ("Mot. to Remand") (ECF No. 21) and Defendant NCL (BAHAMAS) Ltd. ("Defendant") filed a Motion to Compel Arbitration ("Mot. to Compel Arbitration") (ECF No. 41). The Parties filed their respective responses and replies. (ECF Nos. 35, 40, 49, 52, 57). Subsequently, Plaintiff filed a Motion to Stay Pending Resolution of the Petition for Review by the Republic of the Philippines Court of Appeals and Request for Hearing. (ECF No. 69).[1]

**I.    BACKGROUND**

This action arises out of the death of Ben Buenaventura, a Philippine citizen, who sustained injuries while employed onboard the *Norwegian Breakaway*. *See* Amended Complaint ("Am.

---

[1] In the Motion to Stay, Plaintiff requested a hearing on the issue. The Court does not find that a hearing is required at this stage to resolve the disputes. Accordingly, the request for a hearing is DENIED. Subsequently, Plaintiff filed a Motion to Vacate the Current Scheduling Order and Request for Hearing (ECF No. 74), wherein Plaintiff acknowledges that if this Court grants their Motion to Stay the case, the Motion to Vacate the Scheduling Order would be moot. *Id.* at 2. As addressed herein, Plaintiff's Motion to Stay (ECF No 69) is GRANTED and thus, the Motion to Vacate Scheduling Order (ECF No. 74) is DENIED AS MOOT.

Compl.") (ECF No. 31) ¶ 14. Ben Buenaventura was transported to a hospital in Miami where he died. Am. Compl. ¶ 15–17, 20.

The employment agreement between Ben Buenaventura and the Defendant is covered by a Collective Bargaining Agreement ("CBA") and POEA Standard Employment Contract ("POEA"). The POEA contains a provision requiring the arbitration of any claims arising out of his employment. Am. Compl. ¶ 26. On January 30, 2018, an Arbitration Board in the Philippines rendered a decision that dismissed Defendant's complaint finding that the panel did not have jurisdiction over the claims. Am. Compl. ¶ 35, Ex. 1. The Board found that it did not have jurisdiction to rule on the declaratory relief sought by Defendant but went further to state "the dispute does not fall within the contemplation of a labor dispute" because it "pertains to tortious conduct" and "purported gross negligence" that led to the death of Ben Buenaventura. The Board found that the issue "must be determined by full blown trial with the court having jurisdiction over such quasi–delict" because the "respective pleadings of the parties" alleges an "additional claim for payment by reason of the purported negligence." Am. Compl. Ex. 1 at 8.

Following the Arbitration Board's order, Plaintiff, the decedent's wife, filed the instant action in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida as personal representative of the Estate of Ben Buenaventura. *See* ("Notice of Removal") (ECF No. 1). Defendant removed the case to this Court arguing that the Court has subject matter jurisdiction pursuant to 9 U.S.C. § 205 and federal maritime law. *See id.* Plaintiff moved to remand the case arguing that a Philippine Arbitration Board already determined that "the Plaintiff's claims are beyond its scope which is limited to labor disputes only and the Plaintiff's claim requires a 'full blown trial.'" Mot. to Remand at 2. Further, Plaintiff argued that, except in diversity cases, maritime litigation brought in state courts should not be removed to the federal courts. *Id.* at 5.

Defendant moved to compel arbitration. (ECF No. 41). Plaintiff moved to stay the case pending a Petition for Review that was filed by Defendant before the Republic of Philippines Court of Appeals regarding the Philippines Arbitration Board's decision. (ECF No. 69).

