UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:18-cv-22922-MOORE/SIMONTON

GERALDINE BUENAVENTURA,
as personal representative of the
estate of BEN BUENAVENTURA,

Plaintiff,

v.

NCL (BAHAMAS) LTD.,
D-I DAVIT INTERNATIONAL, INC.,
HATECKE SERVICE USA, LLC., and
D-I DAVIT INTERNATIONAL-HISCHE
GMBH,

Defendants.
_______________________________/

**PLAINTIFF'S *UNOPPOSED* RENEWED MOTION FOR REMAND**

COMES NOW, the Plaintiff, Geraldine Buenaventura, as personal representative of the Estate of Ben Buenaventura, by and through her undersigned counsel and hereby files her *Unopposed* Renewed Motion for Remand, and in support thereof states:

1. This matter arises from the wrongful death of NCL (Bahamas) Ltd.'s ("NCL") crewmember, decedent Ben Buenaventura who fell six stories into the water during a life boat drill when a securing wire in the lifeboat system snapped and/or broke. After 40 days in ICU, Ben Buenaventura succumbed to his injuries.

2. Plaintiff brought a wrongful death action in state court against Decedent's employer and shipowner NCL, D-1 Davit International, Inc. the davit manufacturer[1], and Hatecke Service

[1] Defendant D-1 Davit International, Inc. was voluntarily dismissed. [D.E. 92].

USA, LLC[2], the company that inspected, maintained and served the ship's davits.

3. On July 19, 2018, NCL removed this case to federal court pursuant to 9 U.S.C. §205 on the sole ground that Plaintiff is required to arbitrate this matter pursuant to the Decedent's employment contract. [D.E. 1] No other grounds for removal were raised by NCL or any other named Defendant.

4. The Plaintiff subsequently filed an Amended Complaint adding D-I Davit International-Hische Gmbh as a named Defendant. [D.E. 31].

5. On February 8, 2019, this matter was stayed and administratively closed pending resolution of the arbitration in the Philippines between the Plaintiff and NCL. [D.E. 78]

6. On January 7, 2020, December 24, 2019, the Plaintiff amicably resolved her claim with NCL. Plaintiff' claims against Defendant D-I Davit International-Hische Gmbh remains pending. [D.E. 88]

7. With the settlement of the claim between Plaintiff and NCL, this Court no longer has subject matter jurisdiction to hear this case as the grounds for removal, 9 U.S.C. § 205, no longer exist and are not applicable to the remaining Defendants.

**Memorandum of Law**

Since removal implicates significant federalism concerns, courts are obligated to construe removal jurisdiction strictly. *Lontz v. Tharp*, 413 F.3d 435, 440 (4th Cir. 2005). All doubts about the propriety of removal should be resolved in favor of retaining state court jurisdiction. *See Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th Cir. 1999); *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007).

[2] Defendant Hatecke Service USA, LLC was voluntarily dismissed. [D.E. 75].

Here, removal was based solely upon 9 U.S.C. § 205. The existence of the issue of enforcing an arbitration agreement is intrinsic to the federal court's subject matter jurisdiction. Given the granting of NCL's Motion to Compel Arbitration, the original grounds for removal are no longer applicable, accordingly the federal court no longer has subject matter jurisdiction. *See In re Loudermilch*, 158 F.3d 1143, 1146 (11th Cir. 1998) ("[A]bsent the federal question of [the Convention], no subject matter jurisdiction existed," and therefore "[r]ejection of [NCL's arbitration agreement] argument was merely a step towards the conclusion that the court lacked jurisdiction.").

In the present case, this matter should properly be remanded because the basis on which the matter was removed, 9 U.S.C. § 205, is no longer applicable, leaving this Court without jurisdiction. As there are no other proper grounds for removal, this matter should properly be remanded[3]. An identical Motion for Remand was granted in the companion case entitled *Carpio v. NCL (Bahamas) Ltd., et.al.*, case no. 18-22923-CIV-DPG on April 4, 2019. (Exhibit 1 - Order granting Plaintiff's Renewed Motion for Remand [D.E. 61]).

WHEREFORE, the Plaintiff, Geraldine Buenaventura, as personal representative of the Estate of Ben Buenaventura, respectfully moves this Court for entry of an Order remanding this matter back to 11th Circuit Court in and for Miami Dade County, Florida.

*Certification of Compliance with Local Rules 7.1*

Undersigned counsel hereby certifies that she has conferred with counsel for the Defendant in accordance with S.D. Fla. Local Rule 7.1 (A)(3) in a good faith effort to resolve the issues raised by this Motion prior to filing. Counsel for Defendant does not object to the relief requested.

Dated: January 17, 2020.

---

[3] Any further grounds for removal which may have possibly available are now time-barred.

Respectfully submitted,

LIPCON, MARGULIES,
ALSINA & WINKLEMAN, P.A.
*Attorneys for Plaintiff*
One Biscayne Tower, Suite 1776
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204

By: */s/ Carol L. Finklehoffe*
**CAROL L. FINKLEOFFE**
Florida Bar No. 0015903
cfinklehoffe@lipcon.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 17, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

By: */s/ Carol L. Finklehoffe*
**CAROL L. FINKLEOFFE**

**SERVICE LIST**
***Buenaventura v. NCL (Bahamas) Ltd. et. al.***
**case no.: 18-cv-22922-KMM**

| **Michael Winkleman, Esq.**<br>Florida Bar No.: 36719<br>mwinkleman@lipcon.com<br>**Carol L. Finklehoffe, Esq.**<br>Florida Bar No.: 0015903<br>cfinklehoffe@lipcon.com<br>LIPCON, MARGULIES,<br>ALSINA & WINKLEMAN, P.A.<br>One Biscayne Tower, Suite 1776<br>2 South Biscayne Boulevard<br>Miami, Florida 33131<br>Telephone No.: (305) 373-3016<br>Facsimile No.: (305) 373-6204 | **Curtis Mase, Esq.**<br>Florida Bar No.: 73928<br>cmase@maselaw.com<br>kfehr@maselaw.com<br>**Scott P. Mebane, Esq.**<br>Florida Bar No.: 273030<br>smebane@maselaw.com<br>ctoth@maselaw.com<br>receptionist@maselaw.com<br>MASE, MEBANE & BRIGGS<br>2601 S. Bayshore, Drive, Suite 800<br>Miami, Florida 33133<br>Telephone: (305) 377-3770 |
|---|---|

| *Attorneys for Plaintiff* | Facsimile: (305) 377-0800<br>*Attorneys for Defendant NCL (Bahamas) Ltd.* |
|---|---|
| **Anthony P. Strasius, Esq.**<br>Florida Bar No.: 988715<br>Anthony.strasius@wilsonelser.com<br>**Steven C. Jones, Esq**.<br>Florida Bar No.: 107516<br>Steven.jones@wilsonelser.com<br>Wilson, Elser, Moskowitz,<br>Edelman & Dicker, LLP<br>100 Southeast Second Street, Suite 3800<br>Miami, Florida 33131<br>Tel: (305) 374-4400<br>Fax: (305) 579-0261<br>*Attorneys for Defendant D-1 Davit International, Inc. and D-I Davit International-Hische Gmbh* | |