# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 1:18-cv-22922-KMM

GERALDINE BUENAVENTURA,

    Plaintiff,

v.

NCL (BAHAMAS) LTD., *et al.*,

    Defendants.

_____/

## ORDER ON MOTION FOR REMAND

THIS CAUSE came before the Court upon Plaintiff Geraldine Buenaventura's Unopposed Renewed Motion for Remand. ("Mot.") (ECF No. 93). Defendant D-I Davit International-Hische GMBH ("Davit DE") does not oppose the Motion.[1] Mot. at 3. The Motion is now ripe for review.

This action arises out of an incident aboard NCL (Bahamas) Ltd.'s ("NCL") cruise ship where Plaintiff's husband, a crewmember, fell six stories during a life boat drill and subsequently died from his injuries. *See generally* ("Am. Compl.") (ECF No. 31). On April 27, 2018, Plaintiff brought an action in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County. (ECF No. 1–1) at 3. On July 19, 2018, Defendant NCL removed the case to this Court pursuant to 9 U.S.C. § 205 because NCL sought to compel the matter to arbitration under the Convention of the Recognition and Enforcement of Foreign Arbitral Awards. ("Notice") (ECF No. 1) ¶ 1. On August 28, 2018, Plaintiff filed the Amended Complaint asserting claims against

---

[1] Although Davit DE does not oppose the Motion, "[t]his Court does not have the discretion to remand a properly removed action simply because both parties consent to remand." *Elliot v. Bonefish Grill, LLC*, Case No. 5:18-CV-46 (CAR), 2018 WL 1083472, at *1 (M.D. Ga. Feb. 28, 2018); *see also Eagerton v. Valuations, Inc.,* 698 F.2d 1115, 1118 (11th Cir. 1983) ("[S]ubject matter jurisdiction cannot be waived or conferred on a court by consent of the parties.").

NCL, D-I Davit International, Inc., Hatecke Service USA, LLC, and D-I Davit International-Hische GMBH ("Davit DE"). *See generally* Am. Compl. Thereafter, on February 8, 2019, the Court stayed the case pending resolution of a Petition for Review before the Republic of the Philippines Court of Appeals regarding Plaintiff's arbitration in the Philippines with NCL. (ECF No. 78).

On January 14, 2020, the Court reopened the case upon Plaintiff's motion because the arbitration in the Philippines was closed. (ECF No. 89). Thereafter, the Court dismissed Plaintiff's claims against NCL upon Plaintiff's indication that she had resolved the claims against NCL. (ECF Nos. 85, 98). In addition, Plaintiff voluntarily dismissed the claims against Defendants Hatecke Service USA, LLC and D-I Davit International, Inc. *See* (ECF Nos. 75, 76, 96, 97). Accordingly, the only remaining claims are the four claims brought against Davit DE: (1) Death on the High Seas Act ("DOHSA") pursuant to 46 U.S.C. § 30301 *et seq.*; (2) wrongful death pursuant to general maritime law; (3) strict products liability; and (4) breach of implied warranty of fitness for merchantability and fitness for a particular purpose. *See* Am. Compl. at 16–19, 22–28. Now, Plaintiff moves the Court to remand this action to the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County because the basis for removal NCL stated in the Notice (*i.e.*, NCL seeking to compel the matter to arbitration under the Convention of the Recognition and Enforcement of Foreign Arbitral Awards) is no longer applicable. *See* Mot. at 3.

Federal courts are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Thus,

if at any time after removal and before final judgment, it appears that the district court lacks subject matter jurisdiction, the court must remand the case.  28 U.S.C. § 1447.

"The doctrine of supplemental jurisdiction . . . permits 'federal courts to decide certain state-law claims involved in cases raising federal questions' when doing so would promote judicial economy and procedural convenience.  *Ameritox, Ltd. v. Millennium Labs., Inc.*, 803 F.3d 518, 530 (11th Cir. 2015) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 348–49 (1988)). The doctrine, codified at 28 U.S.C. § 1367, "grants federal courts the power to exercise jurisdiction over claims 'that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.'"  *Id.* at 531 (quoting 28 U.S.C. § 1367(a)).

Although § 1367 "mandates that district courts—at least initially—exercise jurisdiction over those supplemental claims that satisfy the case or controversy requirement[,]" district courts "may decline to exercise supplemental jurisdiction over a claim . . . if . . . (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."  *Id.*; 28 U.S.C. § 1367(c).  "Once any of these factors is satisfied, the district court possesses the discretion to dismiss supplemental claims and must 'weigh . . . at every stage of the litigation' whether to dismiss the supplement claims" by considering "judicial economy, convenience, fairness, and comity."  *Ameritox*, 803 F.3d at 532 (quoting *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)); *see also Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 743 (11th Cir. 2006) ("Any one of the section 1367(c) factors is sufficient to give the district court discretion to dismiss a case's supplemental state law claims.").

