UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-22922-KMM

GERALDINE BUENAVENTURA
as personal representative of the estate
of BEN BUENAVENTURA,

    Plaintiff,

-vs-

NCL (BAHAMAS) LTD.,
D-I DAVIT INTERNATIONAL, INC.,
HATECKE SERVICE USA, LLC, and
D-I DAVIT INTERNATIONAL-
HISCHE, GMBH.

    Defendants.
_____/

**D-I DAVIT INTERNATIONAL, INC.'S UNOPPOSED MOTION TO SEAL AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to Local Rule 5.4 of the United States District Court for the Southern District of Florida, D-I DAVIT INTERNATIONAL, INC. ("Davit US") respectfully requests that this Court enter an Order sealing exhibits to its prior Motions to Dismiss, filed August 17, 2018 and September 11, 2018 (Dkt. Nos. 20-4 and 42-2), which contain confidential information, and in support thereof states the following:

**MEMORANDUM OF LAW**

"Unless otherwise provided by law, Court rule, or Court order, proceedings in the United States District Court are public and Court filings are matters of public record." S.D. Fla. L.R. 5.4(a). And, as a general matter, the press and the public jointly have a common-law right "to inspect and copy judicial records." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978). However, the presumption of open access may be overcome by a showing of good cause.

1

*Romero v. Drummond Co*., 480 F.3d 1234, 1245 (11th Cir. 2007 A motion to seal must set forth "the factual and legal basis for departing from the policy that Court filings are public[.]" S.D. Fla. L.R. 5.4(b)(1). The motion must "describe[] the information or documents to be sealed (the 'proposed sealed material') with as much particularity as possible, but without attaching or revealing the content of the proposed sealed material." *Id.*

Here, good cause exists under Fed. R. Civ. P. 5.2. Fed. R. Civ. P. 5.2 provides for redacting filings to omit financial account information and tax identification information. In making its Motion to Dismiss, Davit US submitted the Declaration of Joachim Wiese, supported by tax records of Davit US (Dkt. Nos. 20-4, 42-2), in order to demonstrate that Davit US had no active operations, was not within the subject product's chain of distribution, and was not the proper party to this litigation. (*See* Dkt. No. 42, p. 12). However, this filing did not redact necessary tax identification information from the exhibit.

Subsequently, this action was remanded to the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County. (Dkt. 99). Additionally, a related action, *Jelen Carpio v. NCL (Bahamas) Ltd., et al.*, was also remanded to the Eleventh Judicial Circuit, and has been proceeding through motion and appellate practice under Case No. 18-013783-CA-01 (11th Cir. Ct., Miami-Dade). Recently, in briefing an appeal in this state court action, the Wiese Exhibit was used in support of argument by D-I DAVIT INTERNATIONAL-HISCHE GMBH, and the redaction error discovered. Accordingly, and with apologies to the Court for the error and administrative inconvenience given this is a terminated matter, Davit US hereby respectfully requests that the Court enter an Order sealing Docket Entry Number 20-4 and Number 42-2 permanently. In the alternative, if the Court is not willing to seal the Exhibits permanently, Davit

2

US requests pursuant to Local Rule 7.1(a)(1)(I) that it be permitted to file substitute Exhibits with redactions.

## CERTIFICATION OF COMPLIANCE

Pursuant to Local Rule 7.1(a)(3), undersigned counsel for Davit US certifies that attorneys for Davit US have conferred with Counsel for Plaintiff GERALDINE BUENAVENTURA. The other defendants, NCL (BAHAMAS) LTD. and HATECKE SERVICE USA, LLC, have been dismissed from the action, and are not parties thereto. D-I DAVIT INTERNATIONAL-HISCHE GMBH has not appeared in this action. Plaintiff consents to the relief requested herein. A proposed Order is annexed hereto for the Court's consideration.

## CONCLUSION

WHEREFORE, Davit US respectfully requests that the Court enter an Order sealing the documents indexed at Docket Entry Number 20-4 and Docket Entry Number 42-2 permanently.

Dated: April 28, 2020

Respectfully submitted,

*/s/ Anthony P. Strasius*
Anthony P. Strasius Florida Bar No. 988715
anthony.strasius@wilsonelser.com
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
100 Southeast Second Street – Suite 2100
Miami, Florida 33131-2144
Tel. (205) 374-4400
Fax (305) 579-0261
*Attorneys for D-I Davit International, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 28, 2020 I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants:

Carol Finklehoffe, Esq.
Michael Winkleman, Esq.
Jason R. Margulies, Esq.
Adria G. Notari, Esq.
LIPCON, MARGULIES, ALSINA & WINKLEMAN, P.A.
One Biscayne Tower
2 South Biscayne Blvd., Suite 1776
Miami, FL 33131
Tel. (305) 373-3016
Fax (305) 373-6204
cfinklehoffe@lipcon.com
mwinkleman@lipcon.com
jmargulies@lipcon.com
anotari@lipcon.com
*Attorneys for Plaintiff*
*Geraldine Buenaventura*

Curtis J. Mase, Esq.
Adam Finkel, Esq.
MASE, MEBANE & BRIGGS, P.A.
2601 S. Bayshore Drive, Suite 800
Miami, FL 33133
cmase@maselaw.com
afinkel@maselaw.com
*Attorneys for Defendant*
*NCL (Bahamas) Ltd.*

Jerry D. Hamilton, Esq.
Robert M. Oldershaw, Esq.
Elisha M. Sullivan, Esq.
HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200
Miami, FL 33131
Tel. (305) 379-3686
Fax (305) 379-3690
jhamilton@hamiltonmillerlaw.com
roldershaw@hamiltonmillerlaw.com
esullivan@hamiltonmillerlaw.com
*Attorneys for Defendant*
*Hatecke Service USA, LLC*

                */s/ Anthony P. Strasius*
                ANTHONY P. STRASIUS