## II.      DISCUSSION

Where jurisdiction is challenged on a motion to remand, the court first performs a "limited inquiry on the face of the pleadings and the removal notice to determine whether the suit 'relates to' an arbitration agreement falling under the Convention." *See Outokumpu Stainless USA, LLC v. Converteam SAS*, 902 F.3d 1316, 1320 (11th Cir. 2018) (citing *Bautista v. Star Cruises*, 396 F.3d 1289, 1294 n.7 (11th Cir. 2005)). The Court then considers the motion to compel arbitration, which requires the Court to "engage in a more rigorous analysis of the *Bautista* factors to determine whether the parties . . . entered into an agreement under the meaning of the Convention to arbitrate their dispute." *Id.*

### A.      Motion to Remand

Turning first to whether the case should be remanded, Defendant removed the case to Federal Court arguing that this Court has jurisdiction over this action pursuant to (1) the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("Convention") and its enabling legislation under 9 U.S.C. § 205; and (2) 28 U.S.C. § 1333(1), which grants exclusive jurisdiction over any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled. Notice of Removal at 2.

This Court does not have maritime jurisdiction pursuant to 28 U.S.C. § 1333(1) because "[e]ven though federal courts have original jurisdiction over maritime claims under 28 U.S.C. § 1333, they do not have removal jurisdiction over maritime cases which are brought in state court . . . [i]nstead, such lawsuits are exempt from removal by the 'saving-to-suitors' clause of the

3

jurisdictional statute governing admiralty claims and therefore may only be removed when original jurisdiction is based on another jurisdictional grant." *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 219 (5th Cir. 2013); *Vincent v. Regions Bank*, No. 8:08–cv–1756–T–23EAJ, 2008 WL 5235114, at *1 (M.D.Fla. Dec. 15, 2008) ("Under the 'saving to suitors' clause, a plaintiff 'with a common law claim arising from a transaction over which a federal court would have admiralty jurisdiction may either avail [himself] of federal admiralty jurisdiction or sue at law in state court.' [And t]he plaintiff's election to sue at common law in state court[, some courts have held,] 'forever prevents the federal district courts from obtaining admiralty jurisdiction.'").

Because this Court does not have removal jurisdiction pursuant to 28 U.S.C. § 1333, the Court must determine whether it has jurisdiction pursuant to 9 U.S.C. § 205. Section 205 reads, in relevant part:

> Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding . . . The procedure for removal of causes otherwise provided by law shall apply, except that the ground for removal provided in this section need not appear on the face of the complaint but may be shown in the petition for removal.

Pursuant to Section 205, this Court must decide whether Plaintiff's lawsuit, alleging only a state law negligence cause of action, "relates to" an international arbitration agreement with the Defendant, such that the Court has removal jurisdiction under 9 U.S.C. § 205. *Beiser v. Weyler*, 284 F.3d 665, 666 (5th Cir. 2002) (stating that a defendant may remove "plaintiff's state–filed lawsuit to federal court when the subject matter of the suit 'relates to' an arbitration agreement that 'fall[s] under' the Convention on the Recognition and Enforcement of Foreign Arbitral Awards"). This initial jurisdictional inquiry is distinct from a determination of whether the parties are bound to arbitrate. *Outokumpu*, 902 F.3d at 1324. "Thus, in determining jurisdiction the district court need not–and should not–examine whether the arbitration agreement binds the parties before it.

4

Rather, the 'relates to' inquiry requires the court to determine whether, on the face of the pleadings and the removal notice, there is a non–frivolous claim that the lawsuit relates to an arbitration agreement that 'falls under the Convention.'" *Id.*

This Court must engage in a two–part inquiry to determine jurisdiction, limiting its examination to the pleadings and the removal notice. *Id.* First, this Court should determine whether the notice of removal describes an arbitration agreement that may fall under the Convention. *Id.* To do so, the Court looks to the four corners of the arbitration agreement and asks whether the removing party has articulated a non–frivolous basis:

> (1) that there is an agreement in writing, that is, an arbitral clause in a contract or an arbitration agreement, signed by the parties or contained in an exchange of letters or telegrams; (2) that the agreement provides for arbitration in the territory of a signatory of the Convention; (3) that the agreement arises out of a legal relationship, whether contractual or not, which is considered commercial; and (4) that a party to the agreement is not an American citizen, or that the commercial relationship has some reasonable relation with one or more foreign states.