"Any and 'all doubts about jurisdiction should be resolved in favor of remand to state court.'" *J.P. v. Connell*, 93 F. Supp. 3d 1298, 1301 (quoting *Univ. of S. Ala.*, 168 F.3d at 411).

Here, the Court has dismissed all claims over which it had original jurisdiction. NCL removed this matter from state court on the basis that the Court had original jurisdiction over the claims against NCL pursuant to 9 U.S.C. § 205, but those claims were subsequently dismissed. *See* (ECF Nos. 1, 98). Further, the Court does not have original jurisdiction over any of Plaintiff's remaining claims. As to Plaintiff's Death on the High Seas Act and wrongful death pursuant to general maritime law claims, the Court does not have original federal jurisdiction because Plaintiff elected to initially file those claims in state court, which "forever prevents the federal district courts from obtaining admiralty jurisdiction." *Vincent v. Regions Bank*, Case No. 8:08-cv-1756-T-23EAJ, 2008 WL 5235114, at *1 (M.D. Fla. Dec. 15, 2008) (quoting *J. Aron & Co. v. Chown*, 894 F. Supp. 697, 699 (S.D.N.Y. 1995)) ("The plaintiff's election to sue at common law in state court 'forever prevents the federal district courts from obtaining admiralty jurisdiction.'"); *Pierce v. Parker Towing Co.*, 25 F. Supp. 3d 1372, 1377 (S.D. Ala. 2014). As to Plaintiff's claims for strict products liability and breach of implied warranty of fitness for merchantability and fitness for a particular purpose, these claims are state law claims over which the Court does not have original jurisdiction. *See Waitz v. Yoon*, Case No. 1:14-CV-2875-MHC, 2015 WL 11511577, at *1 (N.D. Ga. June 30, 2015) (stating that strict products liability and breach of express and implied warranties are state law claims); *see also* 28 U.S.C. §§ 1331, 1332, 1441(a). Therefore, the Court has dismissed all claims over which it had original jurisdiction.

The Court has discretion whether to retain supplemental jurisdiction over the remaining claims. *See Ameritox*, 803 F.3d at 532. To determine whether to retain jurisdiction over the remaining claims, the Court must consider "judicial economy, convenience, fairness, and comity."

4

*Id.* (quoting *City of Chi.*, 522 U.S. at 173). This case is still in its infancy because, despite being filed nearly two years ago, the case was stayed from February 8, 2019 to January 14, 2020. *See* (ECF Nos. 78, 89). Further, while the Court has issued Orders on Defendant NCL's Motion to Stay and Plaintiff's Motion to Remand, the Court has not otherwise expended significant judicial resources in this case. *See* (ECF No. 78). And, although the parties have begun conducting discovery, the Court has not issued any dispositive decisions regarding the claims in the Amended Complaint. Therefore, remand at this stage would not require the state court to duplicate this Court's efforts. *See Lake Cty. v. NRG/Recovery Grp., Inc.*, 144 F. Supp. 2d 1316, 1321 (M.D. Fla. 2001). Moreover, "[b]oth comity and economy are served when issues of state law are resolved by state courts." *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1288 (11th Cir. 2002). Therefore, the Court declines to exercise supplemental jurisdiction over the remaining claims and finds that remand is appropriate. *See Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1088–89 (11th Cir. 2004) ("The decision to exercise supplemental jurisdiction over pendant state claims rests within the discretion of the district court. We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial."); *see also Carnegie-Mellon Univ.*, 484 U.S. at 351 (1988) ("When the single federal law claim in the action [is] eliminated at an early stage of litigation, the district court [has] a powerful reason to choose not to continue to exercise jurisdiction.").

Accordingly, UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Plaintiff's Unopposed Renewed Motion for Remand (ECF No. 93) is GRANTED. This action is REMANDED in its entirety to the Circuit Court of the Eleventh

Judicial Circuit in and for Miami-Dade County. The Clerk of the Court is instructed to CLOSE this case. All pending motions, if any, are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this  20th  day of February, 2020.

*[signature: K. M. Moore]*

K. MICHAEL MOORE
UNITED STATES CHIEF DISTRICT JUDGE

c: All counsel of record