*Id.* Second, the court determines "whether there is a non–frivolous basis to conclude that agreement sufficiently 'relates to' the case before the court such that the agreement to arbitrate could conceivably affect the outcome of the case. *Id.*

Here, the Amended Complaint and Notice of Removal describe an arbitration agreement that may fall under the Convention. *Id.* The arbitration provision was in writing and signed by the parties. Am. Compl. ¶ 26. It provided for arbitration in the Philippines, a signatory of the Convention. *Id.* ¶ 26. The agreement arises out of a legal relationship between Ben Buenaventura and Defendant, who employed Ben Buenaventura on Norwegian Breakaway. *Id.* ¶ 26. Ben Buenaventura, the party to the agreement was not an American citizen but a citizen of the Philippines. *Id.* ¶ 2–3.

5

There is a non–frivolous basis to conclude that the agreement sufficiently 'relates to' the case before the court such that the agreement to arbitrate could conceivably affect the outcome of the case. The present lawsuit arises from the death of Ben Buenaventura, who died aboard the Norwegian Breakaway while taking part in a life boat drill. Notice of Removal at 1; Am. Compl. ¶¶ 15–17; 39–41. Because the lawsuit stems from a death that occurred during the term of employment, this sufficiently 'relates to' the agreement to arbitrate such that the agreement could conceivably affect the outcome of the case for purposes of removal jurisdiction. *Outokumpu*, 902 F.3d at 1325 ("And this lawsuit sufficiently 'relates to' the arbitration agreement . . . [a]s alleged in the pleadings, the present lawsuit against GE Energy concerns the performance of the Outokumpu–Fives Contracts, and the arbitration agreement contained in those Contracts is sufficiently related to the instant dispute such that it could conceivably affect the outcome of this case."). Accordingly, this lawsuit relates to the arbitration agreement and the Motion to Remand is DENIED.

### B.    Motion to Compel Arbitration and Motion to Stay

Having found that this Court can exercise jurisdiction, the next question is whether Plaintiff may be compelled to arbitrate its dispute with Defendant NCL (Bahamas) Ltd. Defendant argues that this Court should compel arbitration because "[t]he parties entered into a valid and mandatory foreign arbitration agreement covering the claims Plaintiff brings here." Mot. to Compel Arbitration at 5. Plaintiff argued that this matter has already been arbitrated and that to send the case to be arbitrated would be an exercise in futility. Response to Mot. to Compel Arbitration at 5. Plaintiff further argued that this Court should stay the case pending a decision by Republic of Philippines Court of Appeals on Defendant's Petition for Review of the Arbitration Board's decision. Mot. to Stay at 3.

While only a limited inquiry is necessary to determine whether to compel arbitration, this inquiry is necessarily more rigorous than on a motion to remand because the court must determine whether the parties before the court agreed to arbitrate their dispute.  *Outokumpu*, 902 F.3d at 1324.  A district court must compel arbitration "unless (1) the four jurisdictional prerequisites are not met; or (2) the Convention's affirmative defenses applies." *Bautista*, 396 F.3d at 1295.  The jurisdictional prerequisites require that (1) there is an agreement in writing within the meaning of the Convention; (2) the agreement provides for arbitration in the territory of a signatory of the Convention; (3) the agreement arises out of a legal relationship, whether contractual or not, which is considered commercial; and (4) a party to the agreement is not an American citizen, or that the commercial relationship has some reasonable relation with one or more foreign states. *Outokumpu*, 902 F.3d at 1325.  Article II of the Convention dictates that arbitration agreements must be enforced "unless the agreement is null and void, inoperative or incapable of being performed."  *Lindo v. NCL (Bahamas), Ltd.*, 652 F.3d 1257, 1272 (11th Cir. 2011).

Here, Plaintiff does not dispute that the jurisdictional prerequisites are met,[2] nor does she dispute that she is bound by the agreement to arbitrate contained in the Employment Agreement and the CBA.  Further, Plaintiff does not raise any affirmative defenses.

Instead, Plaintiff argued the case has already been arbitrated and Plaintiff is permitted to raise post–arbitration defenses.  Plaintiff contends that a Philippine Arbitration Board determined that "the Plaintiff's claims are beyond its scope which is limited to labor disputes only and the Plaintiff's claim requires a 'full blown trial.'" Response to Mot. to Compel Arbitration at 4–6.

---

[2] As stated above, the arbitration agreement was (1) in writing and signed by the parties; (2) provided for arbitration in the Philippines, a signatory of the Convention; (3) arose out of a legal relationship between Defendant, who employed Ben Buenaventura on Norwegian Breakaway; and (4) Ben Buenaventura, the party to the agreement was a citizen of the Philippines. Am. Compl. ¶¶ 2–3, 26.

7

Plaintiff argued that the arbitration proceeding that occurred gave the arbitrator an opportunity to apply U.S. law and, because the arbitrator failed to do, Plaintiff was denied his statutory rights and a post arbitration public policy defense can be raised. *Id.*

Defendant argues that Plaintiff is attempting to convince this Court that the Arbitration Board determined that it does not have jurisdiction when in fact the Board merely found that it did not have jurisdiction over the instant complaint for declaratory relief, which did not qualify as a labor dispute. Reply to Mot. to Compel Arbitration at 2. Defendant thus contends that Plaintiff is relying on an incorrect interpretation of the Arbitration Panel's order. However, after filing its Reply, Defendant filed a Petition for Review before the Republic of Philippines Court of Appeals arguing that the Republic of Philippines Court of Appeals should find that the arbitration panel "committed serious errors of fact" when it determined that it was without jurisdiction to rule on the facts at issue and the merits of the claim. Defendant argued that the Court of Appeals should determine the entitlements under the CBA and other claims arising from the death of Ben Buenaventura. ("Sur-Reply") (ECF No. 57–2). Plaintiff contends that this shows that Defendant admits that the Philippine Arbitration Board already decided that it would not hear the issues raised in Plaintiff's Complaint. *Id.*

Now, in the Motion to Stay, Plaintiff argues that this Court should stay this case pending a decision by the Petition for Review with the Republic of Philippines Court of Appeals. The Court finds that a Resolution of the Petition for Review pending before the Republic of Philippines Court of Appeals will determine whether the case can be compelled to arbitration in the Philippines as requested by Defendant or whether the Philippine Arbitration Board's decision that the case requires a trial is necessary. Thus, the Motion to Stay is GRANTED IN PART and DENIED IN PART. The case shall be stayed pending review by the Republic of Philippines Court of Appeals

as to whether the Arbitration Panel properly determined that it was without jurisdiction to rule on the facts at issue and merits of the claim.  The request for a hearing is DENIED.

### III.     CONCLUSION

UPON CONSIDERATION of the Motion to Remand, the Motion to Compel Arbitration, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the Motion to Remand (ECF No. 21) is DENIED and the Motion to Stay the Case Pending Resolution of Petition for Review by the Republic of the Philippines Court of Appeals is GRANTED IN PART and DENIED IN PART.  It is further ADJUDGED that the case is STAYED, and the Clerk of the Court is instructed to administratively CLOSE this case.  Plaintiff shall file a status report with this Court regarding the Petition for Review pending before the Republic of Philippines Court of Appeals within sixty (60) days of this Order and every thirty (30) days thereafter.  Any party may move to reopen this case at an appropriate time.

DONE AND ORDERED in Chambers at Miami, Florida, this  8th   day of February, 2019.

        K. MICHAEL MOORE
        UNITED STATES CHIEF DISTRICT JUDGE

c:     All counsel of record